UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**Case No. 6:07-cv-734-ORL-28-JGG**

AUTHENTEC, INC.,

    Plaintiff,

vs.

ATMEL CORPORATION,
ATMEL SWITZERLAND,
ATMEL FRANCE, ATMEL SARL,

    Defendants.

_____/

**DEFENDANT, AUTHENTEC, INC.'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, AND DEMAND FOR JURY TRIAL**

For its First Amended Complaint against Defendants Atmel Corporation, Atmel Switzerland, Atmel France, and Atmel SARL (collectively, the "Atmel Defendants"), Plaintiff AuthenTec, Inc. ("AuthenTec") alleges as follows:

**NATURE OF THE CASE, JURISDICTION, AND VENUE**

1. This is a case for a declaratory judgment of non-infringement, invalidity, and unenforceability of two U.S. Patents allegedly owned by one or more of the Atmel Defendants, as well as state law causes of action.

2. This Court has subject matter jurisdiction over the claims in this case pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 2201-2202.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

## THE PARTIES

4. Plaintiff AuthenTec is a Delaware corporation with a principal place of business in Melbourne, Florida.

5. On information and belief, Defendant Atmel Corporation is a Delaware corporation with a principal place of business in San Jose, California. On information and belief, Atmel Corporation regularly conducts and transacts business in this District. Further, as detailed in paragraphs 9-12 below, Atmel Corporation has directed actions towards AuthenTec, resident in this District, which have created the present case and controversy between the parties.

6. On information and belief, Defendant Atmel Switzerland is a Swiss corporation with a principal place of business in Switzerland. On information and belief, Atmel Corporation regularly conducts and transacts business in this District. Further, as detailed in paragraphs 9-12 below, Atmel Switzerland has directed actions towards AuthenTec, resident in this District, which have created the present case and controversy between the parties.

7. On information and belief, Defendant Atmel France is a French corporation with a principal place of business in France. On information and belief, Atmel France regularly conducts and transacts business in this District. Further, as detailed in paragraphs 9-12 below, Atmel France has directed actions towards AuthenTec, resident in this District, which have created the present case and controversy between the parties.

8. On information and belief, Defendant Atmel SARL is a French corporation with a principal place of business in France. On information and belief, Atmel SARL regularly conducts and transacts business in this District. Further, as detailed in paragraphs 9-12 below, Atmel SARL has directed actions towards

AuthenTec, resident in this District, which have created the present case and controversy between the parties.

## FACTS ESTABLISHING CASE OR CONTROVERSY

9. On March 22, 2006, Atmel Corporation filed a patent infringement lawsuit against AuthenTec in the Northern District of California captioned *Atmel Corp. v. AuthenTec, Inc.*, Case No. C 06-02138 CW (the "California Litigation"), alleging that AuthenTec infringes U.S. Patent No. 6,289,114 (the "'114 patent"). A copy of the original complaint in the California Litigation, which includes a copy of the '114 patent, is attached hereto as Exhibit A.

10. On November 1, 2006, all of the Atmel Defendants joined in filing a First Amended Complaint in the California Litigation. In addition to alleging infringement of the '114 patent, the First Amended Complaint alleges infringement of U.S. Patent No. 6,459,804 (the "'804 patent"). A copy of the First Amended Complaint, which includes a copy of the '804 patent, is attached hereto as Exhibit B.

11. AuthenTec denies that it infringes either the '114 patent or the '804 patent.

12. As a result of the Atmel Defendants' allegations of infringement, and AuthenTec's denial of infringement, a justiciable case or controversy exists between the parties regarding their respective rights in relation to the '114 patent and '804 patents.

## COUNT 1

### (Declaration of Non-Infringement of the '114 Patent)

13. AuthenTec realleges Paragraphs 1 through 13 as if set forth herein.

14. No current or former AuthenTec product infringes any valid claim of the '114 Patent, and on that basis, AuthenTec requests declaratory judgment that it does not and has not infringed the '114 Patent.

## COUNT 2

**(Declaration of Invalidity of the '114 Patent)**

15.     AuthenTec realleges Paragraphs 1 through 15 as if set forth herein.

16.     On information and belief, the '114 Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116 and/or other statutory requirements, and on that basis, AuthenTec requests declaratory judgment that the '114 Patent is invalid.

## COUNT 3

**(Declaration of Non-Infringement of the '804 Patent)**

17.     AuthenTec realleges Paragraphs 1 through 17 as if set forth herein.

18.     No current or former AuthenTec product infringes any valid claim of the '804 Patent, and on that basis, AuthenTec requests declaratory judgment that it does not and has not infringed the '804 Patent.

