1  Edward G. Poplawski (SBN 113590)
   epoplawski@sidley.com
2  Denise L. McKenzie (SBN 193313)
   dmckenzie@sidley.com
3  Olivia M. Kim (SBN 228382)
   okim@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
5  Los Angeles, California  90013-1010
   Telephone:      (213) 896-6000
6  Facsimile:      (213) 896-6600

7  **Attorneys For Defendants/Counterclaimants**
   Atmel Corporation; Atmel Switzerland;
8  Atmel France; and Atmel SARL

9                UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

| | |
|---|---|
| 12  AUTHENTEC, INC., a Delaware corporation, | Case No.  C 07-03331 CW |
| 13                          Plaintiff, | **DEFENDANTS' [AMENDED] NOTICE OF MOTION AND MOTION TO DISMISS AUTHENTEC'S CLAIMS (COUNTS 5-7) PURSUANT TO RULE 12(b)(6)** |
| 14  v. | |
| 15 | |
| 16  ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation, | **[Change of Hearing Date]** |
| 17 | |
| 18 | Hearing Date: August 16, 2007 |
| 19                          Defendants. | Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor (Oakland)<br>Judge: Hon. Claudia Wilken |
| 20  ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation, | |
| 21 | |
| 22 | |
| 23                          Counterclaimants, | |
| 24  v. | |
| 25  AUTHENTEC, INC., a Delaware corporation, | |
| 26                          Counterclaim-Defendants. | |
| 27 | |

28  DEFENDANTS' MOTION
    TO DISMISS
    C 07-03331 CW

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION AND RELIEF REQUESTED...............................................................1

I. INTRODUCTION ..................................................................................................... 2

II. PROCEDURAL AND FACTUAL BACKGROUND............................................... 3

    A. AuthenTec Did Not Bring Any Claims For Unenforceability Or Tort In The First Action. .......................................................................................................... 3

    B. AuthenTec's Declaratory Judgment Complaint Filed In The Middle District Of Florida........................................................................................................... 4

III. ARGUMENT ............................................................................................................ 5

    A. AuthenTec's Unenforceability Claim Should Be Dismissed........................... 5

        1. AuthenTec Is Barred From Bringing The Unenforceability Claim Because It Failed To Bring It As A Counterclaim In The First Action. ........... 6

            a. AuthenTec's Unenforceability Claim Is A Compulsory Counterclaim Within The Meaning Of Rule 13(a). ............................ 6

            b. AuthenTec Waived The Unenforceability Claim And Is Barred By Res Judicata From Bringing Such Claim. ...................................... 7

        2. AuthenTec's Unenforceability Claim Should Be Dismissed Because AuthenTec Failed To Plead It With Particularity. ............................................ 8

    B. AuthenTec's Tort Claims Should Be Dismissed. ........................................... 9

        1. AuthenTec Is Barred From Bringing The Tort Claims Because It Failed To Bring Them As Counterclaims In The First Action. ....................... 9

            a. AuthenTec's Tort Claims Are Compulsory Counterclaims Within The Meaning Of Rule 13(a)......................................................... 9

            b. AuthenTec Waived The Tort Claims And Is Barred By Res Judicata From Bringing Such Claims Against Atmel By Failing To Plead Them As Compulsory Counterclaims In The First Action...................................................................................................... 11

        2. AuthenTec's Tort Claims Are Barred By California Litigation Privilege. ...................................................................................................... 12

3.    AuthenTec's Tort Claims Fail Recite Sufficient Factual Allegations To Raise A Right To Relief Above A Speculative Level. .................................... 14

IV.    CONCLUSION......................................................................................................... 15

DEFENDANTS' MOTION
TO DISMISS
C 07-03331 CW

LA1 952159v.1

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) ................................................................ 3, 9, 14, 15

*Central Admixtrue Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347 (Fed. Cir. 2007) .......................................................................................................... 8

*Conley v. Gibson*, 355 U.S. 41 (1957) .................................................................................. 14

*Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241 (9th Cir. 1967) ..................... 7, 11, 12

*Edwards v. Centex*, 53 Cal. App. 4th 15 (1997) ................................................................... 13

*Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC*, 350 F.3d 1327 (Fed. Cir. 2003) ....... 8

*Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246 (9th Cir. 1987).................................... 6, 10, 11

*Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C.*, No. C-06-4639 JCS, 2007 U.S. Dist. LEXIS 37665 (N.D. Cal. May 10, 2007) ............................................................ 8

