IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION, | No. 06-02138 CW |
| Plaintiff, | |
| v. | |
| AUTHENTEC, INC., | |
| Defendant. | |

| | |
|---|---|
| AUTHENTEC, INC., | No. 07-03331 CW |
| Plaintiff, | |
| v. | ORDER RELATING CASES AND ADOPTING CASE MANAGEMENT SCHEDULE |
| ATMEL CORPORATION, et al., | |
| Defendants. | |

Pursuant to the Order filed on June 20, 2007, in the Middle District of Florida in Case No. 6:07-cv-734-Orl-28UAM, <u>Authentec, Inc. v. Atmel Corporation, et al.</u>, this Court, sua sponte, relates the above-captioned cases.  The Case Management Order filed in C-06-2138 CW on September 27, 2006 (copy attached), and amended pursuant to stipulation on May 21, 2007, shall also apply in C-07-3331 CW.  The Case Management Conference set for October 2, 2007, in C-07-3331 CW is vacated.

7/12/07

Dated _____        _____

CLAUDIA WILKEN
United States District Judge

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    ATMEL CORPORATION,                          No. C 06-02138 CW

4        v.                                      MINUTE ORDER AND CASE
                                                 MANAGEMENT ORDER

5    AUTHENTEC INC,
     _____/

6

7    Clerk: Sheilah Cahill          Reporter: Diane Skillman
     Plaintiff Attorney: Edward Poplawski
8    Defendant Attorney: Andrew Valentine

9        A case management conference was held on: 9/8/06.  The Case
     Management Statement and Proposed Order filed by the parties is hereby
10   adopted by the Court as the Case Management Order for the case, except
     as may be noted below.   The Court's standard Order for Pretrial
11   Preparation also applies.

12   The case is hereby referred to the following ADR process:
     Non-binding Arbitration: [ ]      Early Neutral Evaluation: [ ]
13   Court-connected mediation:  [ ]     Private mediation:  [ X ]
     Magistrate Judge settlement conference: [ ]
14   ADR session to be held by:                              [w/i 120 days]
     (or as soon thereafter as is convenient to the mediator's schedule)
15
     Deadline to add additional parties or claims:            (11/01/06)
16   Date of next case management conference:                 (10/19/07)

17   Completion of Fact Discovery:                            (06/19/07)
     Disclosure of identities and reports of expert witnesses: [see below]
18   Completion of Expert Discovery:                          [see below]

19   All case-dispositive motions and claim construction
        to be heard at 10:00 AM on or before:                 (10/19/07)
20   Final Pretrial Conference at 1:30 P.M. on:               [not set]
     A day  Trial will begin at 8:30 A.M. on:                 [not set]
21
     Additional Matters:   Copy of Court's Order for Pretrial Preparation
22   given to attys in court.  Opening disclosures due 21 days after ruling
     on claim construction;  rebuttal disclosures  due  21  days  later;
23   completion of expert discovery 21 days thereafter. Claim construction
     and dispositive motion to be filed together in a single brief.
24   Plaintiff to file opening brief re claim construction and any
     dispositive motion by 7/24/07; Defendant opposition and cross-motion
25   due 8/24/07; Plaintiff reply/opposition due 9/7/07; defendant surreply
     due 9/21/07.  **FCMC will be held on 10/19/07 at 10:00 a.m.**
26
27       IT IS SO ORDERED.

28                                    2

Dated: 9/27/06

_____
CLAUDIA WILKEN
United States District Judge

Copies to:  Chambers; ADR

United States District Court
For the Northern District of California

ORDER FOR PRETRIAL PREPARATION

PRETRIAL CONFERENCE

1.    Not less than 30 days prior to the pretrial conference, counsel shall **exchange** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2.    At least 20 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

(a)    Preparation and content of the joint pretrial conference statement;

(b)    Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation.  To the extent such differences are not resolved, parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

(c)    Settlement of the action.

3.    Not less than 10 days prior to the pretrial conference, counsel shall submit the following.

(a)    Pretrial Conference Statement.  The parties shall file a joint pretrial conference statement containing the following information:

(1)    The Action.

(A) Substance of the Action.  A brief description of the substance of claims and defenses which remain to be decided.

(B)    Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

(2)    The Factual Basis of the Action.

(A)    Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

4

**United States District Court**
For the Northern District of California

(B)    Disputed Factual Issues.    A plain and concise statement of all disputed factual issues which remain to be decided.

(C)    Agreed Statement.    A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D)    Stipulations.    A statement of stipulations requested or proposed for pretrial or trial purposes.

(3)    Disputed Legal Issues.    Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4)    Further Discovery or Motions.    A statement of all remaining discovery or motions.

(5)    Trial Alternatives and Options.

