1 | Henry C. Bunsow (SBN 60707)
bunsowh@howrey.com
2 | Denise De Mory (SBN 168076)
demoryd@howrey.com
3 | Brian A.E. Smith (SBN 188147)
smithbrian@howrey.com
4 | HOWREY LLP
525 Market Street, Suite 3600
5 | San Francisco California 94105
Telephone:  (415) 848-4900
6 | Facsimile:  (415) 848-4999

Attorneys for Defendant/Counterdefendant
AuthenTec, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| AUTHENTEC, INC., a Delaware corporation, | Case No. C 07-03331 CW |
|---|---|
| Plaintiff, | **COUNTERDEFENDANT AUTHENTEC'S REPLY TO ATMEL'S COUNTERCLAIM** |
| v. | |
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation;  ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation, | |
| Defendants. | |
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation;  ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation, | |
| Counterclaimants, | |
| v. | |
| AUTHENTEC, INC., a Delaware corporation, | |
| Counterdefendant. | |

Case No.  C 07-03331 CW
REPLY TO COUNTERCLAIMS

1    Counterdefendant AuthenTec, Inc. ("AuthenTec") replies to the counterclaim of
2 Counterclaimants Atmel Corporation, Atmel Switzerland, Atmel France, and Atmel SARL
3 (collectively "Atmel") as follows:

4    1.    AuthenTec admits that Atmel's counterclaim seeks injunctive relief and damages and
5 purports to arise under the Patent Act. On information and belief, to the extent that subject matter
6 jurisdiction exists, it exists as to the counterclaim brought by Atmel Switzerland only. AuthenTec
7 expressly denies that this Court has subject matter jurisdiction over the counterclaim brought by Atmel
8 Corporation, Atmel France, and Atmel SARL. AuthenTec denies all other allegations of Paragraph 1.

9    2.    AuthenTec denies the allegations of Paragraph 2. Moreover, AuthenTec avers that this
10 action was improperly transferred to this District.

11   3.    AuthenTec lacks sufficient information on which to form a belief as to the truth of the
12 allegations of Paragraph 3, and on that basis denies them.

13   4.    AuthenTec lacks sufficient information on which to form a belief as to the truth of the
14 allegations of Paragraph 4, and on that basis denies them.

15   5.    AuthenTec lacks sufficient information on which to form a belief as to the truth of the
16 allegations of Paragraph 5, and on that basis denies them.

17   6.    AuthenTec lacks sufficient information on which to form a belief as to the truth of the
18 allegations of Paragraph 6, and on that basis denies them.

19   7.    AuthenTec admits that it is a Delaware corporation with a principal place of business in
20 Melbourne, Florida. AuthenTec denies all other allegations of Paragraph 7.

21   8.    AuthenTec admits that Exhibit 1 appears to be a copy of the '114 patent, and that the
22 face of the patent indicates its title is "Fingerprint-Reading System," that it was issued on September
23 11, 2001, and that its sole named inventor is Jean-Francois Mainguet. AuthenTec denies all other
24 allegations of Paragraph 8.

25   9.    AuthenTec admits that Exhibit 2 appears to be a copy of the '804 patent, and that the
26 face of the patent indicates its title is "Fingerprint-Reading System," that it was issued on October 1,
27 2002, and that its sole named inventor is Jean-Francois Mainguet. AuthenTec denies all other
28 allegations of Paragraph 9.

Case No. C 07-03331 CW
REPLY TO COUNTERCLAIMS

10.  AuthenTec lacks sufficient information on which to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies them.

11.  AuthenTec denies the allegations of Paragraph 11.

12.  AuthenTec admits that it has sold or currently sells biometric sensors including EntréPad sensors AES 2500, AES 2400, AES 2501, AES 2501A, AES 2501B, AES 2502, AES 1510, AES 1710, AES 2510, AES 1610.  AuthenTec also admits that it makes available or has made available an AuthenTec Technology Evaluation Kit and an AuthenTec Performance Analysis Tool.  AuthenTec denies all other allegations of Paragraph 12.

