Henry C. Bunsow (SBN 60707)
bunsowh@howrey.com
Denise De Mory (SBN 168076)
demoryd@howrey.com
Brian A.E. Smith (SBN 188147)
smithbrian@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendant/Counterdefendant
AuthenTec, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AUTHENTEC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation,<br><br>Defendants. | Case No. C 07-03331 CW<br><br>**AUTHENTEC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS 5-7**<br><br>Date:     August 16, 2007<br>Time:    2:00 p.m.<br>Location:    Courtroom 2, 4th Floor<br>Judge:    Hon. Claudia Wilken |
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation,<br><br>Counterclaimants,<br><br>v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>Counterdefendant. | |

Case No. C 07-03331 CW
OPPOSITION TO MOTION TO DISMISS

## I. INTRODUCTION

Atmel's motion to dismiss should be denied. First, AuthenTec's unenforceability claim – which was not discovered because of Atmel's late production of documents until April 2007 – is not barred by *res judicata* because there is no final judgment in the related *Atmel* case, Case No. 06-2138. Second, AuthenTec's unenforceability claims is clearly plead with legally sufficient particularity. Moreover, Atmel's motion to dismiss AuthenTec's unenforceability claim is effectively moot since AuthenTec has properly asserted its unenforceability defense to Atmel's new counterclaims. Third, AuthenTec's tort claims are not compulsory counterclaims under Rule 13(a) because AuthenTec did not acquire the tort claims until after it had filed an answer in the *Atmel* case. Furthermore, *res judicata* does not bar AuthenTec's tort claims because there is no final judgment in the *Atmel* case. Fourth, the California litigation privilege does not apply to this case. Fifth, the tort claims provide sufficient notice to Atmel under Rule 8(a). For all of these reasons, Atmel's motion to dismiss should be denied.

## II. STATEMENT OF FACTS

### A. The *Atmel* Case.

Atmel Corporation filed a patent infringement case against AuthenTec, Case No. 06-2138, on March 22, 2006. (Case No. 06-2138, Dkt. No. 1.) This case is related to the present case, and is currently pending before this Court. Initially, the *Atmel* case alleged infringement only of the '114 patent. AuthenTec answered Atmel's Complaint on April 13, 2006. (Case No. 06-2138, Dkt. No. 12) All of the Atmel entities filed a first amended complaint on November 1, 2006, alleging infringement of both the '114 and '804 patents. (Case No. 06-2138, Dkt. No. 24.) AuthenTec answered the first amended complaint on November 20, 2006, and filed a counterclaim seeking declarations of noninfringement and invalidity of the two asserted patents. (Case No. 06-2138, Dkt. No. 25.)

Atmel's document production was slow. Atmel's first set of production, 548 pages, was produced on October 23, 2006, and consisted primarily of the file histories of the patents in suit. (Andelman Decl., Ex. 1.) In January, February, March, and April 2007, Atmel produced more documents, ultimately totaling 3871 pages. (Andelman Decl., Exs. 2-6.) Many of these documents were in French, so AuthenTec was not able to completely translate and review the documents until the

end of April 2007.  At that time, AuthenTec recognized that there were significant questions regarding the ownership of the patents-in-suit and Atmel's standing to bring suit for patent infringement.  It therefore filed a motion to dismiss the *Atmel* suit on May 1, 2007, for lack of subject matter jurisdiction.  (Case No. 06-2138, Dkt. No. 59.)  This Court denied AuthenTec's motion to dismiss on June 11, 2006, and its motion for reconsideration on June 29, 2007.  (Case No. 06-2138, Dkt. Nos. 78 & 84.)

### B. This Case.

This case was filed in the Middle District of Florida on April 30, 2007, and the first amended complaint with filed on May 2, 2007.  (Dkt. Nos. 1-2, 1-3.)  It was transferred to this District *sua sponte*, and without notice or hearing, by order dated June 20, 2007.  (Dkt. No. 1-10.)  AuthenTec never served any of the Atmel Defendants in this case, yet all answered the first amended complaint on July 5, 2007.  (Dkt. No. 4.)  The Atmel Defendants did not answer claims 5 – 7, electing instead to bring this motion to dismiss.[1]

Along with their answer, Atmel Switzerland brought a counterclaim for patent infringement.  AuthenTec's reply to the counterclaim includes two affirmative defenses of unenforceability – the fourth (unenforceability due to inequitable conduct) and fifth (unenforceability due to terminal disclaimer).  (Dkt. No. 10.)

