1  Henry C. Bunsow (SBN 60707)
   bunsowh@howrey.com
2  Denise De Mory (SBN 168076)
   demoryd@howrey.com
3  Brian A.E. Smith (SBN 188147)
   smithbrian@howrey.com
4  HOWREY LLP
   525 Market Street, Suite 3600
5  San Francisco California 94105
   Telephone:  (415) 848-4900
6  Facsimile:  (415) 848-4999

7

   Attorneys for Defendant
8  AuthenTec, Inc.

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DIVISION

12

13  ATMEL CORPORATION, a Delaware           Case No. 06 CV 2138 CW
    corporation; ATMEL SWITZERLAND, a
14  corporation;  ATMEL FRANCE, a corporation;
    and ATMEL SARL, a corporation,          **FIRST AMENDED ANSWER TO ATMEL'S**
15                                          **FIRST AMENDED COMPLAINT, AND**
                Plaintiffs,                  **FIRST AMENDED COUNTERCLAIM**
16
           v.                               **JURY TRIAL DEMANDED**
17
    AUTHENTEC, INC., a Delaware corporation,
18
                Defendant.
19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

Case No.  06 CV 2138 CW
FIRST AMENDED ANSWER AND COUNTERCLAIM

DM_US:20601054_1

1    Defendant AuthenTec, Inc. ("AuthenTec") files this amended Answer to the First Amended

2  Complaint for Patent Infringement filed by Plaintiffs Atmel Corporation, Atmel Switzerland, Atmel

3  France, and Atmel SARL (collectively, "Atmel") on November 1, 2006.

### I.    JURISDICTION AND VENUE

5    1.    AuthenTec admits that Atmel's claims seek injunctive relief and damages and purport

6  to arise under the Patent Act.  AuthenTec denies all other allegations of Paragraph 1 of Atmel's First

7  Amended Complaint.

8    2.    AuthenTec admits that venue in this judicial district is proper under the provisions of 28

9  U.S.C. § 1400(b).  The case has been assigned to the Honorable Claudia Wilken in the Oakland

10  Division of the United States District Court for the Northern District of California.

### II.    THE PARTIES

12    3.    AuthenTec lacks sufficient knowledge or information to either admit or deny the

13  allegations of Paragraph 3 of Atmel's First Amended Complaint,

14    4.    AuthenTec lacks sufficient knowledge or information to either admit or deny the

15  allegations of Paragraph 4 of Atmel's First Amended Complaint.

16    5.    AuthenTec lacks sufficient knowledge or information to either admit or deny the

17  allegations of Paragraph 5 of Atmel's First Amended Complaint,

18    6.    AuthenTec lacks sufficient knowledge or information to either admit or deny the

19  allegations of Paragraph 6 of Atmel's First Amended Complaint.

20    7.    AuthenTec admits it is a corporation organized under the laws of Delaware with its

21  principal place of business at 709 South Harbor City Boulevard, Melbourne, Florida 32901 and that

22  AuthenTec transacts business in California and within the United States District Court for the Northern

23  District of California.  Except as so admitted, AuthenTec denies the remaining allegations of Paragraph

24  7 of Atmel's First Amended Complaint.

### III.    THE PATENT IN SUIT

26    8.    AuthenTec admits a copy of U.S. Patent No. 6,289,114 ("the '114 patent") was attached

27  as Exhibit 1 to Atmel's First Amended Complaint, that this copy, on its face, is titled "Fingerprint-

28  Reading System," lists Jean-Francois Mainguet as its named inventor, and purports to have issued on

-1-

1  September 11, 2001.  Except as so admitted, AuthenTec denies the remaining allegations of Paragraph

2  8 of Atmel's First Amended Complaint.

3      9.      AuthenTec admits a copy of U.S. Patent No. 6,459,804 ("the '804 patent") was attached

4  as Exhibit 2 to Atmel's First Amended Complaint, that this copy, on its face, is titled "Fingerprint-

5  Reading System," lists Jean-Francois Mainguet as its named inventor, and purports to have issued on

6  October 1, 2002.  Except as so admitted, AuthenTec denies the remaining allegations of Paragraph 9 of

7  Atmel's First Amended Complaint.

8      10.     AuthenTec lacks sufficient knowledge or information to either admit or deny the

9  allegations of Paragraph 10 of Atmel's First Amended Complaint and on that basis denies the

10  allegations of Paragraph 10.

