1  Edward G. Poplawski (SBN 113590)
   *epoplawski@sidley.com*
2  Denise L. McKenzie (SBN 193313)
   *dmckenzie@sidley.com*
3  Olivia M. Kim (SBN 228382)
   *okim@sidley.com*
4  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
5  Los Angeles, California  90013-1010
   Telephone:        (213) 896-6000
6  Facsimile:        (213) 896-6600

7  **Attorneys For Plaintiffs-Defendants**
   Atmel Corporation; Atmel Switzerland;
8  Atmel France; and Atmel SARL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>Defendant. | Case No.  C 06-02138 CW |
| AUTHENTEC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation,<br><br>Defendants. | Case No. C 07-03331 CW<br><br>**ATMEL'S MOTION TO EXTEND CASE SCHEDULE**<br><br>**[Civil L.R. 6-3]** |

**Atmel's Motion to Extend
Case Schedule
C 06-02138 CW; C 07-03331 CW**

LA1 971685v.1

Plaintiffs-Defendants Atmel Corporation, Atmel Switzerland, Atmel France, and Atmel SARL (collectively, "Atmel"), by and through its undersigned attorneys, hereby move for a 90-day extension of the case schedule. Atmel believes this extension is warranted and justified, and will serve the ends of discovery and efficient litigation, and in support, states as follows:

1. On May 21, 2007, pursuant to the parties' stipulation, the Court ordered an interim stay of discovery until AuthenTec's Motion to Dismiss filed on May 1, 2007 was resolved. (C-06-02138 CW, Dkt. No. 72.) On June 11, 2007, the Court denied AuthenTec's Motion to Dismiss. (C-06-02138 CW, Dkt. No. 78.) Accordingly, the discovery period was extended 90 days from June 11, 2007 and the remainder of the schedule was reset in accordance with the terms of the previous schedule pursuant to the May 21, 2007 Order. (C-06-02138 CW, Dkt. No. 72.) Currently, fact discovery closes on September 17, 2007.

2. Despite diligent efforts made by Atmel to meet the deadline of September 17, 2007 to complete fact discovery, the delay in production of documents and depositions by both parties necessitate extension of the case schedule by 90 days.

3. Due to requirements of French laws, Atmel was unexpectedly delayed this summer in producing documents gathered from France. Atmel performed a supplemental search for documents in France and uncovered additional documents that may be responsive to AuthenTec's broad range of document requests and that are potentially relevant to several of AuthenTec's noticed depositions. However, Atmel learned around the same time that there are strict laws in France that govern the transfer of documents to the United States from France. Atmel became aware of these laws in connection with another matter. In an abundance of caution, Atmel refrained from further collecting or producing any documents from France until it could confirm that such production would comply with the applicable French laws. Atmel searched for and retained counsel in France familiar with these requirements, and had prepared the necessary papers to file with the Commission Nationale de l'Informatique et des Libertés ("CNIL"). Those papers were filed in France on July 30, 2007. The remaining supplemental documents were shipped on August 1 to the United States from France, and

are currently in U.S. customs in Kentucky. They have not yet been received at Atmel's headquarters in San Jose, California.

4.     In July, Atmel informed AuthenTec about its obligations under the French laws and the resulting delay with respect to the production of documents from France. (*See* Ex. 1, 07/19/07 McKenzie letter to DeMory and Smith.) In particular, Atmel provided AuthenTec with the citation for the French rules restricting data transfers from France. (*Id.*) Because the documents from France may be relevant to most of the depositions of the witnesses that AuthenTec noticed, Atmel suggested that AuthenTec depose those witnesses after Atmel produces the documents so that the witnesses need not be deposed twice.[1] Alternatively, Atmel suggested that AuthenTec could take its noticed depositions without the benefit of reviewing the potentially relevant documents that have not yet been produced. However, Atmel wanted to avoid the waste and cost of duplicative depositions, especially since some of those witnesses reside in France. (*See id.*)

5.     Atmel also notified AuthenTec of its current understanding of the general nature of the documents from France and the volume of documents that Atmel expects to produce. (*See* Ex. 2, 07/31/07 Kim letter to DeMory.) Further, Atmel informed AuthenTec that it is endeavoring to complete the production by the end of August with the production to begin on the week of August 6, 2007. (*See id.*) Because Atmel's counsel does not yet have access to all of the documents, it does not yet know in particular what kinds of documents there are, how many are in French, or how easy they will be to review.

