# EXHIBIT 3

Case 4:07-cv-03331-CW     Document 14-5     Filed 08/03/2007     Page 1 of 4



SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
(213) 896 6000
(213) 896 6600 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

okim@sidley.com
(213) 896-6928

FOUNDED 1866

June 15, 2007

**By Email**

Denise De Mory
Howry LLP
525 Market Street
Suite 3600
San Francisco, CA 94105-2708

  Re: Atmel Corp. et al. v. AuthenTec, Inc.
     <u>Case No. 06-CV-2138 CW</u>

Dear Denise:

  This memorializes today's meet and confer concerning outstanding discovery issues.

**<u>Source Code and Atmel's Second Rule 30(b)(6) Deposition Notice</u>**

  You indicated that AuthenTec's source code using Perforce (not Visual SourceSafe) was produced and that Perforce is not needed to read the source code files. In order to clarify issues concerning AuthenTec's source codes, we have agreed to meet and confer again on **Wednesday, June 20, 2007 at 11 a.m.** to discuss AuthenTec's source code directory and the content of the files in the computer at Howrey containing the source codes and other documents.

  You represented that AuthenTec will designate witness(es) as to the topics in Atmel's Second Rule 30(b)(6) Deposition Notice. However, you wanted to discuss the scope of the topics in conjunction with the source code issues next Wednesday.

  As to the scheduling of the deposition(s) concerning the Second Rule 30(b)(6) Deposition Notice, you stated that due to the lack of availability of lawyers and witness(es), it will not take place until the third week of July at the earliest. However, you indicated that depositions of Atmel's witnesses may go forward in June because you do not have to be involved in those depositions (despite the fact that Atmel's deposition notice was served before AuthenTec's deposition notices).

  As we expressed in the call, we are concerned about the impact that the one-month-delay of taking the Second Rule 30(b)(6) deposition would have in the schedule, especially because we



Denise De Mory
June 15, 2007
Page 2

only have 90 days to finish discovery. This is especially concerning because the delay seems to be primarily a result of AuthenTec's lawyers' scheduling conflicts. Notwithstanding the foregoing, we are willing to work with AuthenTec to take necessary discovery within the currently allowed discovery period. However, we reserve the right to raise the scheduling issues with the Court if the current delay impacts other discovery scheduling and if the delay in scheduling depositions continues.

### Depositions

The parties agreed to obtain available dates of depositions that are outstanding. For AuthenTec, the outstanding depositions are: Rule 30(b)(6); Graham Turner; John Harris; Daniel Vellou; and Julie Mar Spinola. We indicated that we are still investigating as to former employees and that we will let you know as soon as we find them. You also indicated that you plan to serve notices of depositions of Cynthia Bright and Larry Hara.

For Atmel, the outstanding depositions are: Second Rule 30(b)(6); Dale Setlak; and Katy Recob.

### AuthenTec's Document Production

- <u>Sensor schematics</u> – you indicated that you will look into this matter.

- <u>Agreements, licenses, etc. in file cabinets</u> – you represented that AuthenTec has produced a spreadsheet that contains all sales information to customers. We indicated that we believe that agreements with customers are very relevant to various issues including damages and indirect infringement. We agreed to discuss this issue further on Wednesday after Denise and I have had a chance to review the spreadsheet produced by AuthenTec more carefully. You also indicated that the spreadsheet responds to Atmel's Interrogatory No. 15 (Second Set).

- <u>Documents or confirmations as promised at the March 14, 2007 meet and confer</u> – Because you were not ready to discuss this matter, we have agreed to meet and confer after you had a chance to review these issues. We have also agreed to review any of Atmel's promises at the March 14, 2007 meet and confer that may be still outstanding.

### Improper Redactions

Unfortunately, you indicated that the issues regarding redaction of documents are now at an impasse and did not want to discuss this issue any further. Please see my letter of today regarding this issue.

LA1 942639v.1



Denise De Mory
June 15, 2007
Page 3

### AuthenTec's Other Outstanding Issues

- <u>Interrogatories (May 7, 2007 Letter)</u>: We indicated that we should be able to supplement our responses to Interrogatory Nos. 10, 11, 12 and 17 by end of next week. As to Interrogatory Nos. 4, 5, 9, 14 and 16, we stated that we will consider the responses more carefully and get back to you. As to Interrogatory Nos. 2 and 3, we expressed our belief that the responses are complete.

- <u>Atmel's Privilege Log (May 9, 2007 Letter)</u>: We have agreed to discuss this issue next Wednesday.

- <u>Atmel's Document Production (May 9, 2007 Letter)</u>: We indicated that we are currently involved in supplemental search for documents. As to AML1436-1566, you stated that you will let us know when you would like to review the originals.

Please let us know if your recollection differs in any way from the above.

Sincerely,

Olivia M. Kim

cc: Brian A.E. Smith
Matthew F. Greinert

LA1 942639v.1