Henry C. Bunsow (SBN 60707)
bunsowh@howrey.com
Denise De Mory (SBN 168076)
demoryd@howrey.com
Brian A.E. Smith (SBN 188147)
smithbrian@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco California 94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999

Attorneys for Defendant/Counterplaintiff
AUTHENTEC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation;  ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>              Defendant. | Case No. 06-CV-02138 CW<br>Case No. 07-CV-03331 CW<br><br>**AUTHENTEC'S OPPOSITION TO ATMEL'S MOTION TO EXTEND CASE SCHEDULE**<br><br><br>Location:     Courtroom 2, 4th Floor<br>Judge:          Hon. Claudia Wilken |
| AUTHENTEC, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation;  ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation,<br><br>              Defendants. | |

Case No.  C 07-03331 CW
OPP TO MOTION TO EXTEND CASE SCHEDULE

DM_US:20609273_1

Plaintiffs-Defendants Atmel Corporation, Atmel Switzerland, Atmel France and Atmel SARL (collectively "Atmel") motion[1] for an unconditional 90-day extension of the case schedule should be denied. After nearly eighteen months since Atmel filed this case and just two months before the close of fact discovery — which has already been extended once by the Court — Atmel informed AuthenTec that at least 10-15 boxes of highly relevant documents, apparently responsive to the Patent Local Rules and AuthenTec's discovery requests have been "uncovered"[2].

Despite its obligations to search for and produce these documents a year ago, or longer, and the impending close of fact discovery, Atmel steadfastly refuses to agree to *any* date certain to produce these documents. Similarly, Atmel has stalled almost all depositions until after it eventually produces the voluminous documents because Atmel refuses to "allow any witness to be deposed twice" (Atmel's Motion, Ex. 1). Furthermore, Atmel has done almost nothing to move this case forward in the eighteen months this case has been pending[3]. Accordingly, Atmel's motion, without any conditions, should be denied. The Court should either deny Atmel's motion or alternatively only extend the case schedule on the conditions that (1) Atmel produce all documents responsive to the Patent Local Rules and AuthenTec's discovery requests by a date certain; and (2) Atmel produce witnesses for all of AuthenTec's outstanding deposition notices within 30-45 days thereafter; and (3) any extension is subject to AuthenTec's right to seek additional time or other relief, including sanctions, depending on the content of the documents produced by Atmel.

First, despite Atmel's claim in its motion that it has made "diligent efforts," Atmel has, in fact,

---

[1] Atmel's motion purports to be a motion under Civil L.R. 6-3 but fails to meet the specific requirements of Civil L.R. 6-3. Atmel's motion is really a motion to modify the schedule under Fed. R. Civ. P. 16(b) but Atmel's motion fails to show the "good cause" required for its proposed unconditional modification of the Court's schedule. Fed. R. Civ. P. 16(b).

[2] Atmel admits that the 10-15 boxes of documents is only a "rough estimation". (Atmel's Motion Ex. 2). Considerable mystery still surrounds these documents because Atmel refuses to provide any information regarding when Atmel first searched for these documents, or the circumstances surrounding how these documents were "uncovered".

[3] Atmel has even failed to comply with the Court's order regarding mediation. The mediation deadline was January 8, 2007, or as soon thereafter as a mediator was available. Atmel took no concrete steps to schedule the mediation. Thus, AuthenTec proposed a list of mediators, contacted a mediator, and ultimately agreed to a February 15, 2007 mediation. Atmel cancelled that mediation and indicated that it would reschedule but has not done so. In addition, on April 6, 2007, Atmel moved the Court to extend the claim construction discovery deadline to July 9, 2007 solely to delay AuthenTec's deposition of Atmel's expert Dr. Anil Jain, who was apparently unprepared.

Case No. C 07-03331 CW
OPP TO MOTION TO EXTEND CASE SCHEDULE
-1-

1  been severely dilatory in complying with the Court's schedule, the Patent Local Rules or AuthenTec's
2  discovery requests. For example, Atmel's total production of documents to date is fewer than 6000
3  pages or two boxes (De Mory Decl. ¶4)[4]. Of the approximately 6000 pages Atmel has produced, over
4  1200 pages consist of patents, and patent prosecution histories, another 1000 pages are copies of the
5  named inventor's web pages and e-mails, another 500 pages are code printouts, and another
6  approximately 600 pages are a single microcontroller manual. (De Mory Decl. ¶5). Not surprisingly,
7  Atmel's limited production is responsive to only a small number of AuthenTec's requests. Atmel has
8  produced *no documents at all* in response to most of AuthenTec's 112 requests for production.

