1  Edward G. Poplawski (SBN 113590)
   epoplawski@sidley.com
2  Denise L. McKenzie (SBN 193313)
   dmckenzie@sidley.com
3  Olivia M. Kim (SBN 228382)
   okim@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
5  Los Angeles, California 90013-1010
   Telephone:    (213) 896-6000
6  Facsimile:    (213) 896-6600

7  **Attorneys For Defendants/Counterclaimants**
   Atmel Corporation; Atmel Switzerland;
8  Atmel France; and Atmel SARL

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

| | |
|---|---|
| AUTHENTEC, INC., a Delaware corporation, | Case No. C 07-03331 CW |
| Plaintiff, | **DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation, | |
| Counterclaimants, | |
| v. | |
| AUTHENTEC, INC., a Delaware corporation, | |
| Counterclaim-Defendants. | |

LA1 982286v.1

Defendants and Counterclaimants Atmel Corporation, Atmel Switzerland, Atmel France, and Atmel SARL (collectively "Atmel") respectfully submit this First Amended Answer and Counterclaims.

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Atmel hereby denies any and all allegations contained in Plaintiff AuthenTec, Inc.'s ("AuthenTec") First Amended Complaint (Dkt. No. 1-3, originally filed on May 2, 2007 in the Middle District of Florida) except those expressly admitted herein and states as follows:

### The Nature Of The Case, Jurisdiction, And Venue

1. Atmel admits only that AuthenTec purports to bring a declaratory judgment of non-infringement, invalidity, and unenforceability of two U.S. Patents owned by Atmel Switzerland, as well as state law causes of action. Atmel denies any and all remaining allegations in paragraph 1, including particularly to the extent that such allegations call for a legal conclusion.

2. Atmel does not contest that that this Court has subject matter jurisdiction over the claims in this case pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. Atmel notes that 28 U.S.C. § 2201 provides for the creation of a remedy in a case of actual controversy and gives a federal court the power to enter a declaratory judgment only in a case of actual controversy that is otherwise within the court's subject matter jurisdiction. Atmel specifically denies that §§ 2201 and 2202 provide any independent basis for subject matter jurisdiction. Nevertheless, Atmel states that AuthenTec's First Amended Complaint appears to raise a federal question under 28 U.S.C. §§ 1331, 1338 and 1367. Atmel denies any and all remaining allegations in paragraph 2, including particularly to the extent that such allegations call for a legal conclusion.

3. Atmel admits only that as to AuthenTec's First Amended Complaint, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in the present action as evinced by Atmel's presence in the Northern District of California in connection with related case *Atmel Corp. et al. v. AuthenTec, Inc.*, Case No. 06-02138 CW. Atmel admits that Atmel is amenable to personal jurisdiction in the Northern District of California for the purposes of this action. Atmel denies any

and all remaining allegations in paragraph 3, particularly to the extent that such allegations call for a legal conclusion.

**The Parties**

4. Atmel admits only that on information and belief, AuthenTec is a Delaware corporation with a principal place of business in Melbourne, Florida. Atmel denies any and all remaining allegations in paragraph 4, including particularly to the extent that such allegations call for a legal conclusion.

5. Atmel admits that Atmel Corporation is a Delaware corporation with a principal place of business in San Jose, California. Atmel admits that Atmel Corporation regularly conducts and transacts business in the Northern District of California. Atmel admits that it has accused AuthenTec of infringement, contributory infringement, and inducement of U.S. Patent Nos. 6,289,114 ("the '114 Patent") and 6,459,804 ("the '804 Patent") (collectively "the patents-in-suit"). Atmel denies any and all remaining allegations in paragraph 5, including particularly to the extent that such allegations call for a legal conclusion.

6. Atmel admits only that Atmel Switzerland is a Swiss company with a principal place of business in Switzerland. Atmel denies any and all remaining allegations in paragraph 6, including particularly to the extent that such allegations call for a legal conclusion.

7. Atmel admits only that Atmel France is a French company with a principal place of business in France. Atmel denies any and all remaining allegations in paragraph 7, including particularly to the extent that such allegations call for a legal conclusion.

8. Denied.

**Facts Establishing Case Or Controversy**

9. Admitted.

10. Admitted.

11. Atmel admits only that AuthenTec purports to deny that it infringes the patents-in-suit. Atmel denies any and all remaining allegations in paragraph 11, including particularly to the extent that such allegations call for a legal conclusion.

**DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS**
**C 07-03331 CW**

2

12. Atmel admits only that there is an actual and continuing justiciable controversy between Atmel and AuthenTec as to whether AuthenTec has infringed the patents-in-suit and whether such patents are valid and enforceable. Atmel otherwise denies any and all remaining allegations of paragraph 12, including particularly to the extent that such allegations call for a legal conclusion.

## Count 1
### (Declaration Of Non-Infringement Of The '114 Patent)

13. Atmel admits only that AuthenTec purports to re-allege Paragraphs 1 through 13 of the First Amended Complaint. Atmel reasserts and incorporates by reference its answers to paragraphs 1 through 12 of the First Amended Complaint as set forth above.

14. Atmel admits only that AuthenTec purports to allege that no current or former AuthenTec product infringes any valid claim of the '114 Patent, and on that basis, AuthenTec purports to request declaratory judgment that it does not and has not infringed the '114 patent. Atmel denies any and all remaining allegations in paragraph 14.

## Count 2
### (Declaration Of Invalidity Of The '114 Patent)

15. Atmel admits only that AuthenTec purports to re-allege Paragraphs 1 through 15 of the First Amended Complaint. Atmel reasserts and incorporates by reference its answers to paragraphs 1 through 14 of the First Amended Complaint as set forth above.

16. Atmel admits only that AuthenTec purports to allege that the '114 Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116 and/or other statutory requirements, and on that basis, AuthenTec purports to request declaratory judgment that the '114 Patent is invalid. Atmel denies any and all remaining allegations in paragraph 16.

## Count 3
### (Declaration Of Non-Infringement Of The '804 Patent)

17. Atmel admits only that AuthenTec purports to re-allege Paragraphs 1 through 17 of the First Amended Complaint. Atmel reasserts and incorporates by reference its answers to paragraphs 1 through 16 of the First Amended Complaint as set forth above

**DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS**
**C 07-03331 CW**

3

LA1 982286v.1

18.     Atmel admits only that AuthenTec purports to allege that no current or former AuthenTec product infringes any valid claim of the '804 Patent, and on that basis, AuthenTec purports to request declaratory judgment that it does not and has not infringed the '804 Patent. Atmel denies any and all remaining allegations in paragraph 18.

### Count 4
### (Declaration Of Invalidity Of The '804 Patent)

19.     Atmel admits only that AuthenTec purports to re-allege Paragraphs 1 through 19 of the First Amended Complaint. Atmel reasserts and incorporates by reference its answers to paragraphs 1 through 18 of the First Amended Complaint as set forth above.

20.     Atmel admits only that AuthenTec purports to allege that the '804 Patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116 and/or other statutory requirements, and that on that basis, AuthenTec purports to request declaratory judgment that the '804 Patent is invalid. Atmel denies any and all remaining allegations in paragraph 20.

### Count 5
### (Declaration Of Unenforceability Of The '804 Patent)

21.     Atmel admits only that AuthenTec purports to re-allege Paragraphs 1 through 20 of the First Amended Complaint. Atmel reasserts and incorporates by reference its answers to paragraphs 1 through 20 of the First Amended Complaint as set forth above.

22.     Denied.

### Count 6
### (Interference By Atmel With AuthenTec Business Relationship)

23-27   Count 6 was dismissed with prejudice on August 8, 2007. (Dkt. No. 15, Stipulation and Order Withdrawing Atmel's Motion to Dismiss.)

### Count 7
### (Abuse Of Process)

28-32   Count 7 was dismissed with prejudice on August 8, 2007. (Dkt. No. 15, Stipulation and Order Withdrawing Atmel's Motion to Dismiss.)

## AFFIRMATIVE DEFENSES

### Affirmative Defense 1
### (Failure To State A Claim Upon Which A Relief Can Be Granted)

33. Each and every one of AuthenTec's claims, including each of the allegations set forth in the claims, fail to state a claim upon which a relief can be granted.

