# EXHIBIT 6

Edward G. Poplawski (SBN 113590)
epoplawski@sidley.com
Denise L. McKenzie (SBN 193313)
dmckenzie@sidley.com
Franklin D. Kang (SBN 192314)
*fkang@sidley.com*
Olivia M. Kim (SBN 228382)
okim@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone:    (213) 896-6000
Facsimile:    (213) 896-6600

Attorneys For Plaintiffs
ATMEL CORPORATION, ATMEL
SWITZERLAND, ATMEL FRANCE,
and ATMEL SARL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATMEL CORPORATION, a Delaware corporation, ATMEL SWITZERLAND, a corporation, ATMEL FRANCE, a corporation, and ATMEL SARL, a corporation,<br><br>Plaintiffs,<br>v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 06-02138 CW<br><br>**SECOND SUPPLEMENTAL DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS OF PLAINTIFFS FOR U.S. PATENT NOS. 6,289,114 AND 6,459,804** |

Pursuant to the Court's January 31, 2008 Order (Dkt. No. 414), Plaintiffs, Atmel Corporation, Atmel Switzerland, Atmel France, and Atmel SARL (collectively, "Atmel") submit this Second Supplemental Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Preliminary Infringement Contentions") for U.S. Patent Nos. 6,289,114 (the '114 Patent) and 6,459,804 (the '804 Patent) (collectively, the "Patents-in-suit").

Atmel reserves the right to amend and supplement its Preliminary Infringement Contentions as may become necessary as discovery proceeds.

### ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS

**3–1(a)   Each claim of each patent in suit that is allegedly infringed by each opposing party:**

Atmel asserts that AuthenTec, Inc. ("AuthenTec") infringes the following claims of the Atmel Patents-in-suit:

Claims 1, 2, 4, 7, 8-10, 12, 14, and 17-19 of the '114 Patent; and

Claims 1 5, 6, 10, 11, 15 and 16 of the '804 Patent.

**3–1(b)   Separately for each asserted claim, each accused apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device or apparatus which, when used, allegedly results in the practice of the claimed method or process:**

The Patents-in-suit cover fingerprint reading systems (the '114 patent) and processes for reading fingerprints (the '804 patent). On information and belief, the AuthenTec family of EntréPad® sensors incorporates and uses the claimed fingerprint reading systems and the claimed processes for reading fingerprints. To the best of Atmel's knowledge at this time, without complete discovery from AuthenTec, such AuthenTec products include the following EntréPad® fingerprint sensors: AES1510, AES1610, AES1710, AES1711, AES2500 (previously AES2400), AES2501, AES2501A, AES2501B, AES2502, AES2510, AES2550 and AES2810; and the AuthenTec Technology Evaluation Kit (TEK), AuthenTec Performance Analysis Tool (PAT), and AuthenTec Software Development Kit (SDK).

SECOND SUPPLEMENTAL DISCLOSURE OF ASSERTED
CLAIMS AND PRELIMINARY INFRINGEMENT
CONTENTIONS O OF PLAINTIFFS
C 06-02138 CW                                          2

LA1 1136093v.1

3–1(c)  A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function:

Atmel contends that in claims 1 and 17-19 of the '114 patent, the "means for reconstituting" is governed by 35 U.S.C § 112(6). The chart for each accused product and process is included in the exhibits listed below:

| Accused AuthenTec Product and Process[1] | Exhibit No. |
|---|---|
| AuthenTec EntréPad AES 2501 | Exh. A – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 2501A | Exh. B – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 2501B | Exh. C – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 2502 | Exh. D – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 2510 | Exh. E – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 1510 | Exh. F – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 1610 | Exh. G – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec Technology Evaluation Kit (TEK) | Exh. H – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 2500 (previously 2400) | Exh. I – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec Performance Analysis Tool (PAT) | Exh. J – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 2550 | Exh. K – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 2810 | Exh. L – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 1710 | Exh. M – **Highly Confidential – Attorneys' Eyes Only** |
| AuthenTec EntréPad AES 1711 | Exh. N – **Highly Confidential – Attorneys' Eyes Only** |

---

[1] Based on its investigation to date, Atmel believes that each accused AuthenTec Product carries out processes that practice certain asserted claims.

SECOND SUPPLEMENTAL DISCLOSURE OF ASSERTED
CLAIMS AND PRELIMINARY INFRINGEMENT
CONTENTIONS O OF PLAINTIFFS
C 06-02138 CW                                    3

LA1 1136093v.1

| Accused AuthenTec Product and Process[1] | Exhibit No. |
|---|---|
| AuthenTec Software Development Kit (SDK) | Exh. O – **Highly Confidential – Attorneys' Eyes Only** |

**3–1(d)   Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality:**

Atmel contends that all of the elements of the asserted claims are literally present in each of the accused products and processes identified above. However, to the extent that any element of the asserted claims is found not to be literally present in the accused product(s), Atmel contends that such element is present under the doctrine of equivalents, including but not limited to "sensor"; "means for reconstructing…"; "reconstructing…"; "total image"; and "global image."

**3–1(e)   For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled:**

Both the '114 and '804 patents claim priority to an earlier French application, application number 96 07419. The priority date to which each asserted claim is entitled is June 14, 1996.

**3–1(f)   If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim:**

Atmel wishes to preserve the right to rely on the assertion that its own products and processes practice the asserted claims. Based on its investigation to date, Atmel believes that the following products may or may have practiced each of the asserted claims. Specifically, Atmel's (or its predecessor in interest's) FC2x17, FC15A140, AT77C101, AT77C102, AT77C104, and AT77C105 may or may have practiced claims 1, 2, 4, 7, 8-10, 12, 14, 17-19 of the '114 patent; and Atmel's (or its predecessor in interest's) FC2X17, FC15A140, AT77C101, AT77C102, AT77C104, and AT77C105 may or may have carried out processes that practice claims 1, 5, 6, 10, 11, 15 and 16 of the '804 patent.

SECOND SUPPLEMENTAL DISCLOSURE OF ASSERTED
CLAIMS AND PRELIMINARY INFRINGEMENT
CONTENTIONS O OF PLAINTIFFS
C 06-02138 CW                                        4

LA1 1136093v.1

|  |  |
|---|---|
| DATED: February 14, 2008 | By: /s/ Edward G. Poplawski |

Edward G. Poplawski
Denise L. McKenzie
Franklin D. Kang
Olivia M. Kim
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Plaintiff
ATMEL CORPORATION, ATMEL SWITZERLAND, ATMEL FRANCE, and ATMEL SARL

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California, 90013-1010. On February 14, 2008, I served the foregoing document described as **SECOND SUPPLEMENTAL DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS OF PLAINTIFFS FOR U.S. PATENT NOS. 6,289,114 AND 6,459,804** on all interested parties in this action as follows:

PLEASE SEE ATTACHED SERVICE LIST

☒ (VIA U.S. MAIL) I served the foregoing document by U.S. Mail, as follows: I placed true copies of the document in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒ (VIA E-MAIL) I caused the foregoing document to be served by email from my desktop to each interested party as shown in the attached list. Each delivery was reported as complete and without error. A delivery receipt was properly issued for each interested party served.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made. Executed on February 14, 2008, at Los Angeles, California.

*Laura Brown*
Laura Brown

LA1 1136093v.1

**SERVICE LIST**

**VIA U.S. MAIL and EMAIL:**

Matthew Greinert
GreinertM@howrey.com
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Tel: (415) 848-4936

**VIA EMAIL:**

Denise De Mory
demoryd@howrey.com

Brian Smith
smithbrian@howrey.com

**Attorneys for Defendant AuthenTec, Inc.**