Application/Control Number: 08/870,002                                    Page 5

Art Unit:

### *Response to Arguments*

5.    The changes made in the Abstract have been reviewed by the Examiner and are approved.

The examiner acknowledges the cancellation of Claims 1 and 9 and the addition of Claim

17. The Examiner also acknowledges and approves the changes made in Claims 4, 5, 7, 8, 10,

and 12-16, thus overcoming the improper multiple dependent claims. Applicant's arguments to

Claims 17, and 2-4, filed November 9, 1998, have been fully considered but they are not

persuasive. The rejections for Claims 5-8 and 10-16 have been described in Paragraph 4 of this

paper.

### *Conclusion*

6.    **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the mailing date

of this final action.

AML000124

Application/Control Number: 08/870,002                     Page 6

Art Unit:


7.    Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Gilberto Frederick whose telephone number is (703) 305-3969. The

examiner can normally be reached on Tuesday through Friday from 7:00 A.M. to 3:30 P.M. and

on alternate Mondays.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Amelia Au, can be reached at (703)308-6604. The fax phone number for this Group

is (703)308-5397.

    Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Group receptionist whose telephone number is (703)305-8576.


gf

January 22, 1999

0154-2548-2

"RESPONSE UNDER 37 CFR 1.116 -
EXPEDITED PROCEDURE EXAMINING
GROUP___2723___"

## IN THE UNITED STATES PATENT & TRADEMARK OFFICE

IN RE APPLICATION OF:          :

JEAN-FRANCOIS MAINGUET      : GROUP ART UNIT: 2723

SERIAL NO.  08/870,002         :

FILED: JUNE 5, 1997            : EXAMINER: FREDERICK

FOR:  FINGERPRINT-READING  :
      SYSTEM

**Received**

## RESPONSE TO FINAL REJECTION          APR 3 0 1999

ASSISTANT COMMISSIONER FOR PATENTS          **Group 2700**
WASHINGTON, D.C.  20231

SIR:

The following comments are addressed to the outstanding Patent Office Action dated

February 1, 1999 and serve as a supplement to the remarks contained in the Amendment of

November 9, 1998.

Applicant's invention is defined by the single independent Claim 17 which is

addressed to a system for reading fingerprints which utilizes a sensor which provides a series

of partial images of a finger during relative sliding contact between the sensor and the finger.

This sensor is defined as having a surface area smaller than a surface area of the fingerprint to

be read.  Lastly the total image of the fingerprint is reconstructed from the partial images.

The outstanding Patent Office Action contains a rejection of independent Claim 17

and dependent Claims 2-3 under 35 U.S.C. §102 as anticipated by the reference to Giles et al,

U.S. Patent 5,548,394.  The rejection makes reference to the fingerprint reading system of

Figure 2 with column 1, lines 63-65, column 5, line 16 and column 8, line 7 being cited to

support the showing of relative motion of sliding of the sensor and the finger with respect to each other. The Claims 4-8 and 10-16 have been rejected under 35 U.S.C. §103 as being unpatentable over Giles et al and the reference to Edwards, U.S. Patent 4,429,413 for the reasons indicated at item 4 on pages 3 and 4 of the Patent Office Action. Each of these rejected dependent claims contain features, according to the Examiner, which are shown by the reference to Edwards.

Applicant respectfully traverses this rejection on the grounds that the independent Claim 17 specifically recites features which are not shown by the reference to Giles et al or the reference to Edwards. The features concerning the sliding contact between the sensor and the finger as well as the sensor having a surface area smaller than the surface area of the fingerprint to be read are not shown in the reference to Giles et al and are not possible from the reference to Giles et al because the reference to Giles et al uses a fingerprint system wherein the finger is rolled across the surface as indicated at the same portions of the specification that the Examiner has identified. That is, column 1, line 65 indicates the motion of a rolling finger. Further, column 5, lines 5-15 provides a discussion of the term "roll prints" which are taken of a single finger when the finger is caused to roll across the platen surface about the longitudinal axis of the finger. As the single finger is rolled across the platen, at any instant there is a relatively narrow line of contact extending longitudinally of the finger between the finger and the platen. The entirety of column 5 contains a discussion of the Figures 3-5 and it is quite clear that there is no sliding motion between the sensor and the finger. If the Examiner is interpreting the sliding motion as being the rolling of the finger then it is submitted that the entire fingerprint can never be obtained because another requirement of the Claim 17 is that the sensor has a surface area smaller than the surface area

- 2 -

                                                    AML000127

of the fingerprint to be read. Furthermore, Applicant submits that the normal meaning of the term "sliding" is that there is relative movement between two unchanging surfaces whereas the normal meaning of the "rolling" is a contact between a surface of one object and a changing surface of another object or to move by turning on an axis. Thus it is submitted that the claim structure of "relative sliding contact between said sensor and said finger" is not met by Giles et al and furthermore the sensor surface are of Giles et al is not "smaller than a surface area of said fingerprint to be read" as is required by Applicant's invention.

If the reference to Giles et al uses rolling motion then it cannot have a surface area smaller than the surface area of the fingerprint to be read. If it is the Examiner's position that the reference to Giles et al has a sensor outside of the position of the platen 20, then it must be submitted that the claim structure of Claim 17 requires "sliding contact between said sensor and said finger". Thus there must be contact between the finger and whatever is designated as the sensor. In Applicant's invention the sensor is item 10 and there is clearly shown in Figure 2 of Applicant's specification a sliding contact between the finger and the sensor 10. The only contact which occurs with a finger in the reference to Giles et al is with the platen 20 and thus if the platen 20 is the sensor then it has a surface area larger than the fingerprint to be read and if some other element is designated by the Examiner as the sensor in the reference to Giles et al, it does not have any contact with the finger.

Therefore Applicant submits that the independent Claim 17 provides a structure which is not shown by the reference to Giles et al and is completely aside from the concept of Giles et al.

The dependent Claims 2-8 and 10-16 depend from and contain all the limitations of the independent Claim 17 and thus also define over the art of record as the Examiner has

- 3 -

stated no reason why one of ordinary skill in the art would combine Edwards and Giles et al.

The rejection at item 4 on pages 3 and 4 of the Patent Office Action merely contains statements of the showing of the reference to Edwards with no indication of how these references could be combined.

Therefore in view of the distinguishing features between the claimed invention and the references which features are not shown or disclosed or made obvious by the references or their combination, Applicant respectfully requests that this application containing independent Claim 17 and dependent Claims 2-8 and 10-16 be allowed and be passed to issue.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Gregory J. Maier
Registration No. 25,599
Vincent J. Sunderdick
Registration No. 29,004
Attorneys of Record

Crystal Square Five - Fourth Floor
1755 Jefferson Davis Highway
Arlington, Virginia 22202
(703) 413-3000
Fax #: (703)413-2220
GJM:VJS/rac
I:\atty\VJS\01542548.AM

- 4 -

AML000129

**OBLON, SPIVAK, McCLELLAND, MAIER & NEUSTADT, P.C.**

ATTORNEYS AT LAW

FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY
ARLINGTON, VIRGINIA 22202 U.S.A.

(703) 413-3000

(703) 413-2220 FACSIMILE

OBLONPAT@OBLON.COM

WWW.OBLON.COM

PATENT, TRADEMARK AND COPYRIGHT LAW
AND RELATED FEDERAL AND ITC LITIGATION

NORMAN F. OBLON
MARVIN J. SPIVAK
C. IRVIN M. CLELLAND
GREGORY J. MAIER
ARTHUR I. NEUSTADT
RICHARD D. KELLY
JAMES D. HAMILTON
ECKHARD H. KUESTERS
ROBERT F. POLIS
DAVID J. KERA
CHARLES L. GHOLZ
VINCENT J. SUNDERDICK*
WILLIAM E. BEAUMONT
ROBERT F. GNUSE
JEAN-PAUL LAVALLEYE, PH.D.
JEFFREY H. KAUFMAN
BRIAN D. ANDERSON
ROBERTA S. BREN
STEPHEN G. BAXTER, PH.D
MARTIN M. ZOLTICK
ROBERT W. HAHL, PH.D.
RICHARD L. TREANOR, PH.D.
STEVEN P. WEIHROUCH
JOHN T. GOOLKASIAN*
RICHARD L. CHINN, PH.D.
STEVEN E. LIPMAN
CARL E. SCHLIER
P. JAY HINES
JAMES J. KULBASKI
RICHARD A. NEIFELD, PH.D.
J. DEREK MASON, PH.D.
SURINDER SACHAR
JONATHAN HUDIS
CHRISTINA M. GADIANO
JEFFREY B. McINTYRE*
PAUL E. RAUCH, PH.D.

GERALD J. MOSSINGHOFF

MILTON STERMAN
MIGUEL H. REICH*
JOHN O. TRESANSKY *
ALTON D. ROLLINS
JAMES R. BOLER*
HARRIS A. PITLICK*
RAYMOND F. CARDILLO, JR.
WILLIAM T. ENOS*
JORDAN S. WEINSTEIN

MASAYASU MORI*†

FRANK J. WEST*
BRADLEY D. LYTLE
KATHLEEN COONEY-PORTER*
ANDREW M. OLLIS
MARGO LYNN MAY, PH.D. *
MICHAEL A. FURLANA*
CORWIN P. UMBACH, PH.D.
W. TODD BAKER*
DAVID B. ZURILLA
JOSEPH A. SCAFETTA, JR.
FREDERICK D. VASTINE, PH.D.*
MICHAEL R. CASEY, PH.D.*
JOHN K. PIKE, PH.D.*
GEORGE R. LESMES*
JAMES J. KELLY, PH.D.*
CARLOS R. VILLAMAR*
DAVID A. BILODEAU*
STAMATIOS MYLONAKIS, PH.D.*
ROBERT C. MATTSON*
PHILIPPE J.C. SIGNORI, PH.D.*
KEVIN A. NORDBERG*

* BAR MEMBERSHIP OTHER
  THAN VIRGINIA
† JAPANESE PATENT ATTORNEY
* REGISTERED PATENT AGENT

"RESPONSE UNDER 37 CFR 1.116 -
EXPEDITED PROCEDURE EXAMINING
GROUP____2723____ "

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, DC 20231

Group Art Unit:   2723
Our Ref:   0154-2548-2

Re: Inventor:   Jean-Francois MAINGUET
    Serial No:   08/870,002
    Filed:   JUNE 5, 1997
    For:   FINGERPRINT-READING SYSTEM

**Received**

APR 3 0 1999

**Group 2700**

Sir:

Attached hereto for filing are the following papers:

## RESPONSE TO FINAL REJECTION

Our check in the amount of $ -0- is attached covering any required fees. In the event any variance exists between the amount enclosed and the Patent Office charges for filing the above-noted documents, including any fees required under 37 C.F.R. 1.136 for any necessary Extension of Time to make the filing of the attached documents timely, please charge or credit the difference to our Deposit Account No. 15-0030. Further, if these papers are not considered timely filed, then a petition is hereby made under 37 C.F.R. 1.136 for the necessary extension of time. A duplicate of this sheet is enclosed.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Gregory J. Maier
Registration No: 25,599
Vincent J. Sunderdick
Registration No: 29,004
Attorneys of Record

GJM:VJS:jfb
I:\atty\VJS\cvr\01542548.pto.wpd



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
           Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/870,002 | 06/05/97 | MAINGUET | J | 154-2548-2 |

LM31/0603

OBLON SPIVAK MCCLELLAND MAIER AND
NEUSTADT
FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY
ARLINGTON VA 22202

| EXAMINER |
|---|
| FREDERICK, G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2723 | 8 |

DATE MAILED:
                06/03/99

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

AML000131

| *Advisory Action* | Application No.<br>08/870,002 | Applicant(s)<br>Mainguet |
|---|---|---|
| | Examiner<br>Gilberto Frederick | Group Art Unit<br>2723 |

THE PERIOD FOR RESPONSE: [check only a) or b)]

a) ☒ expires ___3___ months from the mailing date of the final rejection.

b) ☐ expires either three months from the mailing date of the final rejection, or on the mailing date of this Advisory Action, whichever is later. In no event, however, will the statutory period for the response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date of the originally set shortened statutory period for response or as set forth in b) above.

