# EXHIBIT Q

```
 1  Edward G. Poplawski (SBN 113590)
    epoplawski@sidley.com
 2  Denise L. McKenzie (SBN 193313)
    dmckenzie@sidley.com
 3  Olivia M. Kim (SBN 228382)
    okim@sidley.com
 4  SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
 5  Los Angeles, California  90013-1010
    Telephone:      (213) 896-6000
 6  Facsimile:      (213) 896-6600

 7  Attorneys For Plaintiffs
    Atmel Corporation;
 8  Atmel Switzerland;
    Atmel France; and
 9  Atmel SARL
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 06-02138 CW<br><br>**ATMEL'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT AUTHENTEC, INC.'S REQUESTS FOR ADMISSIONS APPROVED BY JANUARY 31, 2008 COURT ORDER** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs Atmel Corporation, Atmel Switzerland, Atmel France, and Atmel SARL (collectively, "Atmel") submit the following supplemental responses to Defendant AuthenTec, Inc.'s ("Defendant" or "AuthenTec") Requests for Admissions approved by January 31, 2008 Order (Dkt. No. 415).

LA1 1141711v.2

## RESERVATION OF RIGHTS

With respect to any information that Atmel may produce to Defendant in response to its Requests, Atmel reserves and shall retain:

a. the right to challenge the use of the information by Defendant on evidentiary grounds including, but not limited to, questions of authenticity, relevancy and admissibility;

b. the right to object to the use of such information;

c. the right to object on any grounds, at any time, to other discovery seeking similar information; and

d. the right to supplement its responses and to make further objections as may become apparent through the discovery process.

## GENERAL OBJECTIONS

Specific objections to Defendant's requests are set forth in the individual responses below. In addition to such specific objections, Atmel makes the following general objections, which apply to all of the Defendant's requests.

1. Atmel objects to Defendant's requests to the extent they seek information protected by, immune from, or otherwise exempt from discovery by the attorney-client privilege, the work-product doctrine, or any applicable state or federal statutes, the Federal Rules of Civil Procedure, or any other applicable rule, decision, or law. The specific objections stated below on the grounds of attorney-client privilege and/or work-product doctrine in no way limit the applicability of this objection to all requests. Nothing contained in the responses below is intended to be, nor should be considered, a waiver of any attorney-client privilege and/or work-product doctrine, right of privacy, or any other applicable privilege or doctrine.

2. Atmel objects to Defendant's requests and the definitions set forth in Defendant's requests to the extent they: (i) seek information that is beyond the scope of discovery as provided by the Federal Rules of Civil Procedure or other applicable rules or law; or (ii) seek to impose obligations on Atmel beyond those permitted under the Federal Rules of Civil Procedure or the local rules.

3. Atmel objects to Defendant's requests to the extent they seek information protected from disclosure: (i) by agreement, including, but not limited to, confidentiality agreements; or (ii) pursuant to a court order.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

*Admit that there were other licensees other than Plaintiffs to the patents-in-suit as of the time the complaint was filed.*

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Atmel incorporates by reference each and every general objection set forth above. Atmel objects to this request to the extent that it calls for a legal conclusion. Atmel further objects to this request as irrelevant in that it is ostensibly directed to a moot issue (*i.e.* standing). Subject to and without waiving any of these objections or the General Objections set forth above, Atmel responds as follows:

Reference is made to (1) an original French language agreement dated January 3, 2000 between Thomson-CSF and Thomson-CSF Semiconducteurs Specifiques; (2) an original French language September 30, 2005 Confirmation Agreement between Atmel Grenoble and Thales; and (3) a FingerChip IP Transfer Agreement dated May 1, 2006 between Atmel Grenoble and Atmel Switzerland. Atmel admits that, as of the time the complaint was filed, Thomson-CSF (on information and belief, known as "Thales" as of December 2002), was a licensee of the patents-in-suit as long as the above January 3, 2000 and September 30, 2005 agreements were valid, enforceable and subsisting at the time of the filing of the complaint. Plaintiffs further admit that the fact of which they are currently aware that indicates that the above 2000 and 2005 agreements were not valid, enforceable and subsisting as of the time of the filing of the complaint is the May 1, 2006 agreement which indicates (see section 3.2), inter alia, that Atmel Grenoble "has not granted any licenses or other rights," and that Atmel Grenoble "holds all license rights" to the subject Intellectual Property (including the patents-in-suit). In this regard, as of May 1, 2006 Atmel Grenoble assigned

the patents-in-suit to Atmel Switzerland in accordance with the May 1, 2006 agreement. Ultimately, the interpretation of the above agreements calls for a legal conclusion, including ostensibly a legal conclusion under French law and may call for expert testimony.