## COUNT 4

**(Declaration of Invalidity of the '804 Patent)**

19.     AuthenTec realleges Paragraphs 1 through 19 as if set forth herein.

20.     On information and belief, the '804 Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116 and/or other statutory requirements, and on that basis, AuthenTec requests declaratory judgment that the '804 Patent is invalid.

## COUNT 5

**(Declaration of Unenforceability of the '804 Patent)**

21.     AuthenTec realleges Paragraphs 1 through 20 as if set forth herein.

22. Based upon statements, misstatements, and omissions made during the course of the prosecution of the '804 patent, including statements constituting fraud on the patent office, or in the alternative, statements disclaiming the ability to enforce the '804 patent under circumstances that AuthenTec is informed and believe exist, or have existed in the past, the '804 patent is unenforceable, and on that basis, AuthenTec requests declaratory judgment that the '804 patent is unenforceable.

## COUNT 6

**(Interference by Atmel with AuthenTec Business Relationships)**

23. AuthenTec realleges Paragraphs 1 through 22 as if set forth herein.

24. Before March of 2007, AuthenTec had an ongoing and valid business relationship with various customers. This relationship existed for several months.

25. Upon information and belief, one or more of the Atmel Defendants was aware of this ongoing business relationship between AuthenTec and its customers.

26. Without justification or cause, one or more of the Atmel Defendants interfered with AuthenTec's existing business relationship.

27. The interference described herein by one or more of the Atmel Defendants has caused substantial damage to AuthenTec, for which it seeks recovery herein.

## COUNT 7

**(Abuse of Process)**

28. AuthenTec realleges Paragraphs 1 through 26 above as if set forth herein.

29. The Atmel Defendants instituted the California litigation described in Paragraph 9 above and attached hereto as Exhibit "A". Process has issued in connection with the California litigation.

30. One or more of the Atmel Defendants has referred to, cited, and/or raised

the California litigation of alleged infringement by AuthenTec in discussions with customers of AuthenTec in order to attempt to gain an unfair business advantage in sales with those customers.

31.   These acts by one or more of the Atmel Defendants is an unlawful attempt to use the California litigation for an immediate purpose other than that for which it was designed.

32.   AuthenTec has been damaged by the actions of one or more of the Atmel Defendants as described in this Count, for which it seeks damages.

## PRAYER FOR RELIEF

WHEREFORE, AuthenTec respectfully prays for the following relief:

A.   That this Court declare that AuthenTec does not and has not infringed any valid claim of the '114 patent;

B.   That this Court declare the '114 patent invalid;

C.   That this Court declare that AuthenTec does not and has not infringed any valid claim of the '804 patent;

D.   That this Court declare the '804 patent invalid;

E.   That this Court declare the '804 patent unenforceable;

F.   That this Court declare the case to be exceptional pursuant to 35 U.S.C. § 285 and that costs of this action and attorneys' fees be awarded to AuthenTec;

G.   That this Court find that Atmel has tortiously interfered with AuthenTec's existing business relationship to its detriment;

H.   That this Court find that Atmel has abused civil process by using the California litigation for improper purposes; and

I.  That this Court grant such other and further relief to AuthenTec as this Court may deem just and equitable and as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff AuthenTec hereby demands trial by jury in this action.

DATED:  May 2, 2007

    Respectfully submitted,

    s/ Francis M. McDonald Jr.
    **FRANCIS M. McDONALD JR., ESQ.**
    Florida Bar No. 327093
    **SARAH A. LONG, ESQ.**
    Florida Bar No. 0080543
    **CARLTON FIELDS, P.A.**
    450 S. Orange Avenue, Suite 500
    Orlando, Florida 32801
    Phone:   (407) 849-0300
    Fax:       (407) 648-9099
    fmcdonald@carltonfields.com
    slong@carltonfields.com

    and

    **HENRY C. BUNSOW**
    (SBN 60707)
    **DENISE M. DEMORY**
    (SBN 168076)
    **BRIAN A.E. SMITH**
    (SBN 188147)
    **HOWREY LLP**
    525 Market Street, Suite 3600
    San Francisco, California  94105
    Phone:  (415) 848-4900
    Fax:      (415) 848-4999
    bunsowh@howrey.com
    demoryd@howrey.com
    smithbrian@howrey.com
    Attorneys for Plaintiff
    AUTHENTEC, INC.

Case 6:07-cv-00334-JA-WAM Document 42  Filed 05/02/2007  Page 7 of 7