*Rothman v. Jackson*, 57 Cal. Rptr. 2d 284 (Cal. Ct. App. 1996)........................................... 14

*Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006) ....................................................................... 10

*Settimo Assoc. v. Environ Systems, Inc.*, 17 Cal. Rptr. 2d 757 (Cal. Ct. App. 1993) ............... 10

*Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) ...................... 12, 13

*Silberg v. Anderson*, 50 Cal. 3d 205 (1990)........................................................................ 12

*Whitty v. First Nationwide Mortgage Corp.*, No. 05-CV-1021, 2007 U.S. Dist. LEXIS 12988 (S.D. Cal. Feb. 26, 2007)............................................................................................... 7

## Statutes

Cal. Civ. Code § 47(b) (2007)........................................................................................ 12

## Rules

Fed. R. Civ. P. 8(a) ..................................................................................................... 2, 9, 14

Fed. R. Civ. P. 9(b) ..................................................................................................... 5, 8

DEFENDANTS' MOTION
TO DISMISS
C 07-03331 CW

iii

FED. R. CIV. P. 12(b)(6) ................................................................................................................ 7

FED. R. CIV. P. 13(a) ................................................................................... 6, 7, 9, 10, 11, 12

**DEFENDANTS' MOTION
TO DISMISS
C 07-03331 CW**

iv

LA1 952159v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND RELIEF REQUESTED

PLEASE TAKE NOTICE THAT Defendants and Counterclaimants Atmel Corporation, Atmel Switzerland SARL, Atmel France S.A.S., and Atmel SARL (collectively "Atmel") respectfully move to dismiss with prejudice AuthenTec, Inc.'s ("AuthenTec") unenforceability and tort claims (Counts 5-7) asserted in its First Amended Complaint (Dkt. No. 1-3). The hearing is set for August 16, 2007 at 2:00 p.m. before the Honorable Judge Claudia Wilken, Courtroom 2, 4th Floor, in the United States District for the Northern District of California, 1301 Clay Street, Oakland, California, or as soon thereafter as the parties may be heard.

This motion is based on this Notice of Motion and Motion; other pleadings and papers filed in this action and the related action; the argument or evidence presented at any hearing on this matter; and such other further matters as this Court deems just and proper.

**DEFENDANTS' MOTION
TO DISMISS
C 07-03331 CW**

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Through its First Amended Complaint originally filed in Florida on May 2, 2007, AuthenTec improperly attempted to bring three claims – (1) Declaration of Unenforceability of the '804 Patent (Count 5); (2) Interference by Atmel with AuthenTec Business Relationship (Count 6); and (3) Abuse of Process (Count 7) – which should be dismissed for a number of different reasons.

AuthenTec's claim for declaratory relief that the '804 patent is unenforceable should be dismissed for two reasons.  First, this claim should have been brought as a compulsory counterclaim in a related action pending before this Court involving the same parties, patents and claims (*Atmel Corp. et al. v. AuthenTec, Inc.*, Case No. 06-02138) ("the First Action").[1]    The First Action commenced in March 2006 and the deadline for adding parties or claims in that action was on November 1, 2006.  By failing to plead its compulsory counterclaim in the First Action, AuthenTec waived the claim and is now precluded by res judicata from bringing it against Atmel.  AuthenTec's blatant attempt to bring an improper compulsory counterclaim more than a year after the commencement of the First Action should not be tolerated.  Second, this claim – which is in essence a claim for fraud on the patent office – is not plead with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

AuthenTec's two tort claims – Interference by Atmel with Authentec Business Relationships and Abuse of Process – should be dismissed for three different reasons.  First, the tort claims are also compulsory counterclaims that should have been brought in the First Action and thus AuthenTec is now precluded from bringing such claims.  Second, California's litigation privilege applies as an absolute bar to AuthenTec's tort claims.  Finally, these claims fail to meet the requirement of FED. R. CIV. P. 8(a), as recently confirmed by the Supreme Court in *Bell Atlantic v. Twombly*, 127 S. Ct.

---

[1] Apart from these three claims at issue, AuthenTec's declaratory relief claims are similar to the counterclaims it has asserted in the First Action.  Atmel currently is considering pursuing consolidation of both actions.

1955 (2007) that to state a claim for relief a complaint must recite sufficient factual allegations to raise a right to relief above the speculative level.