(A)    Settlement Discussion.    A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B)    Consent to Trial Before a Magistrate Judge.    A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C)    Bifurcation, Separate Trial of Issues.    A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6)    Miscellaneous.    Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b)    Exhibit List and Objections.    The exhibit list shall list each proposed exhibit by its number, description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence. **No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave**

**of the Court for good cause shown.** Parties shall also deliver a set
of premarked exhibits to the Courtroom Deputy. The exhibit markers
shall each contain the name and number of the case, the number of the
exhibit, and blanks to accommodate the date admitted and the Deputy
Clerk's initials. (Appropriate sample forms are available on the
Court's website at www.cand.uscourts.gov). Any objections to exhibits
which remain after the pretrial meeting shall be indicated in the
pretrial statement.

(c) Witness List. In addition to the requirements of
FRCivP 26(a)(3)(A), a brief statement describing the substance of the
testimony to be given by each witness who may be called at trial. **No
party shall be permitted to call any witness in its case-in-chief that
is not disclosed in its pretrial statement without leave of Court for
good cause shown.**

(d) Use of Discovery Responses. In addition to the
requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from
interrogatory answers or from responses for admissions intended to be
offered at trial. Counsel shall indicate any objections to use of
these materials and that counsel have conferred respecting such
objections.

(e) Trial briefs. Briefs on all significant disputed
issues of law, including foreseeable procedural and evidentiary
issues, which remain after the pretrial meeting.

(f) Motions in Limine. Any motions in limine that could
not be settled at the pretrial meeting shall be filed with the
pretrial statement. All motions in limine shall be contained within
one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with

**United States District Court**
For the Northern District of California

6

each motion listed as a subheading.  Opposition to the motions in limine shall be contained within one document, limited to 25 pages, with corresponding subheadings, and filed five (5) days thereafter.

(g)  Joint Proposed Voir Dire.  The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to counsel at the beginning of voir dire.  Counsel may submit a set of additional requested voir dire, to be posed by the Court, to which they have agreed at the pretrial meeting.  Any voir dire questions on which counsel cannot agree shall be submitted separately.  Counsel may be allowed brief follow-up voir dire after the Court's questioning.

(h)  Joint Proposed Jury Instructions.  Jury instructions §1.1 through §1.12, §1.13 through §2.2, and §3.1 through §4.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2001 Edition) will be given absent objection.  Counsel shall jointly submit one set of additional proposed jury instructions, to which they have agreed at the pretrial meeting.  The instructions shall be ordered in a logical sequence, together with a table of contents.  Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction.

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk

United States District Court

For the Northern District of California

7

in WordPerfect or ASCII format. The disk label should include the name of the parties, the case number and a description of the document.

(I) Proposed Verdict Forms, Joint or Separate.

(j) Proposed Findings of Fact and Conclusions of Law (Court Trial only). Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their proposed findings of fact and conclusions of law on a computer disk in WordPerfect or ASCII format. The disk label should include the name of the parties, the case number and a description of the document.

JURY SELECTION

The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons so that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, outside the presence of the venire. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed. Each side may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the Courtroom Deputy.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for

United States District Court
For the Northern District of California

cause, and those challenged peremptorily, and call the first eight people in numerical sequence remaining. Those people will be the jury.

All jurors remaining at the close of the case will deliberate. There are no alternates.

SANCTIONS

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.


Dated: _____        s/CLAUDIA  WILKEN
                                           CLAUDIA WILKEN
                                           UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

9

**United States District Court**
For the Northern District of California

1
2

<u>JUROR QUESTIONNAIRE</u>

3
4
5

Please fill out this form as completely as possible and print clearly.
Since we want to make copies for the attorneys and the Court, do not
write on the back of any page.  If you need more room, continue at the
bottom of the page.  Thank you for your cooperation.

6    1.    Your name: _____

7    2.    Your age: _____

8    3.    The city where you live: _____

9    4.    Your place of birth: _____

10   5.    Do you rent or own your own home? _____

11   6.    Your marital status: (circle one)

12         single    married    separated    divorced    widowed

13   7.    What is your occupation, and how long have you worked in
14         it?  (If you are retired, please describe your main
           occupation when you were working).

15   _____

16   _____

17   8.    Who is (or was) your employer?

18   _____

19   9.    How long have you worked for this employer? _____

20   10.   Please list the occupations of any adults with whom you
21         live.

22   _____

23   11.   If you have children, please list their ages and sex and,
           if they are employed, please give their occupations.

24   _____

25   _____

26         _____

27   12.   Please describe your educational background:

28                                  10

United States District Court
For the Northern District of California

Highest grade completed: _____

College and/or vocational schools you have attended:

_____

_____

_____

_____

Major areas of study:_____

13.    Have you ever served on a jury before? _____   How many

times?_____

If yes:  State/County Court _____   Federal Court _____

When? _____

Was it a civil or criminal case? _____

Did the jury(ies) reach a verdict? _____

(rev. 9/4/02)

11