13.  AuthenTec denies the allegations of Paragraph 13.

14.  AuthenTec denies the allegations of Paragraph 14.

15.  AuthenTec denies the allegations of Paragraph 15.

16.  AuthenTec denies the allegations of Paragraph 16.

17.  AuthenTec admits that it has actual notice of Atmel's allegations that AuthenTec infringes the '114 patent.  AuthenTec denies all other allegations of Paragraph 17.

18.  AuthenTec admits that it has actual notice of Atmel's allegations that AuthenTec infringes '804 patent.  AuthenTec denies all other allegations of Paragraph 18.

19.  AuthenTec denies the allegations of Paragraph 19.

20.  AuthenTec denies the allegations of Paragraph 20.

21.  AuthenTec incorporates its responses to Paragraphs 1-20.

22.  AuthenTec denies the allegations of Paragraph 22.

23.  AuthenTec incorporates its responses to Paragraphs 1-20.

24.  AuthenTec denies the allegations of Paragraph 24.

25.  AuthenTec incorporates its responses to Paragraphs 1-20.

26.  AuthenTec denies the allegations of Paragraph 26.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense:  Lack of Personal Jurisdiction

This Court lacks personal jurisdiction over AuthenTec.

Second Affirmative Defense: Improper Venue

Pursuant to 28 U.S.C. § 1400(b), venue in this District is improper.

Third Affirmative Defense: Invalidity

The '114 and '804 patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and other statutory requirements.

Fourth Affirmative Defense: Unenforceability of '804 Patent (Inequitable Conduct)

During prosecution of the '804 patent, the Examiner rejected all pending claims due to double patenting over the '114 patent. Pursuant to PTO rules, such a rejection can be overcome only upon filing a terminal disclaimer.

The attorneys prosecuting the application which became the '804 patent filed a terminal disclaimer dated February 15, 2002, stating that Thomson-CSF was the owner of the invention disclosed in the application. Because a terminal disclaimer is only effective when the rejected application and existing patent are commonly owned, the filing of the terminal disclaimer represented that Thomson-CSF, the named assignee on the face of the '114 patent, remained the owner of the '114 patent.

This representation that the '114 patent was owned by Thomson-CSF was false. On information and belief, at the time the terminal disclaimer was filed, the '114 patent was owned by Atmel Grenoble, having been assigned by Thomson-CSF on or about May 22, 2000.

This false representation was made with the intent to deceive the Examiner. The Examiner had no way to know that the representation that Thomson-CSF owned the '114 patent was false, because the assignment of the '114 patent from Thomson-CSF to Atmel Grenoble was never recorded with the PTO or otherwise brought to the attention of the Examiner.

This false representation was material to the issuance of the '804 patent. Had the Examiner been aware that the '114 patent and the '804 patent application were owned by different entities, the '804 patent would not have issued.

This intentional, material misrepresentation to the PTO constitutes inequitable conduct and renders the '804 patent unenforceable.

Case No. C 07-03331 CW -3-
REPLY TO COUNTERCLAIMS

<u>Fifth Affirmative Defense:  Unenforceability of '804 Patent (Terminal Disclaimer)</u>

The February 15, 2002 terminal disclaimer states that the '804 patent is "enforceable only for and during such period that the legal title to said patent shall be the same as the legal title to United States Patent No. 6,289,114. . . ." On information and belief, the '804 patent has never been assigned to any Atmel entity, and thus, from the issuance of the '804 patent through today, the legal title to the '804 patent and the '114 patent have always been held by different entities.  Thus, the '804 patent is unenforceable by the express terms of the terminal disclaimer.

<u>Sixth Affirmative Defense:  Equitable Defenses</u>

Atmel's claims are barred by one or more of the doctrines of laches, estoppel, and unclean hands.

Dated:  July 23, 2007                                            Respectfully submitted,

                                                                              HOWREY LLP


                                                                              By:           /s/Denise M. De Mory
                                                                                             Denise M. De Mory
                                                                                   Attorneys for Counterdefendant
                                                                                   AUTHENTEC, INC.