### III. ARGUMENT

A motion to dismiss under Rule 12(b)(6) tests the claims for legal sufficiency.  "[D]ismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'  Review is limited to the complaint; 'evidence outside the pleadings . . . cannot normally be considered in deciding a 12(b)(6) motion.'  'The issue is

---

[1] In an effort to lessen the burden on this Court, AuthenTec proposed a compromise to Atmel that would have resulted in the withdrawal of Atmel's motion to dismiss:  AuthenTec would agree to not pursue the state law tort claims, and Atmel would agree to withdraw its motion to dismiss with respect to the unenforceability claims.  Atmel, despite promising twice to respond to this offer, never responded substantively to AuthenTec, so therefore AuthenTec opposes Atmel's motion to dismiss in its entirety.

Case No. C 07-03331 CW  
OPPOSITION TO MOTION TO DISMISS -2-

not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence to support the claims.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (citations omitted).

### A. AuthenTec's Unenforceability Claim Should Not be Dismissed.

Atmel makes two arguments as to why AuthenTec's unenforceability claims should be dismissed: (1) the claims are barred by *res judicata*; and (2) the claims are not plead with sufficient particularity. Both grounds are without merit and/or have already been resolved.

AuthenTec's claims are not barred by *res judicata* because, as even a cases on which Atmel relies makes clear, *res judicata* only applies after there is a final judgment on the merits in the case in which the compulsory counterclaims should have been brought. Because there is no final judgment on the merits in the *Atmel* case, the doctrine of claim preclusion simply does not apply. Indeed, until a final determination on the merits, AuthenTec can (and will if the Court requires) seek to add claims, including compulsory counterclaims.

Moreover, Rule 13 does not preclude bringing compulsory counterclaims in a second action. Rather, the question is how courts deal with compulsory counterclaims asserted in a second action when the first action is still pending. Courts have held that the second filed case can be stayed, transferred, or dismissed with leave to plead the counterclaims in the prior pending action. Thus, while AuthenTec still maintains that the Florida case is properly viewed as the first-filed case and it should not have been transferred, as a practical matter, Atmel has already received all the relief to which it could possibly be entitled. This case has been moved to this Court, which has related it to the *Atmel* case, and set it on the same schedule as the *Atmel* case.

The unenforceability claims are also now at issue by virtue of AuthenTec's properly and timely asserted defenses to Atmel's infringement counterclaims asserted in this case. Thus, Atmel's motion to dismiss is effectively moot because the unenforceability claims will be adjudicated by virtue of AuthenTec's defenses.

Finally, AuthenTec plead its unenforceability defenses to Atmel's counterclaims with particularity. Thus, Atmel's complaint based on lack of specificity is likewise moot.

Case No. C 07-03331 CW  
OPPOSITION TO MOTION TO DISMISS -3-

### 1. AuthenTec's Unenforceability Claim Is Not Barred By *Res Judicata*.

The doctrine of *res judicata* or claim preclusion is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (*quoting W. Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997); *Whitty v. First National Mortgage Corp.*, No. 05-CV-1021, 2007 U.S. Dist. LEXIS 12988, at *12 (S.D. Cal. Feb. 26, 2007) (cited by Atmel at page 7, lines 16-17). The *Atmel* case is still pending, so there can be no *res judicata* arising from that case. Thus, *res judicata* does not and cannot bar the unenforceability claims from being included and litigated in this case, even if they are compulsory counterclaims in the *Atmel* case. On this basis alone, Atmel's motion to dismiss must be denied.

Moreover, "[n]othing in Rule 13 prevents the filing of a duplicative action instead of a compulsory counterclaim." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991), *citing* 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1418, at 142-43 (2d ed. 1990 & Supp. 1991). Instead, the procedural question becomes how to deal with the "duplicative" action. In this case, this procedural question has already been resolved. The Ninth Circuit has held that, absent exceptional circumstances, the second-filed case should be stayed, transferred or dismissed with leave to plead the counterclaims in the prior pending action. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Although AuthenTec disputes that this is the second-filed action or that the *sua sponte* transfer was proper, the Florida Court has already transferred this case to California. After Atmel answered,[2] this Court, which has related this case to the *Atmel* case, set it on the same schedule as the *Atmel* case. Thus, Atmel has already obtained all the relief to which it could ever be entitled, and is under no threat of inconsistent obligations arising from two separate cases being litigated in two separate venues.

---

[2] Instead of answering, Atmel could have sought to dismiss the claims as duplicative, or stay the second case pending the outcome of the first case. Atmel did not do so, and instead opted, likely for tactical reasons, to answer most of the claims – notably all of which are also compulsory counterclaims in the original action, and to assert entirely duplicative infringement claims. Having chosen this route, Atmel must now live with the consequences, which include the fact that AuthenTec has properly plead the unenforceability defenses. Moreover, Atmel should not be permitted to exploit this route for the claims it "likes," but to dismiss the claims it does not.