11                    **IV.    AUTHENTEC'S PURPORTED INFRINGEMENT**

12      11.     AuthenTec denies the allegations of Paragraph 11 of Atmel's First Amended

13  Complaint.

14      12.     AuthenTec admits it has been or is still offering for sale, selling, marketing, using or

15  importing certain biometric fingerprint sensors, including EntrePad sensors AES2501, AES2501A,

16  AES2501B, AES2502, AES1510, AES2510, and AES1610; and the AuthenTec Technology

17  Evaluation Kit (TEK).

18      13.     AuthenTec denies the allegations of Paragraph 13 of Atmel's First Amended

19  Complaint.

20      14.     AuthenTec denies the allegations of Paragraph 14 of Atmel's First Amended

21  Complaint.

22      15.     AuthenTec denies the allegations of Paragraph 15 of Atmel's First Amended

23  Complaint.

24      16.     AuthenTec denies the allegations of Paragraph 16 of Atmel's First Amended

25  Complaint.

26      17.     AuthenTec admits that a July 29, 2005 letter was attached as Exhibit 3 to Atmel's First

27  Amended Complaint and that the letter purports to have been sent to Mr. F. Scott Moody, President

28  and Chief Executive Officer of AuthenTec by Julie Y. Mar-Spinola, Vice President, Global Affairs-

-2-

1  Litigation & Intellectual Property of Atmel.  Except as so admitted, AuthenTec denies the remaining

2  allegations of Paragraph 17 of Atmel's First Amended Complaint.

3         18.      AuthenTec admits that a document titled *Disclosure of Asserted Claims and*

4  *Preliminary Infringement Contentions of Plaintiff Atmel Corporation for U.S. Patent Nos. 6,289,114*

5  *and 6,459,804* was served on October 23, 2006 and that a portion of that document seems to be

6  attached as Exhibit 4 to Atmel's First Amended Complaint.  Except as so admitted, AuthenTec denies

7  the remaining allegations of Paragraph 18 of Atmel's First Amended Complaint.

8         19.      AuthenTec denies the allegations of Paragraph 19 of Atmel's First Amended

9  Complaint.

10        20.      AuthenTec denies the allegations of Paragraph 20 of Atmel's First Amended

11 Complaint.

12                     **ATMEL'S FIRST CLAIM FOR RELIEF**
                     **(Direct Infringement of the '114 and '804 Patents)**
13

14        21.      AuthenTec incorporates by reference its responses to the allegations of Paragraphs 1-20,

   above.
15
          22.      AuthenTec denies the allegations of Paragraph 22 of Atmel's First Amended
16
   Complaint.
17
                     **ATMEL'S SECOND CLAIM FOR RELIEF**
18                   **(Inducing Infringement of the '114 and '804 Patents)**

19        23.      AuthenTec incorporates by reference its responses to the allegations of Paragraphs 1-20,

20 above.

21        24.      AuthenTec denies the allegations of Paragraph 24 of Atmel's First Amended

22 Complaint.

23                    **ATMEL'S THIRD CLAIM FOR RELIEF**
                  **(Contributory Infringement of the '114 and '804 Patents)**
24
          25.      AuthenTec incorporates by reference its responses to the allegations of Paragraphs 1-20,
25
   above.
26
          26.      AuthenTec denies the allegations of Paragraph 26 of Atmel's First Amended
27
   Complaint.
28

Case No.  06 CV 2138 CW
FIRST AMENDED ANSWER AND COUNTERCLAIM

## V.    ATMEL'S PRAYER FOR RELIEF

27.    AuthenTec denies that Atmel is entitled to any and all of its requested relief (as listed in Atmel's Prayer for Relief, paragraphs 1-5).

## VI.    AUTHENTEC'S DEFENSES

### First Defense (Failure to State a Claim)

28.    Atmel fails to state a claim upon which relief may be granted.

### Second Defense (Noninfringement)

29.    AuthenTec does not infringe, nor has it ever infringed, any valid claim of the '114 or '804 patents ("the patents in suit"), either directly or indirectly, through inducement or by contributory infringement, literally or under the doctrine of equivalents.