6.     Upon learning of Atmel's situation with the documents from France, AuthenTec unilaterally canceled Atmel's Rule 30(b)(6) deposition concerning AuthenTec's source code, which was scheduled for the week of July 23, 2007. Through this deposition, Atmel seeks information about the operation of the accused products, and Atmel believes it may be important if not central to its infringement case. In addition, Atmel believes that through that deposition it may identify additional witnesses or documents that may be the subject of further discovery regarding the

---

[1] AuthenTec has served seven deposition notices of Atmel's former and current employees. AuthenTec also served a Rule 30(b)(6) Deposition Notice to Atmel. Atmel has offered deposition dates for three witnesses that Atmel believes will not be impacted by the document production.

**Atmel's Motion to Extend
Case Schedule
C 06-02138 CW; C 07-03331 CW**

2

structure, function and operation of the accused products. Atmel had noticed this deposition in mid April. However, AuthenTec delayed this deposition and informed Atmel that because of schedule issues with both AuthenTec's lawyer and the witness, it would not take place before the third week of July. (Ex. 3, 06/15/07 Kim letter to De Mory.) In defense of its cancellation of the source code deposition that was finally scheduled for July 23, 2007, AuthenTec argued that it was unwilling to have Atmel take the deposition because discovery is a two-way street. (*See* Ex. 2, 07/31/07 Kim letter to DeMory.) AuthenTec has now rescheduled this deposition for ***September***. Atmel cannot wait to have this deposition occur in September, and then have fact discovery end on September 17 because it will effectively preclude any follow-up discovery on key issues in the case.

7.   In addition, Atmel has faced other delays from AuthenTec. Because AuthenTec failed to produce all documents responsive to Atmel's requests for production, Atmel was forced to postpone the deposition of AuthenTec's Chief Technical Officer and Co-Founder, Mr. Dale Setlak. (The parties are currently meeting and conferring on these issues.) (*See* Ex. 4, 07/10/07 Kim letter to DeMory.) For example, AuthenTec has not produced any information regarding its customers or any documents responsive to Atmel's Fourth Set of Requests for Production concerning AuthenTec's IPO. Atmel believes that such information is relevant to damages (potentially lost sales and a reasonably royalty) and to statements about the valuation of Authentec's business, which is also relevant to damages. Atmel is concerned that if the parties' negotiations over documents break down there is not sufficient time left in the fact-discovery period to have the Court hear and rule on a motion to compel, and then schedule the deposition. Thus, the current schedule (or even AuthenTec's proposed schedule) will preclude important avenues of discovery for Atmel's case.

8.   Currently, there is ***only one*** scheduled deposition per each side in ***September***: Atmel's Rule 30(b)(6) deposition concerning AuthenTec's source code and AuthenTec's deposition of former employee of Atmel. Atmel has also told AuthenTec that it will make two other witnesses available, one in late August and one in September, although the dates are not yet set. Atmel believes that none of those depositions are affected by the documents from France. Once Atmel has documents and opening depositions from AuthenTec, it expects to notice more depositions. (The

**Atmel's Motion to Extend Case Schedule**
**C 06-02138 CW; C 07-03331 CW**

3

LA1 971685v.1

deposition limit for this case is fifteen per side.)  And, Authentec will have five notices open, one of which is a 30(b)(6) notice with 17 topics.

9. Under the circumstances described above, both Atmel *and* AuthenTec will be unable to complete fact discovery by September 17, 2007.  Both parties will not be able to take pertinent depositions until September, after document issues of both sides have been resolved.  Moreover, Atmel will not have the opportunity to learn the identity of what it believes are important witnesses concerning infringement and damages until after some of the initial depositions are taken and after AuthenTec produces all responsive documents.  Accordingly, Atmel believes that not extending the case schedule would cause it substantial prejudice.