In October, 2006, Atmel served its Preliminary Infringement Contentions. Atmel was required to produce with its contentions, "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention … ". Patent L.R. 3-2. Additionally, AuthenTec served Atmel with document requests seeking conception and reduction to practice documents (De Mory Decl. ¶3, Ex. 2). However, to date, Atmel has not produced any inventor notebooks, and few documents that predate the filing of the patents. Atmel also has failed to produce documents regarding products Atmel contends practice the claimed inventions, documents concerning Atmel's manufacturing capability, documents related to Atmel's alleged damages and documents relating to the transfer of the patents. No licenses, documents reflecting license negotiations, or correspondence with potential licensees have been produced by Atmel except for information relating to AuthenTec. It does not appear that several named parties have produced any documents at all. These categories of documents are highly relevant and critical to issues in this case. In addition, Atmel has improperly withheld numerous documents improperly claiming privilege. AuthenTec has filed two separate motions to compel to address these issues. Atmel's written discovery responses are equally inadequate and will be the subject of a third motion to compel.

---

[4] The "De Mory Decl." refers to the Declaration of Denise M. De Mory In Support of Defendant AuthenTec's Motion to Compel Atmel's Production of Documents, Production of Witnesses for Deposition and Extend AuthenTec's Fact Discovery Period. The motion to compel is Dkt. No. 90 Case No. 06-cv-2138 CW and the De Mory Decl. is Dkt. No. 91 Case No. 06-cv-2138 CW. AuthenTec has also filed a Motion to Compel Production of Allegedly Privileged Documents. Dkt. No. 92 Case No. 06-cv-2138 CW.

Case No. C 07-03331 CW
OPP TO MOTION TO EXTEND CASE SCHEDULE                -2-

DM_US:20609273_1

1    Despite Atmel's obviously deficient document production, Atmel repeatedly – and falsely –
2 represented that all responsive documents had been produced. (De Mory Decl. ¶2 Ex. 1). Based on
3 Atmel's representations that all documents had been produced, on April 19, 2007, AuthenTec served a
4 Rule 30(b)(6) deposition notice of Atmel, and AuthenTec served notices of deposition for nine
5 individuals, including the named inventor.  Despite these deposition notices and several follow up
6 demands and meet and confers, Atmel initially refused to provide a *single* date for deposition for any
7 of its witnesses.

    On July 10, 2007, Atmel first informed AuthenTec that it had located additional documents
9 responsive to the Patent Local Rules and AuthenTec's discovery requests, that counsel was allegedly
10 already reviewing (De Mory Decl. ¶17, Ex. 12).  On July 18, 2007, Atmel claimed that the documents
11 were still in France, and that French laws were somehow prohibiting Atmel's production of the
12 documents (De Mory Decl. ¶19, Ex. 14).  AuthenTec requested clarification regarding what provisions
13 of French law prohibited the production but Atmel refused AuthenTec's request to clarify (De Mory
14 Decl. ¶20, Ex. 15).  Also, Atmel finally provided dates for two witnesses at the end of August or in
15 early September.  However, Atmel asserted that Atmel will refuse to make any witness available for a
16 second deposition due to Atmel's voluminous late production, essentially stalling all depositions until
17 after Atmel does what it should have done months ago – search for and produce all relevant
18 documents.

19    On July 27, 2007, Atmel proposed an unconditional 90 day extension to the case schedule, but
20 three days later, refused to provide any additional information about the documents it is withholding,
21 including the number of documents, the substance of the documents or when they would be produced
22 (De Mory Decl. ¶¶21, 22 Ex. 16).  Moreover, Atmel would not confirm that there would not be
23 "supplemental" production from other Atmel entities or even that all of the documents at issue were all
24 located in France (De Mory Decl. ¶23).  On July 31, 2007, Atmel stated that at least 10-15 boxes of
25 documents had been discovered but that it was only a "rough estimation" (De Mory Decl. ¶27).  This
26 amounts to over *seven* times as much material as Atmel has produced for the entire case to date.  Atmel
27 further stated that much of the material is written in French.  Atmel still refused to commit to any date
28

Case No.  C 07-03331 CW
OPP TO MOTION TO EXTEND CASE SCHEDULE         -3-

certain to produce these documents (De Mory Decl. ¶29; Ex. 17).