## PRAYER FOR RELIEF

**WHEREFORE**, Atmel denies that AuthenTec is entitled to any of the relief sought in its prayer or any relief whatsoever. Atmel respectfully requests that this Court enter judgment in favor of Atmel, and against AuthenTec, as follows:

1. That AuthenTec's Counterclaims are dismissed with prejudice in their entirety and that AuthenTec takes nothing by its Counterclaims;

2. That this case is exceptional under 35 U.S.C. § 285 and that Atmel be awarded its reasonable attorneys' fees;

3. That Atmel be awarded its costs; and

4. That such other and further relief is awarded as the Court may deem appropriate that otherwise proper.

# ATMEL'S COUNTERCLAIMS

Defendants/Counterclaimants Atmel Corporation, Atmel Switzerland, Atmel France, and Atmel SARL (collectively "Atmel") bring the following counterclaims against Plaintiff/Counterclaim Defendant AuthenTec, Inc. ("AuthenTec") and respectfully alleges the following:

## AVERMENTS COMMON TO ALL CLAIMS FOR RELIEF

### I.  Jurisdiction And Venue

1. This action is for injunctive relief and damages and arises under the United States patent laws (35 U.S.C. §§ 271, *et seq.*). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

### II.  The Parties

3. Atmel Corporation is a Delaware corporation having a principal place of business at 2325 Orchard Parkway, San Jose, California 95131.

4. Atmel Switzerland is a company organized under the laws of Switzerland having a principal place of business at Route des Arsenaux 41 BP 80 CH-1705 Fribourg Switzerland.

5. Atmel France is a company organized under the laws of France having a principal place of business at Avenue Olivier Perroy Zone Industrielle 13790 Rousset, France.

6. Atmel SARL is a company organized under the laws of Switzerland having a principal place of business at Route des Arsenaux 41, BP 80, CH-1705 Fribourg, Switzerland.

7. On information and belief, Defendant AuthenTec is a Delaware corporation having a principal place of business at 709 South Harbor City Blvd., Melbourne, Florida 32901. On information and belief, AuthenTec regularly conducts and transacts business in California, throughout the United States and within this judicial district and as set forth in paragraphs 11-20 below, and committed, and continues to commit, tortuous acts of patent infringement within and outside of California and within this judicial district.

### III. The Patents In Suit

8. United States Patent No. 6,289,114 ("the '114 patent") entitled "Fingerprint-Reading System" was duly and legally issued on September 11, 2001 and its named inventor is Jean-Francois Mainguet. A true and correct copy of the '114 patent is attached hereto as Exhibit 1 and is incorporated by reference.

9. United States Patent No. 6,459,804 ("the '804 patent") entitled "Fingerprint-Reading System" was duly and legally issued on October 1, 2002 and its named inventor is Jean-Francois Mainguet. A true and correct copy of the '804 patent is attached hereto as Exhibit 2 and is incorporated by reference.

10. Atmel Switzerland has been and still is the owner of all right, title and interest in and to the '114 and '804 patents (collectively "patents in suit") by assignment, including the right to sue and recover any and all damages for infringement and obtain injunctive relief.

### IV. Infringement By AuthenTec

11. As more fully described below, AuthenTec has been and still is making, offering for sale, selling, using, importing into the United States and otherwise making available biometric products, systems and apparatus that infringe the patents in suit (collectively, "the unauthorized activities") all without the authorization of Atmel.

12. Authentec has been and still is offering for sale, selling, marketing, using and importing biometric sensors, including the following: EntrePad sensors AES 2500 (previously AES 2400), AES 2501, AES 2501A, AES 2501B, AES 2502, AES 1510, AES 1710, AES 2510, and AES 1610; the AuthenTec Technology Evaluation Kit (TEK); and AuthenTec Performance Analysis Tool (PAT).

13. Products, systems or apparatus that fall within the unauthorized activities include, but are not limited to, biometric sensors identified in paragraph 12 above, and products, systems or apparatus that contain any such biometric sensors, including but not limited to the AuthenTec TEK and PAT.

14. AuthenTec has been and still is performing and carrying out processes, methods or systems that infringe the patents in suit, all without the authorization of Atmel. Such unauthorized conduct of AuthenTec includes, without limitation, performing, implementing and carrying out infringement of the patents in suit with the biometric sensors and products, systems or apparatus that contain such biometric sensors identified in paragraphs 12 and 13 above.

15. AuthenTec has been and still is offering for sale, selling, making, using and otherwise making available products, systems and apparatus, which constitute a material part of the inventions of the patents in suit, knowing the same to be especially made or specially adapted for use in an infringement of the patents in suit, and not a staple article or commodity of commerce suitable for substantial non-infringing use, all without the authorization of Atmel. Such products, systems and apparatus include, without limitation, the products, systems, and apparatus identified in paragraphs 12 and 13 above.