☐ Appellant's Brief is due two months from the date of the Notice of Appeal filed on _____ (or within any period for response set forth above, whichever is later). See 37 CFR 1.191(d) and 37 CFR 1.192(a).

**Applicant's response to the final rejection, filed on ___Apr 30, 1999___ has been considered with the following effect, but is NOT deemed to place the application in condition for allowance:**

☐ The proposed amendment(s):

   ☐ will be entered upon filing of a Notice of Appeal and an Appeal Brief.

   ☐ will not be entered because:

      ☐ they raise new issues that would require further consideration and/or search. (See note below.)

      ☐ they raise the issue of new matter. (See note below.)

      ☐ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

      ☐ they present additional claims without cancelling a corresponding number of finally rejected claims.

   NOTE: _____

_____

_____

   ☐ Applicant's response has overcome the following rejection(s):

_____

_____

☐ Newly proposed or amended claims _____ would be allowable if submitted in a separate, timely filed amendment cancelling the non-allowable claims.

☒ The affidavit, exhibit or request for reconsideration has been considered but does NOT place the application in condition for allowance because:
*U.S. Patent 5,548,394 to Giles et al. cites a sensor for providing a series of partial images of a finger during sliding contact between the sensor and the finger, with the surface area smaller than a surface area of the fingerprint printed.*

☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

☒ For purposes of Appeal, the status of the claims is as follows (see attached written explanation, if any):

   Claims allowed: _____

   Claims objected to: _____

   Claims rejected: *2-8 and 10-17* _____

☐ The proposed drawing correction filed on _____ ☐has ☐has not been approved by the Examiner.

☐ Note the attached Information Disclosure Statement(s), PTO-1449, Paper No(s). _____.

☐ Other

                                          Jon Chang<br>                                        Primary Examiner



Docket No.    0154-2548-2

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF:  Jean-Francois MANGUET          GAU:        2723

SERIAL NO: 08/870,002                                 EXAMINER:  FREDERICK

FILED:        JUNE 5, 1997

FOR:          FINGERPRINT-READING SYSTEM

### REQUEST FOR EXTENSION OF TIME
### UNDER 37 C.F.R. 1.136

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C.  20231

SIR:

It is hereby requested that a **THREE** month *extension of time* be granted to **AUGUST 1, 1999** for

■  filing a response to the Official Action dated:    **FEBRUARY 1, 1999**

☐  responding to the requirements in the Notice of Allowability dated:

☐  filing the Formal Drawings. The Issue Fee due                    has been timely filed.

☐  responding to the Notice to File Missing Parts of Application dated:

☐  filing a Notice of Appeal. A timely response to the final rejection, due                    has been filed.

☐  filing an Appeal Brief. A Notice of Appeal was filed on:

☐

The required fee of **$870.00** is enclosed herewith by check and any further charges may be made against the Attorney of Record's Deposit Account No. **15-0030**. A duplicate copy of this sheet is enclosed.

Respectfully Submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

*Carl E. Schlier*

Gregory J. Maier
Registration No.    25,599

Carl E. Schlier
Registration No.    34,426

Fourth Floor
1755 Jefferson Davis Highway
Arlington, Virginia 22202
Tel. (703) 413-3000
Fax. (703) 413-2220
(OSMMN 11/98)

GAU
2723 CPA $

## CONTINUED PROSECUTION APPLICATION (CPA)
## REQUEST TRANSMITTAL
Submit an original, and a duplicate for fee processing
(Only for Continuation or Divisional applications under 37 CFR 1.53(d))

□ DUPLICATE

| | |
|---|---|
| Address to:<br>**Assistant Commissioner for Patents**<br>**Box CPA**<br>**Washington, DC 20231** | Attorney Docket No. 0154-2548-2 |
| | First Inventor    Jean-Francois MAINGUET |
| | Group Art Unit    2723 |
| | Examiner    FREDERICK |

This is a request for a   ■ continuation or   □ divisional application under 37 CFR 1.53(d)
(continued prosecution application (CPA)) of prior application number   08/870,002
filed on  June 5, 1997         entitled   FINGERPRINT-READING SYSTEM
~~(Fee (re-omit))~~ response.

1.  ■ Enter the unentered amendment previously filed ~~MAY 3, 1999~~    under 37 CFR 1.116 in the prior nonprovisional application.
April 30, 1999

2.  □ A preliminary amendment is enclosed.

3.  □ This application is filed by fewer than all the inventors named in the prior application, 37 CFR 1.53 (d)(4).

    a.  □ DELETE the following inventor(s) named in the prior nonprovisional application:

    b.  □ The inventor(s) to be deleted are set forth on a separate sheet attached hereto.

4.  □ A new power of attorney or authorization of agent (PTO/SB/81) is enclosed.

5. Information Disclosure Statement (IDS) is enclosed:

    a.  □ PTO-1449

    b.  □ Copies of IDS Citations

| CLAIMS | NUMBER FILED | | NUMBER EXTRA | RATE | CALCULATIONS |
|---|---|---|---|---|---|
| TOTAL | 39 | MINUS    20 | 19 | × $18 = | $342.00 |
| INDEPENDENT | 1 | MINUS    3 | 0 | × $78 = | $0.00 |
| | | ■ MULTIPLE DEPENDENT CLAIMS | | + $260 = | $260.00 |
| | | | | BASIC FEE | $760.00 |
| | | | TOTAL OF ABOVE CALCULATIONS | | $1,362.00 |
| | | □ Reduction by 50% for filing by Small Entity | | | $0.00 |
| | | | | TOTAL | $1,362.00 |

6. Small Entity Status:

    a.  □ A small entity statement is enclosed.

    b.  □ A small entity statement was filed in the prior nonprovisional application and such status is still proper and desired.

    c.  □ Is no longer claimed.

7.  ■ The Commissioner is hereby authorized to charge fees under 37 CFR 1.16 and 1.17 for the papers being filed herewith and for which no check is enclosed, or credit any overpayment to Deposit Account No. 15-0030.

    ■ If these papers are not considered timely filed by the Patent and Trademark Office, then a petition is hereby made under 37 CFR 1.136 for the necessary extension of time in the parent case. Any fees required for such an extension of time may be charged to Deposit Account No. 15-0030.

8.  ■ A check in the amount of   $2,232.00   is enclosed.

9.  ■ Other:  **Petition for Extension of Time (3 months)**

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

*Carl E. Schlier*

Gregory J. Maier
Registration No.   25,599

Carl E. Schlier
Registration No.   34,426

Fourth Floor
1755 Jefferson Davis Highway
Arlington, Virginia 22202
Tel. (703) 413-3000
Fax. (703) 413-2220
(OSMMN 11/98)

| *Interview Summary* | Application No. 08/870,002 | Applicant(s) Mainguet | |
|---|---|---|---|
| | Examiner Gilberto Frederick | Group Art Unit 2723 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Gilberto Frederick* _____   (3) _____.

(2) *Carl Schlier* _____   (4) _____

Date of Interview _____ *Sep 22, 1999* _____

Type:   ☐ Telephonic   ☒ Personal (copy is given to   ☐ applicant   ☒ applicant's representative).

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No. If yes, brief description:

_____

_____

Agreement   ☒ was reached.   ☐ was not reached.

Claim(s) discussed: *17* _____

Identification of prior art discussed:
*U.S. Patent 5,548,394 to Giles et al.* _____

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
*It was agreed that the limitation of "relative sliding contact between the sensor and the finger, with the sensor having a*
*surface area smaller than a surface area of the fingerprint to be read" overcomes the teaching of Giles.  Further searching*

*will be necessary.* _____

_____

_____

_____

_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1.   ☒   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2.   ☐   Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.

U. S. Patent and Trademark Office
PTO-413 (Rev. 10-95)                     **Interview Summary**                     Paper No.  11 _____



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/870,002 | 06/05/97 | MAINGUET          J | 154-2548-2 |

LM31/1025

OBLON SPIVAK MCCLELLAND MAIER AND
NEUSTADT
FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY
ARLINGTON VA 22202

| EXAMINER |  |
|---|---|
| COUSO, Y |  |
| ART UNIT | PAPER NUMBER |
| 2723 | 12 |

DATE MAILED:    10/25/99

**Please find below and/or attached an Office communication concerning this application or
proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

| **Office Action Summary** | Application No. <br> 87000 $\partial$ | Applicant(s) <br> MAIN GUE $T$ |
|---|---|---|
| | Examiner <br> Y. COUSO | Group Art Unit <br> 2723 |

---*The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address---*

**Period for Response**

A SHORTENED STATUTORY PERIOD FOR RESPONSE IS SET TO EXPIRE _3_ MONTH(S) FROM THE
MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a response be timely filed after SIX (6) MONTHS
  from the mailing date of this communication.
- If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for response is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication .
- Failure to respond within the set or extended period for response will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

☒ Responsive to communication(s) filed on _8-2-99_ .

☐ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in
accordance with the practice under *Ex parte Quayle*, 1935 C.D. 1 1; 453 O.G. 213.

**Disposition of Claims**

☒ Claim(s) _2-8, 10-17_ is/are pending in the application.

    Of the above claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) _2-8, 10-17_ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claim(s) _____ are subject to restriction or election
                                  requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 11 9(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
    ☐ received.

    ☐ received in Application No. (Series Code/Serial Number)_____ .

    ☐ received in this national stage application from the International Bureau (PCT Rule 1 7.2(a)).

    *Certified copies not received:_____ .

**Attachment(s)**

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____      ☐ Interview Summary, PTO-413

☒ Notice of References Cited, PTO-892                    ☐ Notice of Informal Patent Application, PTO-152

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948     ☐ Other_____

**Office Action Summary**

N.D.Cal. 06-cv-2138                                                   AML000137

Application/Control Number: 08/870002                                                    Page 2

Art Unit: 2723

1.      This office action is in response to the CPA filed on August 2, 1999 and the response filed

April 30, 1999 (Applicant's mailing receipt reads May 3, 1999).

2.      Applicant's arguments with respect to claims 2-8 and 10-17 have been considered but are

moot in view of the new ground(s) of rejection.

3.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or
> on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 2, 3, 10, 11, 13, 14, 15, 16 and 17 are rejected under 35 U.S.C. 102(b) as being

anticipated by Fujimoto et al (US Patent No. 5177802).

Fujimoto teaches a finger print-reading system comprising: means for reading a fingerprint

including a sensor for providing a series of partial images of a finger during relative sliding contact

between the sensor and the finger, the sensor having a surface area smaller than a surface area of

the fingerprint to be read (figure 32 and column 25, lines 4-18); means for reconstituting a total

images of the fingerprint from the partial images (figures 28, 30 and 32 and column 25, lines 19-

48).

Fujimoto teaches the sensor is fixed to a frame, the relative motion of the finger with

respect to the sensor being done by sliding of the finger on the sensor (column 25, lines 10-14).

Fujimoto teaches the sensitive element of the sensor is rectangular (1418 in figure 28 and

1621 in figure 32).