**REQUEST FOR ADMISSION NO. 2:**

*Admit that Thales has a license to the patents-in-suit with the right to sub-license.*

**SUPPLEMENTAL RESPONSES TO REQUEST FOR ADMISSION NO. 2:**

Atmel incorporates by reference each and every general objection set forth above. Atmel objects to this request to the extent that it calls for a legal conclusion. Atmel further objects to this request as irrelevant in that it is ostensibly directed to a moot issue (*i.e.* standing). Subject to and without waiving any of these objections or the General Objections set forth above, Atmel responds as follows:

Reference is made to (1) an original French language agreement dated January 3, 2000 between Thomson-CSF and Thomson-CSF Semiconducteurs Specifiques; (2) an original French language September 30, 2005 Confirmation Agreement between Atmel Grenoble and Thales; and (3) a Finger-Chip IP Transfer Agreement dated May 1, 2006 between Atmel Grenoble and Atmel Switzerland. Atmel admits that Thomson-CSF (on information and belief, known as "Thales" as of December 2002), has a license to the patents-in-suit as long as the above January 3, 2000 and September 30, 2005 agreements are valid, enforceable and subsisting. Plaintiffs further admit that the fact of which they are currently aware that indicates that the above 2000 and 2005 agreements is not valid, enforceable and subsisting is the May 1, 2006 agreement which indicates (see section 3.2), inter alia, that Atmel Grenoble "has not granted any licenses or other rights," and that Atmel Grenoble "holds all license rights" to the subject Intellectual Property (including the patents-in-suit). In this regard, as of May 1, 2006 Atmel Grenoble assigned the patents-in-suit to Atmel Switzerland in accordance with the May 1, 2006 agreement. The facts set forth in the May 2006 agreement in turn indicate that Thales does not have a sub-license, as do the original French 2000 and 2005 agreements per Plaintiffs' English translations of the 2000 and 2005 Agreements. (Plaintiffs

4

ATMEL'S FIRST SUPP.
RES. TO COURT APPROVED RFAs
C 06-02138 CW

LA1 1141711v.2

acknowledge that Authentec has supplied ostensibly different translations of the 2000 and 2005 Agreement which appear to conflict with Plaintiffs' translations). Ultimately, the interpretation of the above agreements calls for a legal conclusion, including ostensibly a legal conclusion under French law, and may call for expert testimony to address, among other things, the differing translations that bear on the existence of any Thales license and sub-licensing right.

DATED: February 29, 2008

**SIDLEY AUSTIN LLP**

By: /s/ Denise L. McKenzie

Edward G. Poplawski
Denise L. McKenzie
Olivia M. Kim
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Plaintiffs
Atmel Corporation;
Atmel Switzerland;
Atmel France; and
Atmel SARL

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

On February 29, 2008, I served the foregoing document described as **ATMEL'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT AUTHENTEC, INC.'S REQUESTS FOR ADMISSIONS APPROVED BY JANUARY 31, 2008 COURT ORDER** on all interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☒ (VIA OVERNIGHT COURIER) I caused each such document to be sent by Quick International Courier for priority overnight delivery with all charges paid.

☒ (VIA E-MAIL) I caused the foregoing document to be served by email from my desktop to each interested party as shown in the attached list. Each delivery was reported as complete and without error. A delivery receipt was properly issued for each interested party served.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on February 29, 2008, at Los Angeles, California.

*/s/ Laura A. Brown*
Laura A. Brown

LA1 1141711v.2

# SERVICE LIST

**VIA OVERNIGHT COURIER and EMAIL:**

Matthew Greinert
GreinertM@howrey.com
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA  94105-2708
Tel:  (415) 848-4936

**VIA EMAIL:**

Denise De Mory
demoryd@howrey.com

Brian Smith
smithbrian@howrey.com

**Attorneys for Defendant AuthenTec, Inc.**