Accordingly, Counts 5 through 7 of the First Amended Complaint – the unenforceability claim, the interference claim, and abuse of process claim – should all be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

### A.    AuthenTec Did Not Bring Any Claims For Unenforceability Or Tort In The First Action.

On March 22, 2006, Atmel Corporation filed a complaint alleging, *inter alia*, that AuthenTec's products infringe U.S. Patent No. 6,289,114 ("the '114 patent") and sought compensatory and exemplary damages, injunctive relief, and other appropriate relief.  (First Action Dkt. No. 1.)  On April 13, 2006, AuthenTec answered and filed two counterclaims for declaratory relief that the asserted patent was neither infringed nor valid. (First Action Dkt. No. 12 at 6-8.) Those counterclaims did not include the three claims at issue in the present motion, nor did it include an affirmative defense for inequitable conduct.  At the case management conference on September 8, 2006, the Court set a deadline of November 1, 2006 to add additional parties or claims.  (First Action Dkt. No. 21, Case Management Order.)   AuthenTec did not file any amended pleadings to add parties or claims.

On November 1, 2006, Atmel Corporation filed a first amended complaint adding U.S. Patent No. 6,459,804 ("the '804 patent") and other members of its corporate family as plaintiffs. (First Action Dkt. No. 24.)  On November 20, 2006, almost seven months after its initial answer and counterclaims, AuthenTec answered the first amended complaint, and in its counterclaims it included two claims of declaratory relief that both patents were neither infringed nor valid.  (First Action Dkt. No. 25 at 7-9.)  Again, AuthenTec did not plead the three claims at issue in this motion. Similarly, Authentec did not include an affirmative defense that the patent was unenforceable due to inequitable conduct.

**DEFENDANTS' MOTION TO DISMISS C 07-03331 CW**

3

**B.    AuthenTec's Declaratory Judgment Complaint Filed In The Middle District Of Florida.**

On April 30, 2007, AuthenTec filed in the Middle District of Florida a complaint for declaratory judgment against Atmel alleging four counts that claimed that the '114 patent was neither infringed nor valid, and that the '804 patent was neither infringed nor valid.[2]  (Dkt. No. 1-2.) Thus, although they were numbered differently, AuthenTec's first four affirmative claims in the Florida Action mirrored its counterclaims in the First Action.  On May 2, 2007, AuthenTec filed a First Amended Complaint, that reasserted the four claims for declaratory relief and added three claims: (1) Declaration of the Unenforceability of the '804 Patent (the "Unenforceability Claim") (Count 5); (2) Interference by Atmel with Authentec's Business Relationships (the "Interference Claim") (Count 6); and (3) Abuse of Process (Count 7).  (Dkt. No. 1-3 at 4-6.)

For the Unenforceability Claim, AuthenTec asserted the following:

> Based upon statements, misstatements, and omissions made during the course of the prosecution of the '804 patent, including statements constituting fraud on the patent office, or in the alternative, statements disclaiming the ability to enforce the '804 patent under circumstances that AuthenTec is informed and believe exist, or have existed in the past, the '804 patent is unenforceable, and on that basis, AuthenTec requests declaratory judgment that the '804 patent is unenforceable.

(*Id.* at 5.)  The claim is two paragraphs long, and has one operative sentence, which is quoted above. It does not provide any information about what statements are at issue, who made them, when they were made, or what the alleged fraud was on the patent office.

For the Interference Claim, AuthenTec included no meaningful detail.  This claim is six sentences long, and reads mostly like a mere recitation of the essential elements of the tort.  In the heart of the claim, AuthenTec appears to focus on alleged communication by Atmel about the First Action.  AuthenTec alleged that, before March 2007, it had a relationship with various customers; alleged on information and belief that Atmel was aware of Authentec's ongoing business

---

[2] This action was transferred *sua sponte* by the Florida Court to the Northern District of California on June 25, 2006.  (Dkt. No. 1.)

relationship; and alleged that one or more Atmel Defendants, without justification or cause, knowingly interfered with AuthenTec's valid business relationship with its customers. (*Id.*)  But, Authentec failed to provide the name of any customer with whom it allegedly had a relationship, and it failed to identify how Atmel allegedly interfered with this relationship.

For its claim of Abuse of Process, AuthenTec continued its pattern.  This claim is six paragraphs long, and also reads like a mere recitation of elements of the tort.  In the central claim, AuthenTec focuses on communication Atmel allegedly had with AuthenTec's customers.  AuthenTec asserted that one or more Atmel Defendants "referred to, cited and/or raised the California litigation of alleged infringement by AuthenTec in discussions with AuthenTec's customers in order to attempt to gain an unfair business advantage in sales with those customers." (*Id.* at 5-6.)  But, again, AuthenTec failed to identify which of its customers were allegedly wrongfully contacted.