Moreover, upon a showing of good cause, this Court could allow amendments, including amendments to assert compulsory counterclaims, in the *Atmel* case. Fed. R. Civ. P. 15(a); *Helus v. Equitable Life Assur. Soc'y of the United States*, 309 F. Supp. 2d 1170, 1175 (N.D. Cal. 2004) ("When the deadline set by a pretrial scheduling order has passed, leave to amend is granted only when there is 'good cause.' The 'good cause' inquiry primarily considers the diligence of the party seeking the amendment, but the existence or degree of prejudice to the party opposing the modification may also be considered.") (citations and internal quotation marks omitted). Good cause clearly exists to allow such amendment here because: (1) the facts giving rise to the claims at issue were not and could not have been discovered before the deadline for amendment; (2) the facts giving rise to the claim were not discovered until April 2007; (3) Atmel was put on notice of those claims in May by virtue of the filing of the Florida action and the motion to dismiss, and thus, there is no prejudice to Atmel who was apprised of the claims shortly after they were discovered. [3]

Finally, the compulsory counterclaim issue has been rendered moot by virtue of AuthenTec's properly asserted defenses to Atmel's new counterclaims. Atmel answered the AuthenTec complaint and asserted infringement counterclaims. In response to those counterclaims (which also would be precluded under Atmel's flawed argument), AuthenTec properly asserted its unenforceability defenses, which are not at issue in the related case. Thus, Atmel's motion is effectively moot, because this case already presents the identical unenforceability claims through AuthenTec's affirmative defenses in its reply to Atmel's counterclaims.

### 2.    No Additional Particularity is Necessary for the Unenforceability Claim.

Atmel also seeks dismissal of the unenforceability claim because it allegedly does not comply with the heightened pleading standard for fraud under Rule 9(b). Atmel's motion should be denied because at least one basis for the unenforceability claim is not a fraud based claim, and therefore, does not require pleading with particularity. AuthenTec alleges unenforceability claim is based on fraud on

---

[3] Given that unenforceability is now fully at issue in the second action and there is good cause, AuthenTec requests that the Court allow AuthenTec to amend its answer and counterclaims in the *Atmel* case without the need for further unnecessary motion practice.

the patent office (for which Rule 9(b) applies) and through express disclaimer (for which Rule 9(b) does not apply). Thus, AuthenTec's unenforceability claim is not solely grounded in fraud, and survives even if the allegations of fraud on the patent office do not comply with Rule 9(b):

> [I]n a case where fraud is not an essential element of a claim, only allegations ('averments') of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a). . . . The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated.

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks omitted).

Moreover, the fraud portion of the unenforceability claim is plead with sufficient particularity to survive a Rule 9(b) challenge. "Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). AuthenTec's unenforceability claim does that – it tells Atmel when the misrepresentations were made ("during the course of prosecution of the '804 patent") and what statements were made ("statements disclaiming the ability to enforce the '804 patent under [certain] circumstances that . . . have existed in the past"). The prosecution history of the '804 patent is slim, and there is only one set of statements made during prosecution which disclaims the ability to enforce the '804 patent. Thus, Atmel knows from this recitation of facts precisely what is being alleged and Atmel can defend itself against the charge. Indeed, Atmel does not claim otherwise.

However, to the extent even more particularity is required than that in the claim, in its reply to Atmel's counterclaim, AuthenTec has pleaded its affirmative defense of unenforceability due to inequitable conduct – the same defense on which it seeks a declaration – with painstaking particularity. Given the facts pleaded in the affirmative defense, Atmel cannot possibly claim it is unaware of the who, what, where and how of the fraud on the patent office. Thus, dismissal on Rule 9(b) grounds is not justified.[4]

---

[4] At the very least, the Court should grant AuthenTec leave to amend the unenforceability claim to plead it with the same specificity as the affirmative defenses.

**B.      AuthenTec's Tort Claims Should Not be Dismissed.**

        **1.      AuthenTec's Tort Claims Are Not Compulsory Counterclaims Under Rule 13(a).**

Under Rule 13(a) of the Federal Rules of Civil Procedure, only claims which the party has "at the time of serving the pleading" are compulsory counterclaims. *See* Fed. R. Civ. P. 13(a).  Since AuthenTec did not acquire either its interference claim or its abuse of process claim until after it filed its answer in the *Atmel* case, neither of these counterclaims are compulsory within the meaning of Rule 13(a).  Indeed, a counterclaim first acquired by the defendant after it has answered is not considered compulsory, even if it arises out of the same transaction as plaintiff's claim. *Young v. City of New Orleans,* 751 F.2d 794, 801 (5th Cir. 1985); *see also Index Fund, Inc. v. Hagopian*, 91 F.R.D. 599 (S.D.N.Y. 1981) (defendant's claim for indemnity on the cross-claim was deemed acquired after the filing of its responsive pleading and therefore claims would not be barred by Rule 13).