### Third Defense (Invalidity)

30.    Each claim of the patents in suit are invalid or void for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### Fourth Defense (Laches)

31.    On information and belief, Atmel's claims for relief are barred, in whole or in part, by the doctrine of laches.

### Fifth Defense (Waiver/Estoppel)

32.    On information and belief, Atmel's claims for relief are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### Sixth Defense (Unclean Hands)

33.    On information and belief, Atmel's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

### Seventh Defense (Prosecution History Estoppel)

34.    On information and belief, Atmel's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel and Atmel is estopped from asserting a construction of any valid claim to cover or include any AuthenTec products on account of actions/inactions taken by the named inventor, prosecution attorneys and/or others substantively involved in the prosecution of the

-4-

1  applications that became the patents in suit, including but not limited to the amendment, cancellation

2  or abandonment of claims, as well as admissions or other statements made to the Patent Office during

3  the prosecution of the patents in suit.

**Eighth Defense (Patent Marking)**

5      35.    On information and belief, Atmel's claims for relief are barred, in whole or in part, by

6  failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

**Ninth Defense (Lack of Standing)**

8      36.    On information and belief, Atmel lacks standing to assert the patents in suit.

**Tenth Defense (Unenforceability of '804 Patent — Inequitable Conduct)**

10     37.    During prosecution of the '804 patent, the Examiner rejected all pending claims due to

11 double patenting over the '114 patent.  Pursuant to PTO rules, such a rejection can be overcome only

12 upon filing a terminal disclaimer.

13     38.    The attorneys prosecuting the application which became the '804 patent filed a terminal

14 disclaimer dated February 15, 2002, stating that Thomson-CSF was the owner of the invention

15 disclosed in the application.  Because a terminal disclaimer is only effective when the rejected

16 application and existing patent are commonly owned, the filing of the terminal disclaimer represented

17 that Thomson-CSF, the named assignee on the face of the '114 patent, remained the owner of the '114

18 patent.

19     39.    This representation that the '114 patent was owned by Thomson-CSF was false.  On

20 information and belief, at the time the terminal disclaimer was filed, the '114 patent was owned by

21 Atmel Grenoble, having been assigned by Thomson-CSF on or about May 22, 2000.

22     40.    This false representation was made with the intent to deceive the Examiner.  The

23 Examiner had no way to know that the representation that Thomson-CSF owned the '114 patent was

24 false, because the assignment of the '114 patent from Thomson-CSF to Atmel Grenoble was never

25 recorded with the PTO or otherwise brought to the attention of the Examiner.

26     41.    This false representation was material to the issuance of the '804 patent.  Had the

27 Examiner been aware that the '114 patent and the '804 patent application were owned by different

28 entities, the '804 patent would not have issued.

Case No.  06 CV 2138 CW
FIRST AMENDED ANSWER AND COUNTERCLAIM

1    42.    This intentional, material misrepresentation to the PTO constitutes inequitable conduct

2  and renders the '804 patent unenforceable.

3                **Eleventh Defense (Unenforceability of '804 Patent — Terminal Disclaimer)**

4    43.    The February 15, 2002 terminal disclaimer states that the '804 patent is "enforceable

5  only for and during such period that the legal title to said patent shall be the same as the legal title to

6  United States Patent No. 6,289,114. . . ."  On information and belief, the '804 patent has never been

7  assigned to any Atmel entity, and thus, from the issuance of the '804 patent through today, the legal

8  title to the '804 patent and the '114 patent have always been held by different entities.  Thus, the '804

9  patent is unenforceable by the express terms of the terminal disclaimer.

10               **Tenth Defense (Reservation of Defenses)**

11    37.    AuthenTec presently has insufficient knowledge or information upon which to form a

12  belief as to whether it may have additional, yet unstated defenses.  As such, AuthenTec reserves the

13  right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

14              **AUTHENTEC'S FIRST AMENDED COUNTERCLAIM**

15    Defendant/Counterclaimant AuthenTec, Inc. ("AuthenTec") brings the following amended

16  counterclaim against Plaintiffs/Counterdefendants Atmel Corporation, Atmel Switzerland, Atmel

17  France, and Atmel SARL, (collectively, "Atmel") and respectfully alleges the following:

18              **I.    THE PARTIES**

19    1.    AuthenTec is a corporation organized under the laws of Delaware with its principal

20  place of business at 709 South Harbor City Boulevard, Melbourne, Florida 32901.