10. Atmel met and conferred with AuthenTec and proposed a 90-day extension, explaining the circumstances as described above.  (*See* Ex. 2, 07/31/07 Kim letter to DeMory.)  AuthenTec, however, rejected Atmel's proposal.  It proposed the following non-negotiable terms: (1) Atmel commit to a firm date of August 31, 2007 to produce all documents; (2) the depositions will occur within 30-45 days after the completion of the document production; and (3) extend the fact discovery by 30 days.

11. AuthenTec's proposal is unreasonable for several reasons.  First, although Atmel is working diligently to produce all documents by the end of August, Atmel is not in a position to commit to a firm date.  Atmel's counsel does not yet have all the documents, and it also may need to translate certain documents from French to English in order to aid its review and production.  Thus, the review will be more time consuming than other types of document productions.  Second, even if Atmel could commit to a firm date for the completion of document production, it is not confident that all depositions and discovery will be complete by October 17, 2007 (a thirty-day extension from the current fact-discovery cut off).  The 30-day extension also fails to account for the possibility that the parties may engage in discovery motions.

12. In addition, Atmel is concerned that AuthenTec's proposed 30-day extension is intentionally short in order to preclude Atmel from obtaining discovery that is necessary to prove its case with respect to infringement and damages.  Throughout this case, AuthenTec has objected to

**Atmel's Motion to Extend
Case Schedule
C 06-02138 CW; C 07-03331 CW**

4

LA1 971685v.1

legitimate discovery, delayed in producing documents or witnesses, and now it is trying to run out the clock and prevent Atmel from proving its case.

13.  In light of the circumstances as described above and to ensure that this case is decided on the merits of a fully developed record, a 90-day extension of the schedule is both reasonable and necessary.  Accordingly, Atmel respectfully requests that the Court grant Atmel's motion for a 90-day extension.  The new resulting schedule is set forth below:

| Event | Date |
|---|---|
| Fact Discovery Cut-Off | December 17, 2007 |
| Completion of Claim Construction Discovery | January 7, 2008 |
| Claim Construction Opening Brief and Dispositive Motions | January 22, 2008 |
| Claim Construction Responsive Brief and Responses to Dispositive Motions | February 22, 2008 |
| Claim Construction Reply Brief and Reply re Dispositive Motions | March 7, 2008 |
| Claim Construction/Dispositive SurReply Brief | March 21, 2008 |
| **Claim Construction / Dispositive Motion Hearing And Case Management Conference** | *April 24, 2008 2:00 p.m.* |
| Opening Expert Reports | 21 Days After Claim Construction Ruling |
| Rebuttal Expert Reports | 21 Days After Opening Expert Reports |
| Completion of Expert Discovery | 21 Days After Rebuttal Report |

14.  Atmel also respectfully requests that the Court vacate the Claims Construction Hearing; Further Case Management Conference; and Motion Hearing set for October 19, 2007, which was set prior to the May 21, 2007 Order (C-06-02138 CW, Dkt. No. 72) extending schedule.

Respectfully Submitted,

DATED: August 3, 2007              By:  *s/ Olivia M. Kim*

**Atmel's Motion to Extend Case Schedule**
**C 06-02138 CW; C 07-03331 CW**

5

LA1 971685v.1

| | |
|---|---|
| 1 | Edward G. Poplawski |
| 2 | Denise L. McKenzie |
|  | Olivia M. Kim |
| 3 | SIDLEY AUSTIN LLP |
|  | 555 West Fifth Street, Suite 4000 |
| 4 | Los Angeles, California 90013-1010 |
|  | Telephone: (213) 896-6000 |
| 5 | Facsimile: (213) 896-6600 |
| 6 | |
|  | Attorneys for Plaintiffs – Defendants, |
| 7 | Atmel Corporation; |
|  | Atmel Switzerland; |
| 8 | Atmel France; and |
|  | Atmel SARL |

**Atmel's Motion to Extend**
**Case Schedule**
**C 06-02138 CW; C 07-03331 CW**

6

LA1 971685v.1