On August 2, 2007, nearly a month after the "new" documents were allegedly discovered and purportedly already being reviewed, AuthenTec requested that Atmel stipulate that: (1) it will produce all non-privileged documents responsive to the Patent Local Rules and AuthenTec's discovery requests by August 31, 2007 (or any reasonable date certain); (2) extend the fact discovery period by at least 30 days, subject to AuthenTec's right to seek additional time depending on the content of the documents produced; and (3) it will provide witnesses for all of AuthenTec's deposition notices within 30-45 days thereafter (De Mory Decl. ¶30). Atmel's statement that these were "non-negotiable terms" is blatantly false. AuthenTec proposed August 31, 2007 *or any reasonable date certain* for Atmel to produce all responsive documents. Instead of agreeing to provide *any* date certain for the late production of Atmel's documents, Atmel responded after the close of business on Friday that the parties were at an "impasse" and filed the instant motion (De Mory Decl. ¶31, Ex. 18). Atmel's motion still maintains that it "is not in a position to commit to a firm date" and that AuthenTec's request for any reasonable date certain is somehow "unreasonable".

Second, Atmel has not been diligent in meeting the September 10, 2007 deadline to complete fact discovery. In the year and a half this case has been pending, Atmel has taken the deposition of only two AuthenTec witnesses, Wayne Sanford and Joanne Price for a combined total of only 4.12 hours on May 1, 2007. Unlike Atmel, AuthenTec has complied with its discovery obligations. On February 13, 2007, AuthenTec made source code and software development kits, including extensive product documentation, available and invited Atmel to review it. Since that time, Atmel has only reviewed AuthenTec's source code twice, once on February 13, 2007 and again on April 6, 2007, for a total of less than four hours despite Atmel's argument that AuthenTec's source code is "important if not central to its infringement case". Unlike Atmel's woefully deficient production, AuthenTec has produced the electronic equivalent of approximately 15-20 boxes of documents.[5]

---

[5] AuthenTec has produced approximately two boxes in hard copy, and 3586 files in native/electronic form comprising approximately 2.5 gigabytes of data on a computer that has been and is available to Atmel at Howrey's LA office, which is only a block from Atmel's counsel's office. Each gigabyte of data generally amounts to 15,000-20,0000 pages for a total of approximately 37.500 to 50,000 pages.

Faced with the dire consequences of its own dilatory conduct, Atmel falsely argues that there has been "delay in production of documents and depositions by both parties". Atmel – not AuthenTec – cancelled AuthenTec's Chief Technical Officer Mr. Dale Setlak's deposition. Atmel was not "forced to postpone the deposition" because AuthenTec "failed to produce all documents responsive to Atmel's requests for production". On May 4, 2007, AuthenTec served responses to Atmel's Fourth Set of Requests for Production indicating that it would not be producing documents except for a limited production with regard to nine of Atmel's requests. Before July 10, 2007, Atmel did not complain about AuthenTec's responses to those requests or file a motion to compel. Atmel chose to voluntarily cancel Mr. Setlak's deposition because Atmel was either unprepared or too consumed with its own failure to search for and produce its recently "uncovered" documents – or both.

Atmel's argument that AuthenTec has "not produced any information regarding is customers' is also demonstrably false. In February 2007, AuthenTec produced documents detailing each sale of each accused product that include the identity of the purchasing customer, the part numbers and quantities and the sale price. AuthenTec agreed to make these documents available in native form, provide additional customer or other details of each transaction but Atmel has not requested any additional offered information. Similarly, AuthenTec explained in detail the scope of its source code production, and indicated a willingness to supplement. Again, Atmel has made no follow-up requests. Similarly, AuthenTec did not unilaterally cancel Atmel's Rule 30 (b)(6) deposition concerning AuthenTec's source code. AuthenTec cancelled the deposition based on Atmel's counsel's July 10, 2007 letter cancelling Mr. Setlak's deposition scheduled for the same week in Florida, and it was promptly rescheduled as Atmel's motion grudgingly admits.

Atmel's actions have frustrated not only the Court's schedule but also severely prejudiced AuthenTec. Depending on Atmel's production, AuthenTec may also seek other relief with the Court. Atmel's proposal for an unconditional 90 day extension is unreasonable under these circumstances. Any extension of the case schedule without a date certain for Atmel to produce all responsive documents is meaningless. Therefore, the Court should either deny Atmel's motion or alternatively extend the case schedule on the conditions outlined above.

Case No.  C 07-03331 CW                      -5-
OPP TO MOTION TO EXTEND CASE SCHEDULE

DM_US:20609273_1

1  Dated:  August 8, 2007

Respectfully submitted,

2

HOWREY LLP

3

4

5

By:  _____/s/ Brian A. E. Smith_____
     Brian A. E. Smith

6

Attorneys for Defendant and
Counterplaintiff
AUTHENTEC, INC.

7

8

...

28  20609273

Case No.  C 07-03331 CW
OPP TO MOTION TO EXTEND CASE SCHEDULE           -6-

DM_US:20609273_1