16. On information and belief, AuthenTec has been and still is actively inducing one or more third parties to infringe the patents in suit, all without the authorization of Atmel.

17. AuthenTec has both actual and constructive notice of the '114 patent and of its infringement of the '114 patent. Such actual notice includes, without limitation, a letter dated July 29, 2005 to Mr. F. Scott Moody, President and Chief Executive Officer of AuthenTec from Julie Y. Mar-Spinola, Vice President, Global Affairs-Litigation & Intellectual Property of Atmel.

18. AuthenTec has both actual and constructive notice of the '804 patent and of its infringement of the '804 patent. Such actual notice includes, without limitation, *Disclosure of Asserted Claims and Preliminary Infringement Contentions of Plaintiff Atmel Corporation for U.S. Patent Nos. 6,289,114 and 6,459,804* ("PICs") served on October 23, 2006 in *Atmel Corp. et al. v. AuthenTec, Inc.*, Case No. 06-02138 CW, Northern District of California.

19. On information and belief, the acts of AuthenTec set forth above have been willful, wanton and deliberate.

DEFENDANTS' FIRST AMENDED
ANSWER AND COUNTERCLAIMS                8
C 07-03331 CW

LA1 982286v.1

20.   The harm to Atmel resulting from the acts of AuthenTec as set forth above is irreparable, continuing, not fully compensable in money damages and will continue unless AuthenTec is enjoined by this Court.

**FIRST CLAIM FOR RELIEF**
**(Direct Infringement Of The Patents In Suit)**

21.   Atmel incorporates by reference in this claim for relief the averments contained in paragraphs 1-20 above.

22.   The acts of AuthenTec described above constitute direct infringement of the patents in suit in violation of 35 U.S.C. § 271(a).

**SECOND CLAIM FOR RELIEF**
**(Inducing Infringement Of The Patents In Suit)**

23.   Atmel incorporates by reference in this claim for relief the averments contained in paragraphs 1-20 above.

24.   The acts of AuthenTec described above constitute inducing infringement of the patents in suit in violation of 35 U.S.C. § 271(b).

**THIRD CLAIM FOR RELIEF**
**(Contributory Infringement Of The Patents In Suit)**

25.   Atmel incorporates by reference in this claim for relief the averments contained in paragraphs 1-20 above.

26.   The acts of AuthenTec described above constitute contributory infringement of the patents in suit in violation of 35 U.S.C. § 271(c).

**PRAYER FOR RELIEF**

**WHEREFORE**, Atmel prays for judgment as follows:

1.   A preliminary and permanent injunction against continued infringement of the patents in suit by AuthenTec and any and all persons acting in privity or concert with them or otherwise controlled by them.

2. An award to Atmel of its damages and injuries caused by AuthenTec's acts.

3. An adjudication that this is an "Exceptional case" and, accordingly,

    i. The damages awarded Atmel against AuthenTec be increased three (3) times pursuant to 35 U.S.C. § 284, and

    ii. That Atmel be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

4. An award of prejudgment and postjudgment interest on any and all damages awarded to Atmel.

5. Any other relief that this Court may deem appropriate or that is otherwise proper.

Respectfully Submitted,

DATED:  August 28, 2007          By: _s/ Olivia M. Kim_____

    Edward G. Poplawski
    Denise L. McKenzie
    Olivia M. Kim
    SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
    Los Angeles, California 90013-1010
    Telephone: (213) 896-6000
    Facsimile: (213) 896-6600

    Attorneys for Defendants/Counterclaimants
    Atmel Corporation;
    Atmel Switzerland;
    Atmel France; and
    Atmel SARL

**DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS C 07-03331 CW**    10

## DEMAND FOR JURY TRIAL

Atmel demands a trial by jury of all issues set forth in its First Amended Answer and Counterclaims to Plaintiff's First Amended Complaint for Declaratory Judgment pursuant to FED. R. CIV. P. 38 and CIV. L.R. 3-6.

Respectfully Submitted,

DATED: August 28, 2007

By: _s/ Olivia M. Kim_ _____

Edward G. Poplawski
Denise L. McKenzie
Olivia M. Kim
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Plaintiffs
Atmel Corporation;
Atmel Switzerland;
Atmel France; and
Atmel SARL

**DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS**
**C 07-03331 CW**

11

LA1 982286v.1