Application/Control Number: 08/870002                                      Page 3

Art Unit: 2723

Fujimoto teaches to shift the sensor with respect to a surface on which a finger may be placed, the relative motion of the finger with respect to the sensor resulting from the sliding of the sensor with respect to the finger (figure 21a).

Fujimoto teaches the sensor takes a form of a small bar with a length far smaller than its width (1418 in figure 28 and 1621 in figure 32)

Fujimoto teaches the width of the small bar is substantially equal to that of finger (figure 28).

Fujimoto teaches the sensor comprises only one row of sensitive elements (1418 in figure 28 and 1621 in figure 32).

Fujimoto teaches For the reconstruction of an image of a fingerprint, an electric circuit with a microprocessor, a read-only memory programmed with an algorithm enabling the reconstruction of the complete image of the fingerprint and the identification of the individual, and a read-only memory (figure 26).

Fujimoto teaches partial image processing means provided by the sensor, making it possible in particular to provide contours of fingerprint ridge lines, the image reconstitution means setting up, on the basis of these contours, a total fingerprint image in the form of contours (1419c in figure 28).

Fujimoto teaches The partial image processing means take account of the results preceding a new search for optimal superimposition between two successive images to predict the most probable position of overlapping for the next image by the fact that there is a very high

AML000139

Application/Control Number: 08/870002                                                    Page 4

Art Unit: 2723

probability that the relative shift of the finger with respect to the sensor will be substantially

constant (figures 26 and 28).

4.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

Claims 4-8 are rejected under 35 U.S.C. 103(a) as being unpatentable over Fujimoto et al

(US Patent No. 5177802) in view of Itsumi (US Patent No. 5757278).

The arguments advanced in paragraph 3 above as to the applicability of the reference are

incorporated herein.

Even though Fujimoto teaches contact image sensor, Fujimoto does not teach details on

the sensor being an integrated circuit comprising a matrix of sensitive elements integrated into a

semiconductor substrate into which there is integrated a multiplexer. However, Edward teaches

an old and well-known image sensor wherein the sensor is an integrated circuit comprising a

matrix of sensitive elements integrated into a semiconductor substrate into which there is

integrated a multiplexer (column 1, lines 5-12; column 2, lines 5-19; abstract). It would have been

obvious to one of ordinary skill in the art , given the references at the time the invention was

made, to incorporate the details of an old and well-known image sensor into the image sensor

taught in the Fujimoto reference.

Application/Control Number: 08/870002                                   Page 5

Art Unit: 2723

Edward teaches the sensor has an active layer sensitive to pressure and/or temperature

(abstract).

Edward teaches the active layer of the integrated circuit is a pyroelectric/piezoelectric

layer enabling the sensing of a matrix pattern of pressure and/or temperature created by the

fingerprint (figure 8 and column 2, lines 46-57).

Edward teaches the sensitive elements of the sensor are constituted by capacitive elements

enabling the sensing of the matrix pattern of capacitance created by the lines of the finger (column

7, lines 27-41).

5.      Claim 12 is rejected under 35 U.S.C. 103(a) as being unpatentable over Fujimoto et al (US

Patent No. 5177802).

The arguments advanced in paragraph 3 above as to the applicability of the reference are

incorporated herein.

Even though Fujimoto does not teach details on the dimension of the line sensor to be

width ranges from about 1 centimeter to 2.5 centimeters and whose length is smaller than 5

millimeters, Fujimoto clearly teaches one dimensional sensor. It would have been a matter of

design choice for one ordinary skill in the art to pick a line sensor according to the design criteria

given the Fujimoto reference at the time the invention was made. Merely specifying the ranges for

the dimension of the sensor is not deemed to be patentably significant.

6.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

Application/Control Number: 08/870002                                    Page 6

Art Unit: 2723

     Itsumi and Itsumi et al are also cited.

7.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to Yon J Couso whose telephone number is (703) 305-4779. The examiner can normally be reached on Monday-Friday from 8:30am to 5:00pm.

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Amelia Au, can be reached on (703) 308-6604.  The fax phone number for this Group is (703) 308-5397.

     Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 305-8576.

YON J. COUSO<br>
PRIMARY EXAMINER

yjc<br>
October 20, 1999

AML000142

**Notice of References Cited**

| Application No. | Applicant(s) |
|---|---|
| 870002 | MAIN GUET |
| Examiner | Group Art Unit | Page 1 1 |
| Y. COUSO | 2723 | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| | A | 5559504 | 9-1996 | ITSUMI ET AL | 340 | 825.31 |
| | B | 5757278 | 5-1998 | ITSUMI | 340 | 825.31 |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

## NON-PATENT DOCUMENTS

| * | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | |
| | W | | |
| | X | | |

\* A copy of this reference is not being furnished with this Office action.
(See Manual of Patent Examining Procedure, Section 707.05(a).)

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-96)

Part of Paper No. 12

*U.S. GPO 1997-417-983/62731

AML000143



**UNITED STATES DE    iTMENT OF COMMERCE**
Patent and Trademark Office

ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

## CHANGE OF ADDRESS/POWER OF ATTORNEY

LOCATION    27C2    SERIAL NUMBER 08870002    PATENT NUMBER

THE CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER #  22850

THE PRACTITIONERS OF RECORD HAVE BEEN CHANGED TO CUSTOMER #  22850

ON 10/27/99 THE ADDRESS OF RECORD FOR CUSTOMER NUMBER  22850 IS:

OBLON SPIVAK MCCLELLAND MAIER & NUESTADT
FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY
ARLINGTON VA 22202

AND THE PRACTITIONERS OF RECORD FOR CUSTOMER NUMBER  22850 ARE:

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 21124 | 24618 | 24854 | 24913 | 25599 | 26142 | 26395 | 27295 | 27757 | 28421 |
| 28870 | 29099 | 30001 | 30996 | 31451 | 32829 | 32884 | 33128 | 33893 | 34305 |
| 34423 | 34426 | 34648 | 35270 | 35299 | 36379 | 36867 | 37182 | 37628 | |

PTO INSTRUCTIONS: PLEASE TAKE THE FOLLOWING ACTION WHEN THE
CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER NUMBER:
RECORD, ON THE NEXT AVAILABLE CONTENTS LINE OF THE FILE JACKET,
'ADDRESS CHANGE TO CUSTOMER NUMBER'.  LINE THROUGH THE OLD
ADDRESS ON THE FILE JACKET LABEL AND ENTER ONLY THE 'CUSTOMER
NUMBER' AS THE NEW ADDRESS.  FILE THIS LETTER IN THE FILE JACKET.
WHEN ABOVE CHANGES ARE ONLY TO FEE ADDRESS AND/OR PRACTITIONERS
OF RECORD, FILE LETTER IN THE FILE JACKET.

PTO-FMD
TALBOT-1/97



Docket No.    0154-2548-2

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF: Jean-Francois MAINGUET          GAU:      2723

SERIAL NO: 08/870,002                                 EXAMINER:  COUSO

CPA FILED:    AUGUST 2, 1999

FOR:      FINGERPRINT-READING SYSTEM

## REQUEST FOR EXTENSION OF TIME
## UNDER 37 C.F.R. 1.136

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

SIR:

It is hereby requested that a **one month** extension of time be granted to **FEBRUARY 25, 2000** for

■  filing a response to the Official Action dated:  **October 25, 1999**

☐  responding to the requirements in the Notice of Allowability dated:

☐  filing the Formal Drawings. The Issue Fee due                    has been timely filed.

☐  responding to the Notice to File Missing Parts of Application dated:

☐  filing a Notice of Appeal. A timely response to the final rejection, due                    has been filed.

☐  filing an Appeal Brief. A Notice of Appeal was filed on:

☐

The required fee of **$110.00** *is* enclosed herewith by check and any further charges may be made against the Attorney of Record's Deposit Account No. **15-0030**. A duplicate copy of this sheet is enclosed.

                                        Respectfully Submitted,

                                        OBLON, SPIVAK, McCLELLAND,
                                        MAIER & NEUSTADT, P.C.

                                        *Carl E Schlier*

Fourth Floor                            Gregory J. Maier
1755 Jefferson Davis Highway            Registration No.    25,599
Arlington, Virginia 22202
Tel. (703) 413-3000
Fax. (703) 413-2220                     Carl E. Schlier
(OSMMN 11/98)                           Registration No.    34,426

0154-2548-2                FEB 2 4 2000

IN THE UNITED STATES PATENT & TRADEMARK OFFICE

IN RE APPLICATION OF:            :

JEAN-FRANCOIS MAINGUET      : EXAMINER:  COUSO

SERIAL NO: 08/870,002            :

CPA FILED:  AUGUST 2, 1999       : GROUP ART UNIT: 2723

FOR:  FINGERPRINT-READING        :
       SYSTEM

AMENDMENT

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C.  20231

SIR:

Responsive to the Office Action dated October 25, 1999, please amend the above-

identified application as follows:

IN THE CLAIMS

Please amend claim 17 as follows:

Claim 17, line 3, change "during" to --obtained directly from--.

Please add new claims 18 and 19 as follows:

--18. A fingerprint reading system according to claim 17, wherein said means for

reading comprises:

means for reading a fingerprint including said sensor for providing said series of

partial images of said finger corresponding to respective portions of said finger directly in

contact with a surface of said sensor.

19. A process for reading a fingerprint, comprising:

obtaining a series of partial images of the fingerprint during a sliding relative motion

AML000146

`between a finger and a sensor, said sensor having a sensing surface area smaller than a

surface area of said fingerprint to be read, and having several lines of sensing detecting elements,

each partial image partially overlapping a previous partial image, and

reconstructing a global image by correlation of overlapping partial images--.

## REMARKS

Favorable reconsideration of this application is respectfully requested.

Claims 2-8 and 10-18 are present in this application, claim 18 being added by way of

the present amendment. Claims 2, 3, 10-11 and 13-17 stand rejected under 35 U.S.C.

§102(b) as anticipated by U.S. 5,177,802 to Fujimoto et al, claims 4-8 stand rejected under

35 U.S.C. §103(a) as unpatentable over Fujimoto et al in view of U.S. 5,757,278 to Itsumi,

and claim 12 stands rejected under 35 U.S.C. §103(a) as unpatentable over Fujimoto et al.

First, it is noted that the §103(a) rejection of claims 4-8 refers to the Itsumi patent but

the corresponding discussion refers to U.S. 4,429,413 to Edwards. It is believed that the

rejection is based upon a combination of Fujimoto et al and Edwards, and the following

remarks are so addressed. If claims 4-8 were meant to be rejected over Itsumi, a detailed

discussion of how the reference discloses or suggests each element of each of claims 4-8 is

respectfully requested.

The present invention is directed to a system for reading fingerprints utilizing a

sensor which provides a series of partial images of a finger obtained directly from relative

sliding contact between the sensor and the finger. The sensor has a surface area smaller than

a surface area of the fingerprint to be read. The Applicant respectfully requests withdrawal

of the outstanding rejection since the prior art references, whether taken individually or in

combination, do not suggest or render obvious such an invention.

-2-

The Office Action refers to the embodiment shown in figure 32 of Fujimoto et al. Referring to column 25, beginning at line 4, the figure 32 apparatus includes an input base 1611, a roller 1613, a lighting device 1615, a rotary encoder 1616 and a synthesizing buffer 1619. An image type sensor 1621 allows the fingerprint surface of a finger to be slid in place of the roller 1513a. The fingerprint surface is lit up by the lighting device 1615 and the light reflected on the fingerprint surface is directly picked up by the close-contact image sensor 1621 (see column 25, line 28). The fingerprint pattern is sequentially stored as one-dimensional data per one line in the line buffer 1419a.