On June 20, 2007, Judge Antoon in the Middle District of Florida ordered, *sua sponte*, that the case in Florida be transferred to Northern District of California because Atmel had already filed a lawsuit in this district for infringement of the '114 and the '804 patents and "the two cases are related as they have common questions of fact and law."  (Dkt. No. 1-10.)  Accordingly, this action was transferred to Northern District of California on June 26, 2007 and is currently pending before this Court.

## III.    ARGUMENT

### A.    AuthenTec's Unenforceability Claim Should Be Dismissed.

AuthenTec's Unenforceability Claim should be dismissed for two separate reasons.  First, AuthenTec failed to bring the Unenforceability Claim as a compulsory counterclaim in the First Action and is now barred from bringing such claim.  Second, AuthenTec's Unenforceability Claim is not pled with the requisite particularity pursuant to FED. R. CIV. P. 9(b).

1

2

      **1.**    **AuthenTec Is Barred From Bringing The Unenforceability Claim Because It Failed To Bring It As A Counterclaim In The First Action.**

3

      **a.**    **AuthenTec's Unenforceability Claim Is A Compulsory Counterclaim Within The Meaning Of Rule 13(a).**

4

Rule 13(a) provides:

5

6

7

8

9

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action…

10

FED. R. CIV. P. 13(a). In the Ninth Circuit, a "logical relationship test" is applied to determine

11

whether a counterclaim is compulsory by "analyz[ing] whether the essential facts of the various

12

claims are so logically connected that considerations of judicial economy and fairness dictate that all

13

the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249

14

(9th Cir. 1987).

15

      AuthenTec's Unenforceability Claim focuses on the '804 patent, and it asserts that some

16

unidentified omissions and statements constituting fraud were made to the patent office during the

17

course of the prosecution of the '804 patent. (Dkt. No. 1-3 at 5.) AuthenTec also claims that some

18

unidentified statements disclaiming the ability to enforce the '804 patent were made. (*Id.*) Such

19

assertions are directly related to and arise out of transactions and occurrences of the subject matter of

20

Atmel's claims and Authentec's affirmative defenses in the First Action, namely Atmel's claim that

21

AuthenTec is infringing the '804 patent and AuthenTec's affirmative defenses of non-infringement,

22

invalidity, and prosecution history estoppel. The relevant transaction and occurrence is the

23

prosecution of the '804 patent and its infringement. Both Atmel's infringement claim (and the

24

purported defenses thereto) and AuthenTec's unenforceability claim would involve the same

25

evidence and/or legal analysis including review of the '804 patent, construction of its claims, and

26

review of the patent prosecution history of the '804 patent. In other words, the essential facts of

27

these two claims are not only logically connected, but involve the same information. Judicial

28

**DEFENDANTS' MOTION TO DISMISS**
**C 07-03331 CW**

6

economy and fairness dictate that these two issues should be resolved in one suit.  Indeed, not trying them together raises the possibility of conflicting, substantive rulings about the claims and prosecution history of the patent.

In addition, AuthenTec's Unenforceability Claim meets the remaining requirements of Rule 13(a).  As currently alleged, it does not require for its adjudication the presence of any third party of whom the Court could not acquire jurisdiction.  Nor was the claim the subject of another pending action when AuthenTec filed its counterclaims in the First Action.  Accordingly, AuthenTec's Unenforceability Claim is a compulsory counterclaim within the meaning of Rule 13(a).

### b.  AuthenTec Waived The Unenforceability Claim And Is Barred By Res Judicata From Bringing Such Claim.

"Under Rule 13(a) a party who fails to plead a compulsory claim against an opposing party is held to have waived such claim and is precluded by res judicata from bringing suit upon it again." *Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir. 1967).  A party may bring a motion to dismiss if the pleader failed to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  "Claim preclusion may appropriately be argued on a motion to dismiss [under Rule 12(b)(6)]."  *Whitty v. First Nationwide Mortgage Corp.*, No. 05-CV-1021, 2007 U.S. Dist. LEXIS 12988, at *13 (S.D. Cal. Feb. 26, 2007).