Moreover, even if AuthenTec's tort claims were compulsory, they are not barred by *res judicata*. *Res judicata* only applies when there is a final decision in a case in which the claim was brought or could have been brought. *See, supra,* Section II. A (1).   Since the *Atmel* case is still pending, AuthenTec cannot be barred to assert its tort claims based on *res judicata* even if the tort claims were compulsory – which they are not.  Accordingly, Atmel's motion to dismiss should be denied.

        **2.      The California Litigation Privilege Does Not Apply to this Case.**

Atmel argues that the tort claims are additionally barred due to the operation of the California litigation privilege.  Although AuthenTec believes Atmel is substantively wrong, the substance of AuthenTec's argument need not be examined.

This case was originally brought in Florida and transferred pursuant to 28 U.S.C. § 1404.[5]  When a case is transferred under § 1404, "the transferee district court must be obligated to apply the

---

[5] Even though the transfer order fails to note the authority for the transfer, it states that "the two cases are related as they have common questions of fact and law."  (Dkt. No. 1-10)  These are factors that enter into a § 1404(a) analysis.

1  state law that would have been applied if there had been no change of venue. A change of venue under
2  § 1404 (a) generally should be, with respect to state law, but a change of courtrooms." *Van Dusen v.*
3  *Barrack*, 376 U.S. 612, 639 (1964); *see also Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)
4  ("[T]he transferor law should apply regardless of who makes the § 1404(a) motion."). Federal courts
5  follow the law of the state in which they sit, including choice of law rules. *E.g.*, *Griffin v. McCoach*,
6  313 U.S. 498, 503 (1941). Thus, the transferor Florida court would apply Florida choice of law to
7  determine the substantive law underlying the tort claims at issue here. This Court must do the same, as
8  if it were a Florida court.

9        Florida follows the significant relationship test for choice of law. *Bishop v. Fla. Specialty*
10 *Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). "The rights and liabilities of the parties with respect to an
11 issue in tort are determined by the local law of the state which, with respect to that issue, has the most
12 significant relationship to the occurrence and the parties." *Id.* To determine this, a court will examine:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

16 *Id.*

17       For AuthenTec's tort claims, Florida has the most significant relationship – AuthenTec, based
18 in Florida, is injured in Florida by actions of the Atmel entities (three of whom are aliens) in using this
19 case to negatively affect AuthenTec's business relationships, which are not limited to a particular state
20 or country, rather than as a legitimate attempt to vindicate its rights. Since Florida law governs,
21 AuthenTec's argument based on California litigation privilege is inapplicable.

22       However, even if California law were to apply to the tort claims, AuthenTec's litigation
23 privilege argument is no basis for dismissal. The California litigation privilege, requires, among other
24 things, "communications which functions intrinsically, and apart from any consideration of the
25 speaker's intent, to advance a litigant's case." *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1141
26 (1996), *cited in Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1078 (N.D. Cal. 2006).
27 Unlike the *Sharper Image* case, this case is at a very early stage; specifically, there is no evidence –
28 and Atmel's motion cites none – demonstrating that the communications made by Atmel function to

Case No. C 07-03331 CW     -8-
OPPOSITION TO MOTION TO DISMISS

1  advance Atmel's case or would otherwise be covered by the California litigation privilege even if it
2  was applicable. Thus, the tort claims should proceed and Atmel's motion should be denied.

### 3. The Tort Claims Provide Sufficient Notice Under Rule 8(a).

The Federal Rules of Civil Procedure provide for "notice pleading," and "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Indeed, "[t]o the contrary, all the rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Soreman N.A.*, 534 U.S. 506, 514 (2002); *see also Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1270, n.3 (9th Cir. 2006) (complaint need not state with precision all elements necessary for recovery).

The *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007) case cited by Atmel does not – as Atmel's motion concedes – "impose a heightened pleading standard under Rule (8)a." AuthenTec's tort claims are not "speculative" and plead sufficient facts to state claims that are "plausible on [their] face." *See Bell Atlantic*, 127 S. Ct. at 1964. Since AuthenTec's tort claims provide a short and plain statement of each claim that gives Atmel fair notice of AuthenTec's specific claims and the grounds upon which they rest, AuthenTec's tort claims easily satisfy the requirements of Rule 8(a) and Atmel's motion to dismiss should be denied.

## IV.  CONCLUSION

For the foregoing reasons, AuthenTec respectfully requests the Court deny Atmel's motion to dismiss.

Dated: July 26, 2007

Respectfully submitted,

HOWREY LLP

By: _____/s/ Denise M. De Mory_____
Denise M. De Mory
Attorneys for Counterdefendant
AuthenTec, Inc.

Case No. C 07-03331 CW           -9-
OPPOSITION TO MOTION TO DISMISS