21    2.    On information and belief, Atmel is a corporation organized under the laws of Delaware

22  with its principal place of business at 2325 Orchard Parkway, San Jose, California 95131.

23              **II.    JURISDICTION & VENUE**

24    3.    This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and

25  2202, and the patent laws of the United States of America.

26    4.    This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1332,

27  1338(a) and 2201.

28

-6-

Case No.  06 CV 2138 CW
FIRST AMENDED ANSWER AND COUNTERCLAIM

1    5.    Venue properly lies within the Northern District of California pursuant to the provisions

2 of 28 U.S.C. §§ 1391 (b), (c) and 1400(b) because the claims involve federal questions concerning

3 patent law and Atmel is subject to personal jurisdiction in the Northern District of California.

4    6.    An actual, substantial, and continuing justiciable controversy exists between AuthenTec

5 and Atmel with respect to which AuthenTec requires a declaration of its rights by this Court.

6 Specifically, the controversy relates to the invalidity, unenforceability, and noninfringement of U.S.

7 Patent Nos. 6,289,114 and 6,459,804 ("the patents in suit"), and to Atmel's right to threaten and/or

8 maintain a suit for infringement of the patents in suit.

9    **III.    AUTHENTEC'S COUNTERCLAIMS**

10    **First Counterclaim (Declaration of Noninfringement of the Patents in Suit)**

11    7.    AuthenTec's first counterclaim is an action for declaratory judgment of

12 noninfringement of any valid claim of the patents in suit.

13    8.    Atmel has alleged, and continues to allege, that it is the current owner of all right,

14 interest and title in and to the patents in suit.

15    9.    Atmel has alleged, and continues to allege, that AuthenTec has been and still is

16 infringing one or more claims of the patents in suit.

17    10.    Atmel has alleged, and continues to allege, that it is entitled to an award of actual

18 damages on account of AuthenTec's alleged infringement of the patents in suit.

19    11.    Atmel has alleged, and continues to allege, that in addition to its request for an award of

20 actual damages and certain costs Atmel is entitled to a permanent injunction against infringement from

21 the date of any judgment to the expiration of the patents in suit.

22    12.    Atmel has alleged, and continues to allege, that AuthenTec's allegedly infringing

23 activities constitute willful infringement and, therefore, entitle Atmel to recover treble damages under

24 35 U.S.C. § 284.

25    13.    Atmel has alleged, and continues to allege, that this case is an "exceptional case"

26 justifying an award of attorneys' fees and costs to Atmel under 35 U.S.C. § 285.

27    14.    AuthenTec denies the allegations made by Atmel as listed above in Paragraphs 8-13.

28

-7-

1      15.    AuthenTec's products do not infringe and have never infringed any valid claim of the

2  patents in suit, either literally or under the doctrine of equivalents, nor is AuthenTec actively inducing

3  or contributing to the infringement of the patents in suit.  Therefore, AuthenTec is not liable for any

4  damages purportedly arising from Atmel's accusation of infringement.

5      16.    AuthenTec desires and requests a judicial determination and declaration of the

6  respective rights and duties of the parties based on the disputes recited above.  Such a determination

7  and the resulting declaration are necessary and appropriate at this time so that the parties may ascertain

8  their respective rights and duties regarding the noninfringement of the patents in suit.

9        **Second Counterclaim (Declaration of Invalidity of the Patents in Suit)**

10     17.    AuthenTec's second counterclaim is an action for declaratory judgment of invalidity of

11  the claims of the patents in suit.

12     18.    AuthenTec denies the allegations made by Atmel as listed in Paragraphs 8-13.

13     19.    The patents in suit, and each claim thereof, are invalid for failure to comply with the

14  conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly

15  35 U.S.C. § 101 *et seq.*

16     20.    The patents in suit, and each claim thereof, are invalid for failure to comply with the

17  provisions of 35 U.S.C. § 102.

18     21.    The patents in suit, and each claim thereof, are invalid for failure to comply with the

19  provisions of 35 U.S.C. § 103.

20     22.    The patents in suit, and each claim thereof, are invalid for failure to comply with the

21  provisions of 35 U.S.C. § 112.