Clearly, the fingerprint image is not obtained directly from contact between the sensor 1621 and the finger F. The fingerprint image is obtained by light reflected from the fingerprint surface which is picked up by the light-sensitive sensor 1621. Contact between the finger and sensor 1621 does not produce any image. The image is obtained indirectly by reflecting light off the finger F, receiving the light by 1621 and then synthesizing the fingerprint image. Thus, Fujimoto et al clearly do not disclose or suggest the apparatus as recited in claim 17 having a means for providing a series of partial images of a finger obtained directly from sliding contact between the sensor and the finger. It is respectfully submitted that claim 17 is patentably distinguishable over Fujimoto et al.

The Office Action makes the assertion that it would have been obvious to include a fingerprint sensor as taught by Edwards in the device of Fujimoto et al. First, the sensor of Edwards teaches that the finger is to be held in a stable position for a period of time to obtain the image (see column 4, lines 31-44). Such a sensor clearly teaches away from and is directly contrary to a device obtaining fingerprint images by sliding contact. Further, Edwards both teaches away from the present invention and away from the system of Fujimoto et al. The system of Fujimoto et al takes multiple optical images of the finger.

-3-

AML000148

Holding the finger stable will not produce the required images. Sliding a finger on the system of Edwards also does not produce the required image.

Demonstrating that the combination is deficient, the Office Action does not discuss how one would incorporate the sensor of Edwards in Fujimoto et al or vice versa. The Office Action also does not explain how the Edwards sensor having a surface area clearly larger than the fingerprint to be imaged could be used in the embodiment such as shown in figure 32 of Fujimoto et al where the image is obtained by light reflected off the surface of the fingerprint. Logically, if one were to use the fingerprint sensor of Edwards in a device like Fujimoto et al, one would use the sensor as taught by Edwards. Nothing in Edwards or Fujimoto et al describes how one would create a fingerprint sensor like that in Edwards but having a surface area smaller than the fingerprint to be imaged, nor how it would work with sliding contact of a finger. In Fujimoto et al, this problem is solved by using light and a rotary mechanism to keep track of the amount of travel of the finger across the sensor, and reconstructing partial images of the fingerprint. Edwards, in contrast, uses a single surface to image the entire fingerprint at once and makes no consideration nor pays any mind to having to reconstruct a partial signal, or provides any teaching of how one would do so.

Therefore, the combination proposed by the Examiner fails because the references do not explain how such a device could be modified to produce the sensor as recited in claim 17.

The above discussion also clearly shows how the motivation for making the combination is lacking. The only system which teaches a fingerprint imaging system where direct contact between the sensor is used to obtain partial images of a fingerprint to be imaged is the present application. Edwards, first, does not have any relative sliding motion, second, does not have a sensor which has a surface area smaller than the image desired to be obtained and, third, teaches holding the finger stable to obtain the image. In Fujimoto et al,

-4-

AML000149

the image is not obtained directly from the relative sliding contact between the sensor and the finger. Reflected light is used, and partial images are reconstructed. The systems of Fujimoto et al and Edwards et al simply work in different ways and a hybrid combination of the two which would somehow either anticipate or render obvious the present invention as recited in claim 17 clearly does not follow from either disclosure and is, in fact, contrary to the disclosures. Thus, there is clearly no motivation for combining the references as set forth in the Office Action since neither reference provides any of the proper teachings which one would need in order to make the combination.

It is therefore respectfully submitted that claim 17 is patentably distinguishable over the applied prior art and therefore allowable.

Claim 5 recites the sensor having an active layer sensitive to pressure or temperature. Although Edwards suggests using pressure sensitive means in a fingerprint reading system, there is no motivation in Edwards to require the finger to be slid because a static finger would give a better quality image. Also, there is no motivation in Fujimoto et al to replace optical detection by pressure or temperature detection. One object of Fujimoto et al is to avoid contact as indicated at column 4, lines 20-24, while pressure and temperature sensitive fingerprint systems require a direct contact. In addition, Fujimoto et al require a roller close to the finger line being read, which roller would prevent correct application of the finger pressure on the linear sensor.

Claim 7 recites a capacitive sensor. None of the applied prior art discloses or suggests such a sensor, and the Office Action does not explain how such a sensor is found in or suggested by any reference or combination of references. Withdrawal of the rejection of claim 7 is in order. A detailed explanation of how any reference meets the elements of claim 7 is respectfully requested if the rejection is maintained.

-5-

It is respectfully submitted that the present application is in condition for allowance and a favorable decision to that effect is respectfully requested.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Gregory J. Maier
Registration No. 25,599
Attorney of Record

Carl E. Schlier
Registration No. 34,426

Crystal Square Five - Fourth Floor
1755 Jefferson Davis Highway
Arlington, Virginia 22202
(703) 413-3000
(703) 413-2220 (fax)
GJM:CES/cct

I:\atty\CES\01542548.am

-6-

AML000151

27239

Docket No.   0154-2548-2

IN RE APPLICATION OF:  Jean-Francois MAINGUET
SERIAL NO: 08/870,002
CPA FILED:  AUGUST 2, 1999
FOR:          FINGERPRINT-READING SYSTEM

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C.  20231

SIR:

Transmitted herewith is an amendment in the above-identified application.

☐ No additional fee is required

☐ Small entity status of this application under 37 C.F.R. §1.9 and §1.27 has been established by a verified statement previously submitted.

☐ Small entity status of this application under 37 C.F.R. §1.9 and §1.27 has been established by a verified statement submitted herewith.

■ Additional documents filed herewith:      **Petition for Extension of Time (1 month)**

The Fee has been calculated as shown below:

| CLAIMS | CLAIMS REMAINING | | HIGHEST NUMBER PREVIOUSLY PAID | NO. EXTRA CLAIMS | RATE | CALCULATIONS |
|---|---|---|---|---|---|---|
| TOTAL | 41 | MINUS | 39 | 2 | × $18 = | $36.00 |
| INDEPENDENT | 2 | MINUS | 3 | 0 | × $78 = | $0.00 |
| | | ☐ MULTIPLE DEPENDENT CLAIMS | | | + $260 = | $0.00 |
| | | TOTAL OF ABOVE CALCULATIONS | | | | $36.00 |
| | | ☐ Reduction by 50% for filing by Small Entity | | | | $0.00 |
| | | ☐ Recordation of Assignment | | | + $40 = | $0.00 |
| | | | | | TOTAL | $36.00 |

■ A check in the amount of   **$146.00**   is attached.

■ Please charge any additional Fees for the papers being filed herewith and for which no check is enclosed herewith, or credit any overpayment to deposit Account No. 15-0030. A duplicate copy of this sheet is enclosed.

■ If these papers are not considered timely filed by the Patent and Trademark Office, then a petition is hereby made under 37 C.F.R. §1.136, and any additional fees required under 37 C.F.R. §1.136 for any necessary extension of time may be charged to Deposit Account No. 15-0030. A duplicate copy of this sheet is enclosed.

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Gregory J. Maier
Registration No.    25,599

Carl E. Schlier
Registration No.    34,426

Fourth Floor
1755 Jefferson Davis Highway
Arlington, Virginia 22202
Tel. (703) 413-3000
Fax. (703) 413-2220
(OSMMN 11/98)

AML000152



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
          Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/870,002 | 06/05/97 | MAINGUET | J | 154-2548-2 |

```
022850                              LM31/0502
OBLON SPIVAK MCCLELLAND MAIER & NUESTADT
FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY
ARLINGTON VA 22202
```

|  | EXAMINER |
|---|---|
|  | COUSO, Y |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2723 | |

**DATE MAILED:**
                05/02/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)          U.S. G.P.O. 1999 460-893          1- File Copy

N.D.Cal. 06-cv-2138                                                          AML000153

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 870002 | MAINGUET |
| | Examiner | Group Art Unit |
| | X. CONSO | 2723 |

**—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address---**

**Period for Response**

A SHORTENED STATUTORY PERIOD FOR RESPONSE IS SET TO EXPIRE _____3_____ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a response be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for response is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication .
- Failure to respond within the set or extended period for response will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

☒ Responsive to communication(s) filed on _____2-24-00_____ .

☐ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

☒ Claim(s) _____2-8, 10-19_____ is/are pending in the application.

Of the above claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) _____2-8, 10-19_____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 11 9a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number)_____ .

☐ received in this national stage application from the International Bureau (PCT Rule 1 7.2(a)).

*Certified copies not received:_____ .

**Attachment(s)**

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____    ☐ Interview Summary, PTO-413

☐ Notice of References Cited, PTO-892    ☐ Notice of Informal Patent Application, PTO-152

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948    ☐ Other_____

**Office Action Summary**

U. S. Patent and Trademark Office
PTO-326 (Rev. 3-97)    *U.S. GPO: 1997-417-381/62710    Part of Paper No. _16_

N.D.Cal. 06-cv-2138    AML000154

Application/Control Number: 08/870002                                                    Page 2

Art Unit: 2723

1.      This office action is in response to the amendment filed February 24, 2000.

        A. The applicant argues that the prior art does not teach obtaining fingerprint image from

contact between the sensor and the finger that the contact between the finger and sensor does not

produce any image. The examiner notes that the page 6, line 35-page 7, line 15 in the specification

is one of the embodiment describing how the image of the finger is obtained. Note that the contact

between the active element of the sensor and the finger also does not produce any image in the

applicant's disclosure either. It requires integrated electronic circuit connected to external

connection pins which can transmit electric signals. The examiner notes that the Fujimoto

discloses obtaining fingerprint image from contact between the sensor and the finger and

fingerprint surface is directly picked up by the close-contact image sensor (column 25, lines 25-

35). The sensor and the light source together can be read on the sensor since they are the integral

part of the sensor just as the applicant's pyroelectric/piezoelectric layers and upper and lower

electrodes make up the sensor.

2.      The text of those sections of Title 35, U.S. Code not included in this action can be found

in a prior Office action.

3.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

        A person shall be entitled to a patent unless --

        (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or
        on sale in this country, more than one year prior to the date of application for patent in the United States.

Application/Control Number: 08/870002                                    Page 3

Art Unit: 2723


Claims 2, 3, 10, 11, 13-19 are rejected under 35 U.S.C. 102(b) as being anticipated by

Fujimoto et al (US Patent No. 5177802).

The arguments advanced in paragraph 1 above as to the applicability of the reference are

incorporated herein.

Fujimoto teaches a finger print-reading system comprising: means for reading a

fingerprint including a sensor for providing a series of partial images of a finger obtained directly

from relative sliding contact between the sensor and the finger, the sensor having a surface area

smaller than a surface area of the fingerprint to be read (figure 32 and column 25, lines 4-35);

means for reconstituting a total images of the fingerprint from the partial images (figures 28, 30

and 32 and column 25, lines 19-48).

Fujimoto teaches the sensor is fixed to a frame, the relative motion of the finger with

respect to the sensor being done by sliding of the finger on the sensor (column 25, lines 10-14).

Fujimoto teaches the sensitive element of the sensor is rectangular (1418 in figure 28 and

1621 in figure 32).

Fujimoto teaches to shift the sensor with respect to a surface on which a finger may be

placed, the relative motion of the finger with respect to the sensor resulting from the sliding of the

sensor with respect to the finger (figure 21a).

Fujimoto teaches the sensor takes a form of a small bar with a length far smaller than its

width (1418 in figure 28 and 1621 in figure 32)

Application/Control Number: 08/870002                                    Page 4

Art Unit: 2723

Fujimoto teaches the width of the small bar is substantially equal to that of finger (figure
28).

Fujimoto teaches the sensor comprises only one row of sensitive elements (1418 in figure
28 and 1621 in figure 32).