By failing to bring the Unenforceability Claim as a compulsory counterclaim in the First Action, AuthenTec waived such claim and is barred from bringing such claim by res judicata. *Dragor*, 378 F.2d at 244.  AuthenTec had more than ample opportunity to bring the Unenforceability Claim in the First Action – when Atmel served its Preliminary Infringement Contentions for the '804 patent, when the Court gave the parties eight months to amend the pleadings, or when answering Atmel's First Amended Complaint filed in accordance with the Court's schedule.  However, AuthenTec failed to plead such counterclaim or even bring it as an affirmative defense.  Instead, more than a year after the First Action commenced, AuthenTec added the Unenforceability Claim by filing another lawsuit, which involves the same parties, patents and claims.  It is too late for

**DEFENDANTS' MOTION TO DISMISS**
**C 07-03331 CW**

7

AuthenTec to assert such claim and thus, AuthenTec should be barred from asserting the Unenforceability Claim in its Amended Complaint.

### 2. AuthenTec's Unenforceability Claim Should Be Dismissed Because AuthenTec Failed To Plead It With Particularity.

AuthenTec's Unenforceability Claim should also be dismissed for failure to plead it with particularity. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). The Federal Circuit has held that "inequitable conduct while a broader concept than fraud, must be pled with particularity." *Central Admixtrue Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (*citing Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)). Specifically, a party asserting inequitable conduct needs to identify what documents/statements were allegedly omitted or disclosed, what content of the alleged fraudulent omissions/disclosures are material, and how such alleged omissions/disclosures show that the patentee intended to mislead the patent office. *See id.*; *see also Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C.*, No. C-06-4639 JCS, 2007 U.S. Dist. LEXIS 37665, at *18-20 (N.D. Cal. May 10, 2007).

The defendant in *Central* alleged that a patent was unenforceable due to inequitable conduct and pled that "during prosecution of the '515 patent, the patentee failed to disclose all of the relevant prior art known to it" and that "by manipulation of various measurements and units, the patentee sought to mislead the Patent and Trademark Office regarding the relationship between the claimed invention and the prior art." 482 F.3d at 1356. The Federal Circuit affirmed the district court's dismissal of the unenforceability claim because such pleading "lack[ed] the requisite particularity" by failing to "identify *what* relevant and undisclosed prior was known to the patentee, *what* 'measurements and units' were manipulated, or *how* that manipulation was meant to mislead the PTO." *Id.* at 1356-57 (emphasis added).

Here, AuthenTec has plead even less detail regarding its Unenforceability Claim than the accused infringer in *Central*. AuthenTec asserted in summary fashion that unidentified "statements,

**DEFENDANTS' MOTION
TO DISMISS
C 07-03331 CW**

8

misstatements, and omissions" made during the prosecution of the '804 patent constituted fraud on the patent office, but it fails to identify *what* relevant "statements, misstatements, and omissions" were made, *when* they were made, and *how* such statements constitute fraud on the patent office. AuthenTec also stated that "statements disclaiming the ability to enforce the '804 patent under circumstances that AuthenTec is informed and believe exist, or have existed in the past." However, it failed to identify *what* relevant "statements" were made, *when* they were made, and *how* such "statements" constitute disclaimer of the ability to enforce the '804 patent.

Accordingly, AuthenTec's Unenforceability Claim should be dismissed for failure to plead with the requisite particularity.

## B.    AuthenTec's Tort Claims Should Be Dismissed.

AuthenTec's tort claims should be dismissed for three reasons.  First, AuthenTec's tort claims are barred because the claims should have been brought as compulsory counterclaims in the First Action.  AuthenTec has waived these compulsory counterclaims and is now precluded by res judicata from bringing such claims.  Second, the tort claims are also barred by litigation privilege in California, codified at Civil Code Section 47(b).  Third, AuthenTec's complaint alleging the tort claims does not meet the requirement of FED. R. CIV. P. 8(a), as recently confirmed by the Supreme Court in *Bell Atlantic v. Twonbly*, that there must be factual allegations enough to raise a right to relief above the speculative level.

### 1.    AuthenTec Is Barred From Bringing The Tort Claims Because It Failed To Bring Them As Counterclaims In The First Action.

#### a.    AuthenTec's Tort Claims Are Compulsory Counterclaims Within The Meaning Of Rule 13(a).

Similar to the Unenforceability Claim discussed above, these two tort claims are compulsory counterclaims within the meaning of Rule 13(a) that should have been asserted in the First Action if at all.  AuthenTec's Interference Claim and claim for abuse of process, to the extent that they state plausible claims for relief, arise out of the transactions and occurrences that are the subject matter of Atmel's claims in the First Action.