22     23.    AuthenTec desires and requests a judicial determination and declaration of the

23  respective rights and duties of the parties on the disputes recited in above.  Such a determination and

24  declaration are necessary and appropriate at this time so the parties may ascertain their respective

25  rights and duties regarding the invalidity of the patents in suit.

26        **Third Counterclaim (Declaration of Unenforceability of the '804 Patent)**

27     24.    AuthenTec's third counterclaim is an action for declaratory judgment of

28  unenforceability of the '804 patent.

-8-

1    25.    AuthenTec denies the allegations made by Atmel as listed in Paragraphs 8-13.

2    26.    The '804 patent is unenforceable both due to inequitable conduct and through the

3  operation of the terminal disclaimer filed during prosecution of the '804 patent.

4    27.    During prosecution of the '804 patent, the Examiner rejected all pending claims due to

5  double patenting over the '114 patent.  Pursuant to PTO rules, such a rejection can be overcome only

6  upon filing a terminal disclaimer.

7    28.    The attorneys prosecuting the application which became the '804 patent filed a terminal

8  disclaimer dated February 15, 2002, stating that Thomson-CSF was the owner of the invention

9  disclosed in the application.  Because a terminal disclaimer is only effective when the rejected

10  application and existing patent are commonly owned, the filing of the terminal disclaimer represented

11  that Thomson-CSF, the named assignee on the face of the '114 patent, remained the owner of the '114

12  patent.

13    29.    This representation that the '114 patent was owned by Thomson-CSF was false.  On

14  information and belief, at the time the terminal disclaimer was filed, the '114 patent was owned by

15  Atmel Grenoble, having been assigned by Thomson-CSF on or about May 22, 2000.

16    30.    This false representation was made with the intent to deceive the Examiner.  The

17  Examiner had no way to know that the representation that Thomson-CSF owned the '114 patent was

18  false, because the assignment of the '114 patent from Thomson-CSF to Atmel Grenoble was never

19  recorded with the PTO or otherwise brought to the attention of the Examiner.

20    31.    This false representation was material to the issuance of the '804 patent.  Had the

21  Examiner been aware that the '114 patent and the '804 patent application were owned by different

22  entities, the '804 patent would not have issued.

23    32.    This intentional, material misrepresentation to the PTO constitutes inequitable conduct

24  and renders the '804 patent unenforceable.

25    33.    In addition, the February 15, 2002 terminal disclaimer states that the '804 patent is

26  "enforceable only for and during such period that the legal title to said patent shall be the same as the

27  legal title to United States Patent No. 6,289,114. . . ."  On information and belief, the '804 patent has

28  never been assigned to any Atmel entity, and thus, from the issuance of the '804 patent through today,

-9-

1    the legal title to the '804 patent and the '114 patent have always been held by different entities.  Thus,

2    the '804 patent is unenforceable by the express terms of the terminal disclaimer.

3         34.    AuthenTec desires and requests a judicial determination and declaration of the

4    respective rights and duties of the parties on the disputes recited in above.  Such a determination and

5    declaration are necessary and appropriate at this time so the parties may ascertain their respective

6    rights and duties regarding the unenforceability of the patents in suit.

7                      **IV.    PRAYER FOR RELIEF**

8        WHEREFORE, Defendant/Counterclaimant AuthenTec prays for the following:

9        A.    A judgment that Atmel take nothing by its Complaint;

10        B.    A judgment that Atmel's First Amended Complaint be dismissed with prejudice and

11    that all relief requested therein be denied with prejudice;

12        C.    A judgment declaring that AuthenTec has not and does not infringe, in any manner or in

13    any way, any valid and enforceable claim of the patents in suit;

14        D.    A judgment declaring that each claim of the patents in suit is invalid;

15        E.    A judgment deeming this to be an "exceptional" case within the meaning of 35 U.S.C. §

16    285, therefore entitling AuthenTec to an award of its reasonable attorneys' fees, expenses and costs in

17    this action;

18        F.    For such other and further relief, in law or in equity, as this Court deems just.

19

20

21    Dated:  August ___, 2007               Respectfully submitted,

22                              HOWREY LLP

23

24                              By: _____

25                                    Denise M. De Mory
                                Attorneys for Defendant

26                              AUTHENTEC, INC.

27

28

-10-