Fujimoto teaches For the reconstruction of an image of a fingerprint, an electric circuit
with a microprocessor, a read-only memory programmed with an algorithm enabling the
reconstruction of the complete image of the fingerprint and the identification of the individual, and
a read-only memory (figure 26).

Fujimoto teaches partial image processing means provided by the sensor, making it
possible in particular to provide contours of fingerprint ridge lines, the image reconstitution means
setting up, on the basis of these contours, a total fingerprint image in the form of contours (1419c
in figure 28).

Fujimoto teaches The partial image processing means take account of the results
preceding a new search for optimal superimposition between two successive images to predict the
most probable position of overlapping for the next image by the fact that there is a very high
probability that the relative shift of the finger with respect to the sensor will be substantially
constant (figures 26 and 28).

Fujimoto teaches means for reading comprising: means for reading a fingerprint including
the sensor for providing the series of partial images of the finger corresponding to respective
portions of the finger directly in contact with a surface of the sensor (column 25, lines 4-35).

                                                    AML000157

( )

Application/Control Number: 08/870002                                        Page 5

Art Unit: 2723

4.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

Claims 4-8 are rejected under 35 U.S.C. 103(a) as being unpatentable over Fujimoto et al

(US Patent No. 5177802) in view of Fishbine et al (US Patent No. 4,933,976) and further in view

of Edwards (US Patent No. 4,429,413).

The arguments advanced in paragraph 3 above as to the applicability of the reference are

incorporated herein.

Even though Fujimoto teaches contact image sensor, Fujimoto does not teach details on

the sensor being an integrated circuit comprising a matrix of sensitive elements integrated into a

semiconductor substrate into which there is integrated a multiplexer. Edward teaches an old and

well-known image sensor wherein the sensor is an integrated circuit comprising a matrix of

sensitive elements integrated into a semiconductor substrate into which there is integrated a

multiplexer (column 1, lines 5-12; column 2, lines 5-19; abstract). Fishbine teaches obtaining

rolled fingerprint image (sliding relative motion) by combining partial images (a surface area

smaller than the fingerprint to be imaged). Even though Fishbine discloses finger prism (20 in

figure 1) to obtain the fingerprint image, Fishbine also discloses that the other means which

provide fingerprint images can also be used. Given those references at the time the invention was

made, it would have been obvious to one of ordinary skill in the art to replace finger prism with

                                                    AML000158

Application/Control Number: 08/870002                                    Page 6

Art Unit: 2723

conventional fingerprint sensor taught in Edwards because Fishbine clearly indicate that other type

of fingerprint imaging device would work in his system. Fishbine in view of Edwards teaches a

finger print-reading system comprising: means for reading a fingerprint including a sensor for

providing a series of partial images of a finger obtained directly from relative rolling motion

between the sensor and the finger, the sensor having a surface area smaller than a surface area of

the fingerprint to be read and means for reconstituting a total images of the fingerprint from the

partial images using a sensor which is an integrated circuit comprising a matrix of sensitive

elements integrated into a semiconductor substrate into which there is integrated a multiplexer.

Given Fujimoto et al, Fishbine et al and Edwards, it would have been obvious to one of ordinary

skill in the art to combine a sensor which is an integrated circuit into Fujimoto because Fishbine

already teaches other fingerprint imaging technique can be used in his system where the

fingerprint is obtained by combining partial images from rolled fingerprint image wherein the

sensor having a surface area smaller than a surface area of the fingerprint to be read.

Edward teaches the sensor has an active layer sensitive to pressure and/or temperature

(abstract).

Edward teaches the active layer of the integrated circuit is a pyroelectric/piezoelectric

layer enabling the sensing of a matrix pattern of pressure and/or temperature created by the

fingerprint (figure 8 and column 2, lines 46-57).

With regard to the sensitive elements of the sensor being constituted by capacitive

elements enabling the sensing of the matrix pattern of capacitance created by the lines of the

Application/Control Number: 08/870002                                    Page 7

Art Unit: 2723

finger, it is old and well-known (official notice). Use of one type of well-known sensor over

another well-known type of sensor is not deemed to be patentably significant.

5.      Claim 12 is rejected under 35 U.S.C. 103(a) as being unpatentable over Fujimoto et al (US

Patent No. 5177802).

        The arguments advanced in paragraph 3 above as to the applicability of the reference are

incorporated herein.

        Even though Fujimoto does not teach details on the dimension of the line sensor to be

width ranges from about 1 centimeter to 2.5 centimeters and whose length is smaller than 5

millimeters, Fujimoto clearly teaches one dimensional sensor. It would have been a matter of

design choice for one ordinary skill in the art to pick a line sensor according to the design criteria

given the Fujimoto reference at the time the invention was made. Merely specifying the ranges for

the dimension of the sensor is not deemed to be patentably significant.

6.      Any inquiry concerning this communication or earlier communications from the examiner
should be directed to Yon J Couso whose telephone number is (703) 305-4779. The examiner can
normally be reached on Monday-Friday from 8:30am to 5:00pm.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,
Amelia Au, can be reached on (703) 308-6604.  The fax phone number for this Group is (703)
308-5397.

        Any inquiry of a general nature or relating to the status of this application or proceeding
should be directed to the Group receptionist whose telephone number is (703) 305-8576.

Application/Control Number: 08/870002

Art Unit: 2723

Page 8

yjc
April 28, 2000

YON J. COUSO
PRIMARY EXAMINER



**UNITED S.    .ES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 870002 | 6-5-97 | MAIN GUET | 154-2548-2 |

| EXAMINER |
|---|
| Y. conSO |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2723 | 17 |

DATE MAILED:

## INTERVIEW SUMMARY

All participants (applicant, applicant's representative, PTO personnel):

(1) _Carl Schlier_          (3) _____

(2) _Yon Conso_          (4) _____

Date of Interview _August 9, '00_

Type: ☐ Telephonic ☒ Personal (copy is given to ☐ applicant ☒ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No  If yes, brief description:_____

Agreement ☐ was reached. ☐ was not reached.

Claim(s) discussed: _all of record._

Identification of prior art discussed: _Fujimoto et al., Kishbine et al and Edwards_

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _The applicant argued that the prior art does not teach a sensor for providing a series of partial images of a finger obtained directly from relative sliding contact ... " The examiner disagreed. The applicant will further limit "sensor" and "contact" in the upcoming response to in order to overcome the rejection._

( A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary. A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP 713.04). If a response to the last Office action has are ready been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign this form unless it is an attachment to another form.

FORM PTOL-413 (REV.1-96)



Docket No.    0154-2548-2

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF:  Jean-Francois MAINGUET          GAU:        2723

SERIAL NO: 08/870,002                                  EXAMINER:  COUSO

CPA FILED:  AUGUST 2, 1999

FOR:          FINGERPRINT-READING SYSTEM

### REQUEST FOR EXTENSION OF TIME
### UNDER 37 C.F.R. 1.136

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C.  20231

SIR:

It is hereby requested that a **one** month extension of time be granted to **SEPTEMBER 2, 2000** for

■   filing a response to the Official Action dated:    **MAY 2, 2000**

☐   responding to the requirements in the Notice of Allowability dated:

☐   filing the Formal Drawings. The Issue Fee due                        has been timely filed.

☐   responding to the Notice to File Missing Parts of Application dated:

☐   filing a Notice of Appeal. A timely response to the final rejection, due                        has been filed.

☐   filing an Appeal Brief. A Notice of Appeal was filed on:

☐

The required fee of **$110.00** is enclosed herewith by check and any further charges may be made against the Attorney of Record's Deposit Account No. **15-0030**. A duplicate copy of this sheet is enclosed.

Respectfully Submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

*Carl E. Schlier*

Gregory J. Maier
Registration No.    25,599

Carl E. Schlier
Registration No.    34,426

**22850**
Tel. (703) 413-3000
Fax. (703) 413-2220
(OSMMN 11/98)

0154-2548-2

*OIPE*

*SEP 0 5 2000*

*PATENT & TRADEMARK OFFICE*

IN THE UNITED STATES PATENT & TRADEMARK OFFICE

IN RE APPLICATION OF:            :

JEAN-FRANCOIS MAINGUET    : EXAMINER:  COUSO

SERIAL NO:  08/870,002            :

CPA FILED:  AUGUST 2, 1999    : GROUP ART UNIT: 2723

FOR:  FINGERPRINT-READING        :
      SYSTEM

AMENDMENT

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C.  20231

SIR:

Responsive to the Office Action dated May 2, 2000, please amend the above-

identified application as follows:

IN THE CLAIMS

Please amend claims 17 and 19 as follows:

17. (Amended) A fingerprintprint reading system comprising:

means for reading a fingerprint including a sensor having a sensing surface coupled to

a matrix of contact sensitive elements for [providing] generating a series of partial images of

a finger, placed in direct contact with said sensing surface, [obtained directly] from relative

sliding contact between said [sensor] sensing surface and said finger, said [sensor] sensing

surface having a surface area smaller than a surface area of said fingerprint to be read; and

means for reconstituting a total image of the fingerprint from said partial images.

Claim 19, line 4, change "detecting" to --sensing--.

Please add the following new claims:

                                    AML000164

17--20. A fingerprint reading system comprising:

means for reading a fingerprint including a sensor having a sensing surface coupled to a matrix of several lines of sensing elements for generating a series of overlapping successive partial images of a finger placed in contact with said sensing surface from relative sliding contact between said sensing surface and said finger, said sensing surface having a surface area smaller than a surface area of said fingerprint to read; and

means for reconstituting a total image of the fingerprint from said overlapping partial images.

18
21. A fingerprint reading system according to claim 17, wherein said means for reconstituting comprises:

means for determining a number of said sensitive elements having substantially identical signal values in an area of overlap between two successive partial images;

means for comparing said number to a predetermined number; and

means for adjusting a size of said area of overlap if said number is less than said predetermined number.

19
22. A fingerprint reading system according to claim 17, wherein:

said means for reading generates first, second and third successive partial images; and

said means for reconstituting comprises:

means for matching said first and second successive images and form a first combined image; and

means for matching said third successive image with said first combined image to form a second combined image.

20
23. A fingerprint reading system according to claim 17, wherein:

said means for reading generates first and second successive partial images; and

said means for reconstituting comprises means for adjusting a relative position of said

-2-

                                                                              AML000165

first and second partial images in at least two orthogonal directions to match said first and second partial images.

24. A process for reading a fingerprint according to claim 19, comprising:

determining a number of said sensitive elements having substantially identical signal values in an area of overlap between two successive partial images;

comparing said number to a predetermined number; and

adjusting a size of said area of overlap if said number is less than said predetermined number.

25. A process for reading a fingerprint according to claim 19, comprising:

generating first, second and third successive partial images;

matching said first and second successive images and form a first combined image; and

matching said third successive image with said first combined image to form a second combined image.

26. A process for reading a fingerprint according to claim 19, comprising:

generating first and second successive partial images; and

adjusting a relative position of said first and second partial images in at least two orthogonal directions to match said first and second partial images.--

## REMARKS

Favorable reconsideration of this application is respectfully requested.

Claims 2-8 and 10-15 are present in this application, claims 20-26 being added by way of the present amendment. Claims 2, 3, 10-11 and 13-19 stand rejected under 35 U.S.C. §102(b) as anticipated by U.S. 5,177,802 (Fujimoto et al), claims 4-8 stand rejected under 35 U.S.C. §103(a) as unpatentable over Fujimoto et al in view of U.S. 4,933,976 (Fishbine et al)

-3-

AML000166

and U.S. 4,429,413 (Edwards), and claim 12 stands rejected under 35 U.S.C. §103(a) as unpatentable over Fujimoto et al.