**DEFENDANTS' MOTION**
**TO DISMISS**
**C 07-03331 CW**

9

For its Interference Claim, AuthenTec alleged that one or more Atmel Defendants interfered with AuthenTec's valid business relationships with its *customers*. (Dkt. No. 1-3 at 5.) In California, the "tort of intentional or negligent interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." *Settimo Assoc. v. Environ Systems, Inc.*, 17 Cal. Rptr. 2d 757, 758 (Cal. Ct. App. 1993).[3]  Such alleged claim of business interference arises out of AuthenTec's activities of selling the products at issue in the First Action to its *customers*.  Atmel claimed in the First Action that such sales activities are infringing the patents-in-suit.  Consequently, the essential facts of AuthenTec's tort claim and Atmel's claims in the First Action are logically related because they both involve AuthenTec's sales activities to its *customers*.  Judicial economy and fairness dictate that these logically connected issues should be resolved in one lawsuit.  *See Pochiro.*, 827 F.2d at 1249.   Accordingly, AuthenTec's Interference Claim is a compulsory counterclaim under Rule 13(a).

Similarly, AuthenTec's abuse of process claim arises out of the transactions that are subject matter of the First Action and is logically related to the claims in the First Action.  AuthenTec's claim of abuse of process alleged that one or more Atmel Defendants purportedly referred to Atmel's infringement claims in the First Action in discussions with AuthenTec's customers in order to attempt to gain an unfair business advantage in sales with those customers.  (Dkt. No. 1-3 at 5-6.) To succeed in this claim, AuthenTec must establish that Atmel "(1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings."  *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006).  Such alleged claim of abuse of process arises out of Atmel's filing of the First Action and questions whether Atmel filed the First Action for improper purposes.  Accordingly, the essential facts of

---

[3] "The elements of the tort include (1) the existence of a prospective business relationship containing the probability of future economic rewards for plaintiff; (2) knowledge  by defendant of the existence of the relationship; (3) intentional acts by defendant designed to disrupt the relationship; (4) actual causation, and, (5) damages to plaintiff proximately caused by defendant's conduct." *Settimo*, 17 Cal. Rptr, 2d at 759.

1   AuthenTec's tort claim and Atmel's claims in the First Action are logically related because they both

2   involve determining the purpose of Atmel's First Action, *i.e.*, AuthenTec alleging that Atmel filed

3   the lawsuit for improper purpose of gaining unfair business advantage in sales with AuthenTec's

4   customers and Atmel asserting that Atmel filed the lawsuit to obtain compensatory and exemplary

5   damages, injunctive relief, and other appropriate relief for AuthenTec's infringing activities.

6   Judicial economy and fairness dictate that these logically connected issues should be resolved in one

7   lawsuit.

8       Indeed, the Ninth Circuit has rejected the line of cases that allowed abuse of process claims

9   to proceed separately from the very action that is allegedly abusive.  It explained: "Because we

10  believe that the liberal reading of the 'transaction or occurrence' standard is more in keeping with

11  the pronouncements of the Supreme Court, we now reject the line of cases that has refused to find an

12  abuse of process claim a compulsory counterclaim."  *Pochiro*, 827 F.2d at 1252 (holding that abuse

13  of process claim is a compulsory counterclaim).[4]  Under *Pochiro*, AuthenTec may not maintain its

14  abuse of process claim as a separate claim in this action.

15      In addition, as currently alleged, neither tort claim requires for its adjudication the presence

16  of any third party of whom the Court could not acquire jurisdiction.  Nor were the claims the subject

17  of another action that was pending as of March or November 2006.  Accordingly, AuthenTec's two

18  tort claims are compulsory counterclaims within the meaning of Rule 13(a) that should have been

19  pleaded in the First Action.

20          **b.   AuthenTec Waived The Tort Claims And Is Barred By Res Judicata**
21          **From Bringing Such Claims Against Atmel By Failing To Plead Them**
            **As Compulsory Counterclaims In The First Action.**

22      As discussed above, failure to plead a compulsory claim against an opposing party waives

23  such claim and is barred by res judicata from bringing such claim.  *Dragor*, 378 F.2d at 244.  By

24  failing to bring its tort claims as compulsory counterclaims in the First Action, AuthenTec waived

25

26  ---
    [4] The Abuse Of Process law in Arizona was at issue in *Pochiro*, which has the same elements as the
    California law.  *Pochiro*, 827 F.2d at 1252.