The Applicant greatly appreciates the interview that took place between their representative and Examiner Couso on August 9, 2000. During the interview the claims and the prior art were discussed in detail. The discussion focused upon the descriptions of the claim terms "sensor" and "contact" in relation to the discussion of these terms in the Office Action. While no specific agreement was reached, the Applicants agreed to consider more specifically defining these elements in the independent claims. By way of the above amendments, the sensor of claim 17 has been clarified as having a sensing surface with the sensing surface coupled to a plurality of contact sensitive elements, and contact has been clarified as being between a finger and the sensing surface of the sensor. With these clarifications it is believed clear that the claims of the present invention are patentably distinguishing over the applied prior art and in condition for allowance, as will be explained below.

The Office Action refers to the embodiment shown in figure 32 of Fujimoto et al. Referring to column 25, beginning at line 4, the figure 32 apparatus includes an input base 1611, a roller 1613, a lighting device 1615, a rotary encoder 1616 and a synthesizing buffer 1619. An image type sensor 1621 allows the fingerprint surface of a finger to be slid in place of the roller 1513a. The fingerprint surface is lit up by the lighting device 1615 and the light reflected on the fingerprint surface is directly picked up by the close-contact image sensor 1621 (see column 25, line 28). The fingerprint pattern is sequentially stored as one-dimensional data per one line in the line buffer 1419a. Successive adjacent lines form the global image of the fingerprint.

Claim 17 recites the means for reading a fingerprint generates a series of partial images of a finger from relative sliding contact between the sensing surface and the finger.

-4-

AML000167

On the other hand, Fujimoto et al clearly do not generate any series of partial images from relative sliding contact between the sensing surface and the finger, nor is there any suggestion of a sensor with contact sensitive elements. Sensor 1621 generates images from light reflected from the surface of a finger. The contact of the finger and sensor 1621 does not generate any series of partial images. Claim 17 is distinguishable over Fujimoto et al.

The Office Action makes the assertion that it would have been obvious to include a fingerprint sensor as taught by Edwards in the device of Fujimoto et al. While not stated in the Office Action, Examiner Couso made clear during the interview that she considers it would be obvious to include in Fujimoto et al a sensor as taught by Edwards having a size comparable to that sensor 1621 of Fujimoto et al. What this means is that there is some suggestion in the prior art to modify the sensor taught by Edwards et al to be of a smaller size and can generate a fingerprint image from a number of images. However, neither Fujimoto nor Edwards makes any suggestion that a mechanical sensor as taught in Edwards could be reduced to a size smaller than the fingerprint to be read or that a contact sensitive sensor may generate images from sliding contact between a finger and the sensing surface, as recited in claim 17. To the contrary, Edwards teaches that the finger is pressed against the surface of the sensor, held in position for a certain time, and one image is obtained.

The Office Action concludes that it would be obvious to combine the sensor of Edwards into Fujimoto et al. This logically means that the sensor of Edwards would be used, and does not mean that the sensor of Edwards is used after being modified to a size smaller than the fingerprint to be read. Substituting the sensor of Edwards into Fujimoto et al would result in the same sensor being used. There needs to be some additional teaching to reduce the size of a mechanical sensor, none of which is found in either reference nor is there any identification in the Office Action of such a suggestion for the modification.

The Office Action also discusses the Fishbine et al patent suggesting that it teaches

-5-

AML000168

obtaining rolled fingerprint images by combing partial images.  Rolling a finger on a prism is found to be the same as sliding relative motion and the combining of partial images is referred to in connection with a surface area smaller than a fingerprint to be imaged.  Claim 17 recites that the sensing area of the sensor in which the fingerprint is placed in contact is smaller in area than the fingerprint to be imaged.  Fishbine et al clearly teach away from this as the prism 20 is larger than the fingerprint to be imaged, as shown in any of the figures 2A-2C.  The surface upon which the finger is placed is larger than the fingerprint.  Thus, Fishbine et al also teach away from the present invention by having the large surface prism.

Secondly, the rolling motion is not relative sliding contact.  This is true from both the plain meanings of the words and from the teaching of Fishbine et al.  The present invention uses relative sliding motion of the finger across the sensing surface of the sensor since the sensing surface area is smaller than the fingerprint to be read.  Fishbine et al teaches a different method where the surface area of the prism clearly must be larger than the fingerprint to be read since no sliding occurs but the fingerprint is rolled across the prism and imaged.  Using the teachings of Fishbine et al, one would produce a sensor having a surface area of the surface in contact with the finger larger than the fingerprint to be read and one in which no sliding motion is used, rather a rolling motion.  Moreover, it is clear from figures 3A-3C and 4A-4C that in any sliding would prevent the desired image to be obtained.  Using Fishbine et al, one skilled in the art would clearly be led away from a sensor having a sensing area smaller than the area of the fingerprint to be imaged.

It is clear that none of the applied references has any suggestion for modifying the three references to produce a system as recited in claim 17.  None of the references teach that a sensor such as Edwards or in Fishbine could be reduced in size and then substituted for the sensor in Fujimoto et al.  It is therefore respectfully submitted that claim 17 is clearly patentably distinguishable over the applied prior art and therefore in condition for allowance.

-6-

Claim 19 recites a process for reading a fingerprint having a step of obtaining a series of overlapping partial images of the fingerprint from sliding a finger across the sensing surface, the sensing surface having a sensing surface area smaller than a surface area of the fingerprint to be read, and reconstructing a global image from the successive overlapping partial images. None of the applied prior art teaches any method of obtaining a fingerprint from relative sliding contact of the finger with a sensing surface smaller than the fingerprint to be read, with overlapping partial images and reconstruction from the partial images. Fujimoto et al teach an optical system with no overlapping partial images and neither of Edwards and Fishbine et al suggests any method where relative sliding contact of a finger with the sensing surface of a sensor obtains a series of overlapping partial images. Clearly, Fujimoto et al builds an image from successive adjacent lines and requires a roller to identify the position of each line. The global image is a juxtaposition of non-overlapping adjacent lines. There is clearly no need to use overlapping images in Fujimoto et al since the roller produces position information, and none of the other references explain how or suggest why the roller should be eliminated and overlap of the images may used to construct a golbal image. The invention as claimed does not require a roller. It is therefore respectfully submitted that claim 19 is also patentably distinguishable over the applied prior art and therefore allowable.

Independent claim 20 is believed to be patentable for the same reasons as claim 19.

AML000170

It is respectfully submitted that the present application is in condition for allowance and a favorable decision to that effect is respectfully requested.

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Gregory J. Maier
Registration No. 25,599
Attorney of Record

Carl E. Schlier
Registration No. 34,426

**22850**

Tel. (703) 413-3000
Fax: (703) 413-2220
GJM:CES/cct
I:\atty\CES\01542548.AM1.wpd

**22850**

-8-

AML000171

*2723 $*

Docket No.  0154-2548-2

IN RE APPLICATION OF: Jean-Francois MAINGUET

SERIAL NO: 08/870,002

CPA FILED:  AUGUST 2, 1999

FOR:        FINGERPRINT-READING SYSTEM

*(OIPE stamp: SEP 0 5 2000 PATENT & TRADEMARK OFFICE)*

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

SIR:

Transmitted herewith is an **Amendment** in the above-identified application.

☐ No additional fee is required

☐ Small entity status of this application under 37 C.F.R. §1.9 and §1.27 has been established by a verified statement previously submitted.

☐ Small entity status of this application under 37 C.F.R. §1.9 and §1.27 has been established by a verified statement submitted herewith.

■ Additional documents filed herewith:    **Petition for Extension of Time (1 month)**

The Fee has been calculated as shown below:

| CLAIMS | CLAIMS REMAINING | | HIGHEST NUMBER PREVIOUSLY PAID | NO. EXTRA CLAIMS | RATE | CALCULATIONS |
|---|---|---|---|---|---|---|
| TOTAL | 48 | MINUS | 41 | 7 | × $18 = | $126.00 |
| INDEPENDENT | 3 | MINUS | 3 | 0 | × $78 = | $0.00 |
| | | ☐ MULTIPLE DEPENDENT CLAIMS | | | + $260 = | $0.00 |
| | | TOTAL OF ABOVE CALCULATIONS | | | | $126.00 |
| | | ☐ Reduction by 50% for filing by Small Entity | | | | $0.00 |
| | | ☐ Recordation of Assignment | | | + $40 = | $0.00 |
| | | | | | TOTAL | $126.00 |

■ A check in the amount of  **$236.00**  is attached.

■ Please charge any additional Fees for the papers being filed herewith and for which no check is enclosed herewith, or credit any overpayment to deposit Account No. 15-0030.  A duplicate copy of this sheet is enclosed.

■ If these papers are not considered timely filed by the Patent and Trademark Office, then a petition is hereby made under 37 C.F.R. §1.136, and any additional fees required under 37 C.F.R. §1.136 for any necessary extension of time may be charged to Deposit Account No. 15-0030.  A duplicate copy of this sheet is enclosed.

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

*Carl E. Schlier (signature)*

Gregory J. Maier
Registration No.   25,599

Carl E. Schlier
Registration No.   34,426

**22850**

Tel. (703) 413-3000
Fax. (703) 413-2220
(OSMMN 11/98)



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/870,002 | 06/05/97 | MAINGUET | J | 154-2549 2 |

| EXAMINER |
|---|
| COUSO, Y |

022850          WM31/1205
OBLON SPIVAK MCCLELLAND MAIER & NEUSTADT
FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY
ARLINGTON VA 22202

| ART UNIT | PAPER NUMBER |
|---|---|
| 2623 | |

DATE MAILED:          12/05/00


**Please find below and/or attached an Office communication concerning this application or
proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)                                                                                          1- File Copy

*U.S. GPO: 2000-473-000/44602

*of Interview must Be Made of Record*
*gard to an application must be made of record in the*

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 870002 | MAINGUET |
| | Examiner | Group Art Unit |
| | X COUSO | 2623 |

—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address---

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _____3_____ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication .
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

☒ Responsive to communication(s) filed on ___9-5-00___.

☐ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 1 1; 453 O.G. 213.

**Disposition of Claims**

☒ Claim(s) ___2-8, 10-26___ is/are pending in the application.

☐ Of the above claim(s) _____ is/are withdrawn from consideration.

☒ Claim(s) ___2-8, 10-18, 20-23___ is/are allowed.

☒ Claim(s) ___19, 24-26___ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The proposed drawing correction, filed on_____ is ☐ approved ☐ disapproved.

☐ The drawing(s) filed on_____ is/are objected to by the Examiner.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 11 9(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number)_____.

☐ received in this national stage application from the International Bureau (PCT Rule 1 7.2(a)).

*Certified copies not received:_____.

**Attachment(s)**

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____    ☒ Interview Summary, PTO-413

☒ Notice of Reference(s) Cited, PTO-892    ☐ Notice of Informal Patent Application, PTO-152

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948    ☐ Other_____

**Office Action Summary**

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-97)    *U.S. GPO: 1997-433-221/62717    Part of Paper No. 20

Application/Control Number: 08/870002                                    Page 2

Art Unit: 2723

1.      This office action is in response to the amendment filed September 5, 2000.

2.      The text of those sections of Title 35, U.S. Code not included in this action can be found

in a prior Office action.

3.      Claims 19 and 25 are rejected under 35 U.S.C. 103(a) as being unpatentable over Fishbine

et al in view of Fujimoto et al (US Patent No. 5177802).