27

28  **DEFENDANTS' MOTION**                    11
    **TO DISMISS**
    **C 07-03331 CW**

them and is now barred from bringing such claims by res judicata. *See id.* AuthenTec had more than ample opportunity to bring the tort claims in the First Action – when answering to the original complaint, when the Court gave the parties eight months since the filing of the lawsuit to amend pleadings, and when answering Atmel's First Amended Complaint filed. However, AuthenTec failed to plead such counterclaims at any time. Instead, more than a year after the First Action commenced, AuthenTec attempted to add the tort claims by filing another lawsuit, which involves the same parties, patents and claims. It is too late for AuthenTec to assert such claims in the First Action and thus, AuthenTec should be barred from asserting the tort claims in this action in light of the requirements of Rule 13(a).

## 2. AuthenTec's Tort Claims Are Barred By California Litigation Privilege.

The tort claims are also barred by the California litigation privilege. Under California law, communications made in or related to judicial proceedings are immune from tort liability. CAL. CIV. CODE § 47(b) (2007). The Civil Code provides that: "A privileged publication or broadcast is one made: … (b) In any … (2) judicial proceeding." *Id.* The privilege prescribed by Section 47(b) has been given broad application. *Silberg v. Anderson*, 50 Cal. 3d 205, 211 (1990).[5] The litigation privilege applies to "any communication (1) made in a judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; (4) that have some connection or logical relation to the action." *Id.* at 212; *see also Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1077 (N.D. Cal. 2006) (Wilken, J). When all the four prongs of the litigation privilege test are met, Section 47(b) operates as an absolute privilege. *Silberg*, 50 Cal. 3d at 216. "Courts have applied the litigation privilege to all torts, with the exception of actions for

---

[5] In discussing the public policies furthered by Section 47(b), the Supreme Court of California stated: "Given the importance to our justice system of ensuring free access to the courts, promoting complete and truthful testimony, encouraging zealous advocacy, giving finality to judgments, and avoiding unending litigation, it is not surprising that section 47[b], the litigation privilege, has been referred to as 'the backbone to an effective and smoothly operating judicial system.'" *Silberg*, 50 Cal. 3d at 214-15 (citation omitted).

1    malicious prosecution." *Sharper*, 425 F. Supp. 2d at 1077, *citing Edwards v. Centex*, 53 Cal. App.

2    4th 15, 29 (1997).

3        The *Sharper Image* case is instructive. The plaintiff in *Sharper Image* brought a patent and

4    trade dress infringement suit against its competitor and certain retailers of the products at issue. *Id.*

5    at 1060-61. While the litigation was pending, the plaintiff sent e-mails to other retailers, asking

6    them not to carry the competitor's products. *Id.* at 1075. The defendants brought tort counterclaims

7    for tortious interference with economic advantage and unfair competition. *Id.* This Court concluded

8    that for the second prong of the litigation privilege test, which was the only dispute out of the four

9    prongs, "Plaintiff need only show that the recipients of its letter possessed a 'substantial interest' in

10   the litigation." *Id.* at 1078. The other retailers possessed a substantial interest in that case because

11   the plaintiff sought injunctive relief, which if granted would have significantly disrupted the

12   recipients' business relationships. Because the retailers who received the e-mails possessed a

13   substantial interest in the underlying dispute, the litigation privilege applied. *Id.* at 1078.

14   Accordingly, the litigation privileged was an absolute bar to defendants' tort counterclaims. *Id.*

15       The facts in *Sharper Image* are very similar to this case, and the result should be the same.

16   Atmel believes that all of AuthenTec's tort claims arise from Atmel's purported communications to

17   its customers regarding the First Action. For the Interference Claim, AuthenTec claims that Atmel

18   interfered with AuthenTec's existing business relationship with its customers.[6] (Dkt. No. 1-3 at 5.)

19   For the claim of Abuse of Process, AuthenTec asserts that Atmel "referred to, cited, and/or raised the

20   California litigation of alleged infringement by AuthenTec in discussions with customers." (*Id.* at 5-

21   6.) However, even if Atmel made any communications to AuthenTec's customers regarding the

22   litigation, such communications are barred by the litigation privilege. As in *Sharper Image*,

23   AuthenTec's customers possess a substantial interest in dispute between Atmel and AuthenTec

---

24   [6]  While AuthenTec's allegation of interference in Paragraph 27 of its First Amended Complaint

25   (Dkt. No. 1-3 at 5) is conclusory, for this claim to be plausible, Atmel believes it is in essence a
     claim that Atmel allegedly wrongfully communicated with AuthenTec's customers. Therefore, for

26   the purpose of this motion, Atmel assumes that AuthenTec's claim is based on Atmel's purported
     communications with AutheTec's customers.