        Fishbine teaches a process for reading a fingerprint, comprising: obtaining a series of

partial images of the fingerprint (figures 3a, 3b and 3c), a sensor having a sensing surface area

smaller than a surface area of the fingerprint to be read, and having several lines of sensing

elements, each partial image partially overlapping a previous partial image (figures 4a, 4b and 4c),

and reconstructing a global image by correction of overlapping partial image (figure 5c). Even

though Fishbine does not teach obtaining a series of partial images of the fingerprint during a

sliding relative motion between a finger and a sensor, Fishbine clearly teaches rolling motion of

the finger in the process of obtaining the fingerprint image and Fishbine also teaches that the other

means which provide fingerprint images can also be used. Fujimoto teaches obtaining a series of

partial images of the fingerprint during a sliding relative motion between a finger and a sensor

(figure 32 and column 25, lines 4-35). Given the reference at the time the invention was made, it

would have been obvious to one of ordinary skill in the art to incorporate Fujimoto's technique of

obtaining a series of partial images of the fingerprint during a sliding relative motion between a

finger and a sensor into Fishbine because Fishbine already teaches obtaining a series of partial

Application/Control Number: 08/870002                                    Page 3

Art Unit: 2723

images of the fingerprint and also suggest other means which provide fingerprint images can also

be used in his system.

Fishbine teaches reading generates first, second and third successive partial images

(figures 3a, 3b and 3c); reconstituting comprises matching the first and second successive images

and form a first combined image (figure 5b); and matching the third successive image with the

first combined image to form a second combined image (figure 5c).

4.      Claims 24 and 26 are rejected under 35 U.S.C. 103(a) as being unpatentable over Fishbine

et al in view of Fujimoto et al (US Patent No. 5177802) as applied to claims 19 above, and further

in view of Burt et al.

Even though Fishbine teaches reconstructing a global image by correction of overlapping

partial image (figure 5c), Fishbine does not teach details on determining a number of sensitive

elements having substantially identical signal values in an area overlap between two successive

partial images, comparing the number to a predetermined number, and adjusting a size of the area

of overlap if the number is less than the predetermined number. However, as evidenced by Burt,

determining a number of sensitive elements having substantially identical signal values in an area

overlap between two successive partial images, comparing the number to a predetermined

number, and adjusting a size of the area of overlap if the number is less than the predetermined

number is old and well-known technique in image reconstruction in aligning partial images (figure

2 and figure 4 (steps 408, 410 and 412)). It would have been obvious to one of ordinary skill in

the art, given the reference at the time the invention was made, to incorporate Burt's technique of

Application/Control Number: 08/870002                                           Page 4

Art Unit: 2723

determining a number of sensitive elements having substantially identical signal values in an area

overlap between two successive partial images, comparing the number to a predetermined

number, and adjusting a size of the area of overlap if the number is less than the predetermined

number into Fishbine which already teaches reconstructing a global image by correction of

overlapping partial image (figure 5c).

As to reconstituting comprises adjusting a relative position of the first and second partial

images in at least two-orthogonal directions to match the first and second partial images step 412

in figure 4 inherently includes adjusting a relative position of the first and second partial images in

at least two-orthogonal directions to match the first and second partial images.

5.      Claims 2-8, 10-18, 20-23 are allowed.

6.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

Kumashiro et al is also cited.

7.      Any inquiry concerning this communication or earlier communications from the examiner
should be directed to Yon J Couso whose telephone number is (703) 305-4779. The examiner can
normally be reached on Monday-Friday from 8:30am to 5:00pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,
Amelia Au, can be reached on (703) 308-6604.  The fax phone number for this Group is (703)
308-5397.

Any inquiry of a general nature or relating to the status of this application or proceeding
should be directed to the Group receptionist whose telephone number is (703) 305-8576.

yjc
December 1, 2000                                    YON J. COUSO
                                                   PRIMARY EXAMINER

| | | | | | | |
|---|---|---|---|---|---|---|
| *Notice of References Cited* | | **Application No.** 870002 | **Applicant(s)** MAINGUET | | | |
| | | **Examiner** X. couso | **Group Art Unit** 2623 | | **Page** 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| | A | 5721624 | 2-1998 | KUMASHIRO ET AL | 382 | 284 |
| | B | 5999662 | 12-1999 | BURT ET AL | 382 | 284 |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

**NON-PATENT DOCUMENTS**

| * | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | |
| | W | | |
| | X | | |

* A copy of this reference is not being furnished with this Office action.
(See Manual of Patent Examining Procedure, Section 707.05(a).)

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-96)

Part of Paper No. 2.0



**UNITED S. .ES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/870,002 | 06/05/97 | MAINGUET | J    154-2540-2 |

022850                                    WM31/1205
OBLON SPIVAK MCCLELLAND MAIER & NEUSTADT
FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY
ARLINGTON VA 22202

| EXAMINER |
|---|
| COUSO, Y |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2623 | 20 |

DATE MAILED:    12/05/00

## INTERVIEW SUMMARY

All participants (applicant, applicant's representative, PTO personnel):

(1) _Mr. Carl Schlier_          (3) _____

(2) _Yon Couso_                (4) _____

Date of Interview ____ _Nov → 8, 00_ ____

Type: ☒Telephonic  ☐ Personal (copy is given to  ☐ applicant  ☐ applicant's representative).

Exhibit shown or demonstration conducted?  ☐ Yes  ☐No  If yes, brief description: _____

_____

Agreement  ☐ was reached.  ☒ was not reached.

Claim(s) discussed: _all of record_ _____

Identification of prior art discussed: _all of record_ _____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _the examiner_
_proposed to cancel claims. 19, 24-26 and amend_
_claim 20, li 4 to include "direct" in front of contact to_
_make the case in condition for allowance. However,_
_the applicant did not accept the proposal_

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary. A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign this form unless it is an attachment to another form.

FORM PTOL-413 (REV.1-96)



Docket No.    0154-2548-2

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF: Jean-Francois MAINGUET      GAU:      2623

SERIAL NO: 08/870,002            EXAMINER: Couso, Y.

CPA FILED: August 2, 1999

FOR:        FINGERPRINT-READING SYSTEM

### REQUEST FOR EXTENSION OF TIME
### UNDER 37 C.F.R. 1.136

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

SIR:

It is hereby requested that a **one** month extension of time be granted to **April 5, 2001** for

■ filing a response to the Official Action dated:   December 5, 2000.

☐ responding to the requirements in the Notice of Allowability dated:

☐ filing the Formal Drawings. The Issue Fee due            has been timely filed.

☐ responding to the Notice to File Missing Parts of Application dated:

☐ filing a Notice of Appeal. A timely response to the final rejection, due            has been filed.

☐ filing an Appeal Brief. A Notice of Appeal was filed on:

☐ Applicant claims small entity status. See 37 CFR 1.27.  Therefore, the fee amount shown below is reduced by one-half.

The required fee of **$110.00** is enclosed herewith by check and any further charges may be made against the Attorney of Record's Deposit Account No. **15-0030**. A duplicate copy of this sheet *is* enclosed.

Respectfully Submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

*Carl E Schlier*

Gregory J. Maier
Registration No.    25,599

Carl E. Schlier
Registration No.    34,426

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
**22850**

Tel. (703) 413-3000
Fax. (703) 413-2220
(OSMMN 11/98)

04/06/2001 AGOITOM 00000081 08870002

01 FC:115            110.00 OP

RECEIVED

APR 1 1 2001

Technology Center 2600

AML000180



0154-2548-2

## IN THE UNITED STATES PATENT & TRADEMARK OFFICE

IN RE APPLICATION OF:                     :

JEAN-FRANCOIS MAINGUET          : EXAMINER:  COUSO

SERIAL NO:  08/870,002                     :

CPA FILED:  AUGUST 2, 1999          : GROUP ART UNIT: 2623

FOR:  FINGERPRINT-READING          :
      SYSTEM

### AMENDMENT

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C.  20231

SIR:

Responsive to the Office Action dated December 5, 2000, please amend the above-identified application as follows:

### IN THE CLAIMS

Please cancel claims 19 and 24-26 without prejudice.

### REMARKS

Favorable reconsideration of this application is respectfully requested.

Claims 2-8 and 10-18 and 20-23 are present in this application, claims 19 and 24-26 being canceled by way of the present amendment.  Claims 2-8 and 10-18 and 20-23 have been allowed, for which the Applicant is most appreciative.  Accordingly, the present application is in condition for allowance and a favorable decision to that effect is respectfully requested.

RECEIVED

APR 1 1 2001

Technology Center 2600

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.



Gregory J. Maier
Registration No. 25,599
Attorney of Record

Carl E. Schlier
Registration No. 34,426

**22850**

Tel. (703) 413-3000
Fax: (703) 413-2220
GJM:CES/cct
I:\atty\CES\01542548.AM2.wpd

**22850**

-2-

AML000182

Docket No.    0154-2548-2

IN RE APPLICATION OF: Jean-Francois MAINGUET

SERIAL NO: 08/870,002

CPA FILED: August 2, 1999

FOR:        FINGERPRINT-READING SYSTEM

*OIPE APR 0 5 2001 PATENT & TRADEMARK OFFICE*

*2623 $*

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

SIR:

Transmitted herewith is an amendment in the above-identified application.

☐   No additional fee is required

☐   Small entity status of this application under 37 C.F.R. §1.9 and §1.27 is claimed.

■   Additional documents filed herewith:    **Petition for Extension of Time (1 month)**

The Fee has been calculated as shown below:

| CLAIMS | CLAIMS REMAINING | | HIGHEST NUMBER PREVIOUSLY PAID | NO. EXTRA CLAIMS | RATE | CALCULATIONS |
|---|---|---|---|---|---|---|
| TOTAL | 44 | MINUS | 48 | 0 | × $18 = | $0.00 |
| INDEPENDENT | 2 | MINUS | 3 | 0 | × $80 = | $0.00 |
| | | ☐   MULTIPLE DEPENDENT CLAIMS | | | + $270 = | $0.00 |
| | | TOTAL OF ABOVE CALCULATIONS | | | | $0.00 |
| | | ☐   Reduction by 50% for filing by Small Entity | | | | $0.00 |
| | | ☐   Recordation of Assignment | | | + $40 = | $0.00 |
| | | | | | TOTAL | $0.00 |

■   A check in the amount of    __$110.00__   is attached.

■   Please charge any additional Fees for the papers being filed herewith and for which no check is enclosed herewith, or credit any overpayment to deposit Account No. 15-0030.  A duplicate copy of this sheet is enclosed.

■   If these papers are not considered timely filed by the Patent and Trademark Office, then a petition is hereby made under 37 C.F.R. §1.136, and any additional fees required under 37 C.F.R. §1.136 for any necessary extension of time may be charged to Deposit Account No. 15-0030.  A duplicate copy of this sheet is enclosed.

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

*Carl E Schlier*

Gregory J. Maier
Registration No.    25,599

Carl E. Schlier
Registration No.    34,426

**22850**

Tel. (703) 413-3000
Fax. (703) 413-2220
(OSMMN 10/00)

RECEIVED

APR 1 1 2001

Technology Center 2600

AML000183



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|

08/870,002    06/05/97    MAINGUET

| EXAMINER |
|---|
| J    154-2543-- |

| ART UNIT | PAPER NUMBER |
|---|---|
| COUSO, Y | 23 |

022850                    WM31/0413
OBLON SPIVAK MCCLELLAND MAIER & NEUSTADT
FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY        DATE MAILED:
ARLINGTON VA 22202
                                   2623

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS                    04/13/01

## NOTICE OF ALLOWABILITY

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to _4-5-01_.

☒ The allowed claim(s) is/are _2-8, 10-18, 20-23_.