27

28   **DEFENDANTS' MOTION**
     **TO DISMISS**                                13
     **C 07-03331 CW**

1    because if Atmel succeeds in obtaining an injunction, their business arrangements with AuthenTec

2    may be disrupted.

3         As in *Sharper Image*, Atmel believes that none of the other prongs of the litigation privilege

4    should be questioned because they are clearly met.  The first prong is met because it is broad and

5    "covers 'any publication required or permitted by law in the course of judicial proceedings to

6    achieve the objects of the litigation, even though the publication is made outside the courtroom and

7    no function of the court or its officers is involved.'"  *Sharper Image*, 425 F. Supp. 2d at 1077, *citing*

8    *Silberg*, 50 Cal. 3d at 216.  The third prong is simply a part of the fourth prong, which has "the

9    requirement that the communication be connected with, or have some logical relations to, the

10   action."  *Id.* at 1078, *citing Rothman v. Jackson*, 57 Cal. Rptr. 2d 284 (Cal. Ct. App. 1996).  This last

11   prong is easily met: the communications AuthenTec complains of are about Atmel's causes of action

12   for infringement against AuthenTec.

13        Accordingly, there is an absolute bar to AuthenTec's tort claims, and those claims should be

14   dismissed.

15        **3.     AuthenTec's Tort Claims Fail Recite Sufficient Factual Allegations To
                  Raise A Right To Relief Above A Speculative Level.**

16

17        Rule 8(a)(2) requires that a pleading which sets forth a claim for relief contains "a short and

18   plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

19   As the Supreme Court recently confirmed, the rule makes this requirement in "order to 'give the

20   defendant fair notice of what the … claim is and the grounds upon which it rests.'"  *Bell Atlantic*

21   *Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

22   A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than

23   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

24   *Id.* at 1964-65.  The plain statement required by Rule 8(a) must possess enough heft to show that the

25   pleader is entitled to relief, which means that "[f]actual allegations must be enough to raise a right to

26   relief above the speculative level."  *Id.* at 1965 (holding that an antitrust conspiracy complaint

27   should be dismissed because the complaint did not have enough factual matter to suggest that an

28   **DEFENDANTS' MOTION
     TO DISMISS
     C 07-03331 CW**                              14

1    agreement was made).  While this does not impose a heightened pleading standard under Rule 8(a),

2    it does require a plaintiff to plead enough facts to state a claim that is plausible on its face.  *Id.* at

3    1964-65.

4         AuthenTec's tort claims fail to raise a right to relief above the speculative level required by

5    Rule 8(a).  The Interference Claim simply states that Atmel knowingly interfered with AuthenTec's

6    existing relationship with customers.  (Dkt. No. 1-3 at 5.)  AuthenTec does not provide any details

7    on *what* conduct or activity by Atmel is at issue (although presumably it is some form of alleged

8    communication by Atmel) or *how* such unidentified conduct or activity interfered with AuthenTec's

9    relationship.  AuthenTec's Interference Claim is merely a formulaic recitation of the elements of a

10   cause of action and does not provide enough factual allegations to show that this claim is plausible.

11        Similarly, AuthenTec's claim of Abuse of Process is based on Atmel's purported

12   communication with AuthenTec's customers regarding the First Action that supposedly was made in

13   attempt to gain an unfair business advantage in sales with those customers.  (*Id.* at 5-6.)  However,

14   AuthenTec does not provide, among other things, *what* communications were made by Atmel or *how*

15   such communications were an attempt to gain an unfair business advantage.  AuthenTec's claim of

16   Abuse of Process is nothing more than labels and conclusions.  As such, it fails to adequately state a

17   claim for relief.

18        Accordingly, AuthenTec's tort claims lack factual allegations that must be enough to raise a

19   right to relief above speculative level and thus should be dismissed for failure to state a claim upon

20   which relief can be granted.

21   **IV.    CONCLUSION**

22        For the reasons set forth above, Atmel respectfully submits that AuthenTec's

23   unenforceability claim (Count 5) and the two tort claims (Counts 6 and 7) be dismissed with

24   prejudice.

25

26

27

28   **DEFENDANTS' MOTION**                                    15
     **TO DISMISS**
     **C 07-03331 CW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,


DATED:  July 3, 2007                    By:   _s/ Olivia M. Kim_____

Edward G. Poplawski
Denise L. McKenzie
Olivia M. Kim
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendants/Counterclaimants
Atmel Corporation;
Atmel Switzerland;
Atmel France; and
Atmel SARL

**DEFENDANTS' MOTION
TO DISMISS
C 07-03331 CW**

16