☒ The drawings filed on _6-5-97_ are acceptable.

☒ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☒ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☒ received.

☐ received in Application No. (Series Code/Serial Number) _____.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS FROM THE "DATE MAILED"** of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☐ Applicant MUST submit NEW FORMAL DRAWINGS

☐ because the originally filed drawings were declared by applicant to be informal.

☐ including changes required by the Notice of Draftperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _____.

☐ including changes required by the proposed drawing correction filed on _____, which has been approved by the examiner.

☐ including changes required by the attached Examiner's Amendment/Comment.

**identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftperson.**

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Notice of Draftperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

☐ Interview Summary, PTO-413

☐ Examiner's Amendment/Comment

☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

☐ Examiner's Statement of Reasons for Allowance

YON J. COUSO
PRIMARY EXAMINER

PTOL-37 (Rev. 10/95)                                    ✭ U.S. GPO: 1996-404-49



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

U22858            UM31/6413
OBLON SPIVAK McCLELLAND MAIER & NEUSTADT
FOURTH FLOOR
1755 JEFFERSON DAVIS HIGHWAY
ARLINGTON VA 22202

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/870,003 | 06/05/97 | 9/0 | CUENU    X | |

**First Named Applicant** MATHUREL,

**TITLE OF INVENTION** FINGERPRINT-READING SYSTEM

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 2 | 154.2548-2 | J62-124.000 | EEI | 10 H 77 7 | 845 | |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.**
_PROSECUTION ON THE MERITS IS CLOSED._

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.  _THIS STATUTORY PERIOD CANNOT BE EXTENDED._**

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
  If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

  A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
  B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

  A. Pay FEE DUE shown above, or

  B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.  Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned.  If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
  Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**_IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees.  It is patentee's responsibility to ensure timely payment of maintenance fees when due._**

**PATENT AND TRADEMARK OFFICE COPY**

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

AML000185

# *ATTACHMENT TO AND MODIFICATION OF NOTICE OF ALLOWABILITY (PTO-37)*
### *(November, 2000)*

**NO EXTENSIONS OF TIME ARE PERMITTED TO FILE CORRECTED OR FORMAL DRAWINGS, OR A SUBSTITUTE OATH OR DECLARATION**, notwithstanding any indication to the contrary in the attached Notice of Allowability (PTO-37).

If the following language appears on the attached Notice of Allowability, the portion lined through below is of no force and effect and is to be ignored[1].

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to comply will result in ABANDONMENT of this application. ~~Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).~~

**Similar language appearing in any attachments to the Notice of Allowability, such as in an Examiner's Amendment/Comment or in a Notice of Draftperson's Patent Drawing Review, PTO-948, is also to be ignored.**

---

[1] The language which is crossed out is contrary to amended 37 CFR 1.85(c) and 1.136. See *"Changes to Implement the Patent Business Goals"*, 65 *Fed. Reg.* 54603, 54629, 54641, 54670, 54674 (September 8, 2000), 1238 *Off. Gaz. Pat. Office* 77, 99, 110, 135, 139 (September 19, 2000).

AML000186

OBLON ET AL (703) 413-3000
OCKET # 154-2648-2 SHEET 1 OF 4

1/4

6289114



FIG.1

FIG.2

FIG.3

AML000187



FIG.4

FIG.5

AML000188

OBLON ET AL (703) 413-3000
DOCKET # 154 2548-2 SHEET 3 OF 4

3/4



FIG.6



FIG.7



FIG.8



FIG.9



FIG.10

AML000189

UBLON ET AL (703) 413-3000
OCKET # 154-3648-2 SHEET 4 OF

4/4



# FIG.11



# FIG.12

BC 8-2-0
#21

**PART B—ISSUE FEE TRANSMITTAL**

Complete and mail this form, together with applicable fees, to: **Box ISSUE FEE**
Assistant Commissioner for Patents
Washington, D.C. 20231

*MAILING INSTRUCTIONS:* This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

*New Address Cable*

STADT

‖‖‖‖‖‖‖
22850

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| First Named Applicant | 08/870,082 | 06/05/97 | 020 | 60U60, Y | 2623 | 04/19/01 |
| | MAINGUET, Jean-Francois | 35 USC 154(b) term ext. = 0 Days. | | | |

TITLE OF INVENTION

FINGERPRINT-READING SYSTEM

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 151-2548-2 | 382-124-000 | F01 | UTILITY | NO | #1240.00 | 07/13/01 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
Use of PTO form(s) and Customer Number are recommended, but not required.
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" indication form PTO/SB/47) attached.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1. OBLON, SPIVAK,
2. McCLELLAND, MAIER
3. & NEUSTADT, P.C.

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE
THOMSON-CSF
(B) RESIDENCE: (CITY & STATE OR COUNTRY)
Paris, FRANCE
Please check the appropriate assignee category indicated below (will not be printed on the patent):
☐ individual  ☒ corporation or other private group entity  ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☒ Advance Order - # of Copies  —10—

4b. The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER  15-0030
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☒ Issue Fee
☒ Advance Order - # of Copies  —10—

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature) _____  Reg. No. 26,803  July 12, 2001

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

*Burden Hour Statement:* This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

07/12/2001 MKEBEDE 00000016 08870082
01 FC:142        1240.00 OP
02 FC:561          30.00 OP

**TRANSMIT THIS FORM WITH FEE**

PTOL-85B (REV.10-98) Approved for use through 06/30/99. OMB 0651-0033        Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective November 10, 1998

Application or Docket Number
08/9...

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) |
|---|---|---|
| BASIC FEE | | |
| TOTAL CLAIMS | 15 minus 20= | * 0 |
| INDEPENDENT CLAIMS | 1 minus 3 = | * 0 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | |

| SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | FEE | | RATE | FEE |
| | 380.00 | OR | | 760.00 |
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL | | OR | TOTAL | ... |

\* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | |

| RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) |
|---|---|---|---|---|
| Total | * 24 | Minus | ** 20 | = 4 |
| Independent | * 3 | Minus | *** 3 | = 0 |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | |

| RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
  The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 11/98)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
☆ U.S. GPO:1998-454-473/40301

AML000192

# PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 1996

| Application or Docket Number |
|---|
| |

## CLAIMS AS FILED - PART I

| | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE | SMALL ENTITY FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY FEE |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE | FEE | OR | RATE | FEE |
| BASIC FEE | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 18  minus 20 = | * | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 1  minus 3 = | * | x40= | | OR | x80= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | YES | +130= | | OR | +260= | 260 |
| | | | TOTAL | | OR | TOTAL | 1030 |

If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 10/96)

*U.S. Government Printing Office: 1996 - 413-288/49191

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

# FEE CALCULATION SHEET
### (FOR USE WITH FORM PTO-875)

CLAIMS

| | AS FILED | | AFTER 1st AMENDMENT | | AFTER 2nd AMENDMENT | |
|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 1 | 1 | | | | | |
| 2 | | 1 | | | | |
| 3 | | 1 | | | | |
| 4 | | 3 | | | | |
| 5 | | (1) | | | | |
| 6 | | (1) | | | | |
| 7 | | (1) | | | | |
| 8 | | (1) | | | | |
| 9 | | (1) | | | | |
| 10 | | (1) | | | | |
| 11 | | (1) | | | | |
| 12 | | (1) | | | | |
| 13 | | (1) | | | | |
| 14 | | (1) | | | | |
| 15 | | (1) | | | | |
| 16 | | (1) | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |
| 21 | | | | | | |
| 22 | | | | | | |
| 23 | | | | | | |
| 24 | | | | | | |
| 25 | | | | | | |
| 26 | | | | | | |
| 27 | | | | | | |
| 28 | | | | | | |
| 29 | | | | | | |
| 30 | | | | | | |
| 31 | | | | | | |
| 32 | | | | | | |
| 33 | | | | | | |
| 34 | | | | | | |
| 35 | | | | | | |
| 36 | | | | | | |
| 37 | | | | | | |
| 38 | | | | | | |
| 39 | | | | | | |
| 40 | | | | | | |
| 41 | | | | | | |
| 42 | | | | | | |
| 43 | | | | | | |
| 44 | | | | | | |
| 45 | | | | | | |
| 46 | | | | | | |
| 47 | | | | | | |
| 48 | | | | | | |
| 49 | | | | | | |
| 50 | | | | | | |
| TOTAL IND. | 1 | | | | | |
| TOTAL DEP. | 17 | | | | | |
| TOTAL CLAIMS | 18 | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 51 | | | | | | |
| 52 | | | | | | |
| 53 | | | | | | |
| 54 | | | | | | |
| 55 | | | | | | |
| 56 | | | | | | |
| 57 | | | | | | |
| 58 | | | | | | |
| 59 | | | | | | |
| 60 | | | | | | |
| 61 | | | | | | |
| 62 | | | | | | |
| 63 | | | | | | |
| 64 | | | | | | |
| 65 | | | | | | |
| 66 | | | | | | |
| 67 | | | | | | |
| 68 | | | | | | |
| 69 | | | | | | |
| 70 | | | | | | |
| 71 | | | | | | |
| 72 | | | | | | |
| 73 | | | | | | |
| 74 | | | | | | |
| 75 | | | | | | |
| 76 | | | | | | |
| 77 | | | | | | |
| 78 | | | | | | |
| 79 | | | | | | |
| 80 | | | | | | |
| 81 | | | | | | |
| 82 | | | | | | |
| 83 | | | | | | |
| 84 | | | | | | |
| 85 | | | | | | |
| 86 | | | | | | |
| 87 | | | | | | |
| 88 | | | | | | |
| 89 | | | | | | |
| 90 | | | | | | |
| 91 | | | | | | |
| 92 | | | | | | |
| 93 | | | | | | |
| 94 | | | | | | |
| 95 | | | | | | |
| 96 | | | | | | |
| 97 | | | -- | | | |
| 98 | | | | | | |
| 99 | | | | | | |
| 100 | | | | | | |
| TOTAL IND. | | | | | | |
| TOTAL DEP. | | | | | | |
| TOTAL CLAIMS | | | | | | |

PTO-1360 (3-78)

*MAY BE USED FOR ADDITIONAL CLAIMS OR AMENDMENTS    U.S. DEPARTMENT of COMMERCE
Patent and Trademark Office

AML000194

Form PTO 1130
(REV 2/94)

## PACE DATA ENTRY CODING SHEET

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

| 1ST EXAMINER | | DATE |
| 2ND EXAMINER | | DATE |

| APPLICATION NUMBER | TYPE APPL | FILING DATE MONTH DAY YEAR | SPECIAL HANDLING | GROUP ART UNIT | CLASS | SHEETS OF DRAWING |

68698 U.S. PTO
08/870002
06/05/97

| TOTAL CLAIMS | INDEPENDENT CLAIMS | SMALL ENTITY? | FILING FEE | FOREIGN LICENSE | ATTORNEY DOCKET NUMBER |

## CONTINUITY DATA

| CONT CODE | STATUS CODE | PARENT APPLICATION SERIAL NUMBER | PCT APPLICATION SERIAL NUMBER | PARENT PATENT NUMBER | PARENT FILING DATE MONTH DAY YEAR |
|---|---|---|---|---|---|
| | | | P C T / / | | |
| | | | P C T / / | | |
| | | | P C T / / | | |
| | | | P C T / / | | |
| | | | P C T / / | | |

## PCT/FOREIGN APPLICATION DATA

| FOREIGN PRIORITY CLAIMED | COUNTRY CODE | PCT/FOREIGN APPLICATION SERIAL NUMBER | FOREIGN FILING DATE MONTH DAY YEAR |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

AML000195