# EXHIBIT FF

# Manual of PATENT EXAMINING PROCEDURE



*U.S. PATENT AND TRADEMARK OFFICE*

PROPERTY OF THE UNITED STATES GOVERNMENT

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office
Washington, D.C. 20231

# MANUAL OF PATENT EXAMINING PROCEDURE
## Seventh Edition

The enclosed is the Seventh Edition to the Manual of Patent Examining Procedure. The Manual has been revised extensively to incorporate the changes necessitated by the final rules, "Changes to Patent Practice and Procedure," which became effective as of December 1, 1997. Changes are highlighted on the following pages.

This Edition of the Manual was prepared with the assistance of the Senior Legal Advisors of the Special Program Law Office. Their efforts are greatly appreciated.

Magdalen Y. C. Greenlief, Editor
Manual of Patent Examining Procedure

July 1998

In recent years, the growth of data processing has seen the increasing use of this symbol ("O") as the standard representation of zero. The "slashed" or "canceled" zero is used to indicate zero and avoid confusion with the upper case letter "O" in both text and drawings.

Thus, when the symbol "Ø" in one of its many variations, as discussed above, appears in patent applications being prepared for printing, confusion as to the intended meaning of the symbol arises. Those (such as examiners, attorneys, and applicants) working in the art can usually determine the intended meaning of this symbol because of their knowledge of the subject matter involved, but editors preparing these applications for printing have no such specialized knowledge and confusion arises as to which symbol to print. The result, at the very least, is delay until the intended meaning of the symbol can be ascertained.

Since the Office does not have the resources to conduct a technical editorial review of each application before printing, and in order to eliminate the problem of printing delays associated with the usage of these symbols, any question about the intended symbol will be resolved by the editorial staff of the Office of Patent Publication by printing the symbol Ø whenever that symbol is used by the applicant. Any Certificate of Correction necessitated by the above practice will be at the patentee's expense (37 CFR 1.323) because the intended symbol was not accurately presented by the Greek upper or lower case Phi letters (Ø,ø) in the patent application.

### 608.01(h)  Mode of Operation of Invention

The best mode contemplated by the inventor of carrying out his or her invention must be set forth in the description. See 35 U.S.C. 112. There is no statutory requirement for the disclosure of a specific example. A patent specification is not intended nor required to be a production specification. *Spectra–Physics, Inc. v. Coherent, Inc.,* 827 F.2d 1524, 1536, 3 USPQ2d 1737, 1745 (Fed. Cir. 1987); *In re Gay,* 309 F.2d 768, 135 USPQ 311 (CCPA 1962). The absence of a specific working example is not necessarily evidence that the best mode has not been disclosed, nor is the presence of one evidence that it has. *In re Honn,* 364 F.2d 454, 150 USPQ 652 (CCPA 1966). In determining the adequacy of a best mode disclosure, only evidence of concealment (accidental or intentional) is to be considered. That evidence must tend to show that the quality of an applicant's best mode disclosure is so poor as to effectively result in concealment. *Spectra–Physics, Inc. v. Coherent, Inc.,* 827 F.2d 1524, 1536, 3 USPQ2d 1737, 1745 (Fed. Cir. 1987); *In re Sherwood,* 613 F.2d 809, 204 USPQ 537 (CCPA 1980).

The question of whether an inventor has or has not disclosed what he or she feels is his or her best mode is a question separate and distinct from the question of sufficiency of the disclosure. *Spectra–Physics, Inc. v. Coherent, Inc.,* 827 F.2d 1524, 1532, 3 USPQ2d 1737, 1742 (Fed. Cir. 1987); *In re Glass,* 492 F.2d 1228, 181 USPQ 31 (CCPA 1974); *In re Gay,* 309 F.2d 708, 135 USPQ 311 (CCPA 1962). See 35 U.S.C. 112 and 37 CFR 1.71(b).

If the best mode contemplated by the inventor at the time of filing the application is not disclosed, such defect cannot be cured by submitting an amendment seeking to put into the specification something required to be there when the application was originally filed. *In re Hay,* 534 F.2d 917, 189 USPQ 790 (CCPA 1976). Any proposed amendment of this type should be treated as new matter.

Patents have been held invalid in cases where the patentee did not disclose the best mode known to him. See *Chemcast Corp. v. Arco Indus. Corp.,* 913 F.2d 923. 16 USPQ2d 1033 (Fed. Cir. 1990); *Dana Corp. v. IPC Ltd. Partnership,* 860 F.2d 415, 8 USPQ2d 1692 (Fed. Cir. 1988); *Spectra–Physics, Inc. v. Coherent, Inc.,* 821 F.2d 1524, 3 USPQ2d 1737 (Fed. Cir. 1987).

For completeness, see MPEP § 608.01(p) and § 2165 to § 2165.04.

### 608.01(i)  Claims

*37 CFR 1.75.   Claims*

(a) The specification must conclude with a claim particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention or discovery.

(b) More than one claim may be presented provided they differ substantially from each other and are not unduly multiplied.

(c) One or more claims may be presented in dependent form, referring back to and further limiting another claim or claims in the same application. Any dependent claim which refers to more than one other claim ("multiple dependent claim") shall refer to such other claims in the alternative only. A multiple dependent claim shall not serve as a basis for any other multiple dependent claim. For fee calculation purposes under § 1.16, a multiple dependent claim will be considered to be that number of claims to which direct reference is made therein. For fee calculation purposes, also, any claim depending from a multiple dependent claim will be considered to be that number of claims to which direct reference is made in that multiple dependent claim. In addition to the other filing fees, any original application which is filed with, or is amended to include, multiple dependent claims must have paid therein the fee set forth in § 1.16(d). Claims in dependent form shall be

construed to include all the limitations of the claim incorporated by reference into the dependent claim. A multiple dependent claim shall be construed to incorporate by reference all the limitations of each of the particular claims in relation to which it is being considered.

 (d)(1) The claim or claims must conform to the invention as set forth in the remainder of the specification and the terms and phrases used in the claims must find clear support or antecedent basis in the description so that the meaning of the terms in the claims may be ascertainable by reference to the description (See § 1.58(a).)

 (2) See §§ 1.141 to 1.146 as to claiming different inventions in one application.

 (e) Where the nature of the case admits, as in the case of an improvement, any independent claim should contain in the following order, (1) a preamble comprising a general description of all the elements or steps of the claimed combination which are conventional or known, (2) a phrase such as "wherein the improvement comprises," and (3) those elements, steps and/or relationships which constitute that portion of the claimed combination which the applicant considers as the new or improved portion.

 (f) If there are several claims, they shall be numbered consecutively in Arabic numerals.

 (g) The least restrictive claim should be presented as claim number 1, and all dependent claims should be grouped together with the claim or claims to which they refer to the extent practicable.

 (h) The claim or claims must commence on a separate sheet.

 (i) Where a claim sets forth a plurality of elements or steps, each element or step of the claim should be separated by a line indentation.

> For numbering of claims, see MPEP § 608.01(j).
> For form of claims, see MPEP § 608.01(m).
> For dependent claims, see MPEP § 608.01(n).
> For examination of claims, see MPEP § 706.
> For claims in excess of fee, see MPEP § 714.10.

## 608.01(j)  Numbering of Claims

*37 CFR 1.126. Numbering of claims.*

The original numbering of the claims must be preserved throughout the prosecution. When claims are canceled the remaining claims must not be renumbered. When claims are added, they must be numbered by the applicant consecutively beginning with the number next following the highest numbered claim previously presented (whether entered or not). When the application is ready for allowance, the examiner, if necessary, will renumber the claims consecutively in the order in which they appear or in such order as may have been requested by applicant.

In a single claim case, the claim is not numbered.
Form Paragraph 6.17 may be used to notify applicant.

¶ *6.17 Numbering of Claims, 37 CFR 1.126*

The numbering of claims is not accordance with 37 CFR 1.126, which requires the original numbering of the claims to be preserved throughout the prosecution. When claims are canceled, the remaining claims must not be renumbered. When new claims are presented, they must be numbered consecutively beginning with the number next following the highest numbered claims previously presented (whether entered or not).

Misnumbered claim[1] been renumbered [2].

**Examiner Note:**

1. In bracket 1, insert appropriate claim number(s) and -- has -- or -- have --.
2. In bracket 2, insert correct claim number(s) and --, respectively -- if more than one claim is involved.

## 608.01(k)  Statutory Requirement of Claims

35 U.S.C. 112 requires that the applicant shall particularly point out and distinctly claim the subject matter which he or she regards as his or her invention. The portion of the application in which he or she does this forms the claim or claims. This is an important part of the application, as it is the definition of that for which protection is granted.

## 608.01(l)  Original Claims

In establishing a disclosure, applicant may rely not only on the description and drawing as filed but also on the original claims if their content justifies it.

Where subject matter not shown in the drawing or described in the description is claimed in the case as filed, and such original claim itself constitutes a clear disclosure of this subject matter, then the claim should be treated on its merits, and requirement made to amend the drawing and description to show this subject matter. The claim should not be attacked either by objection or rejection because this subject matter is lacking in the drawing and description. It is the drawing and description that are defective, not the claim.

It is, of course, to be understood that this disclosure in the claim must be sufficiently specific and detailed to support the necessary amendment of the drawing and description.

## 608.01(m)  Form of Claims

The claim or claims must commence on a separate sheet and should appear after the detailed description of the invention. While there is no set statutory form for claims, the present Office practice is to insist that each claim must be the object of a sentence starting with "I (or we) claim", "The invention claimed is" (or the equivalent). If, at the time of allowance, the quoted terminology is not present, it is inserted by the clerk. Each claim begins with a capital letter and ends with a period. Periods may not be used elsewhere in the claims except for abbreviations. See *Fressola v. Manbeck*, 36 USPQ2d 1211 (D.D.C. 1995). Where a claim sets forth a plurality of elements or steps, each element or step of the claim should be separated by a line indentation, 37 CFR 1.75(i).

There may be plural indentations to further segregate subcombinations or related steps. In general, the printed patent copies will follow the format used but printing difficulties or expense may prevent the duplication of unduly complex claim formats.

Reference characters corresponding to elements recited in the detailed description and the drawings may be used in conjunction with the recitation of the same element or group of elements in the claims. The reference characters, however, should be enclosed within parentheses so as to avoid confusion with other numbers or characters which may appear in the claims. The use of reference characters is to be considered as having no effect on the scope of the claims.

Many of the difficulties encountered in the prosecution of patent applications after final rejection may be alleviated if each applicant includes, at the time of filing or no later than the first reply, claims varying from the broadest to which he or she believes he or she is entitled to the most detailed that he or she is willing to accept.

Claims should preferably be arranged in order of scope so that the first claim presented is the least restrictive. All dependent claims should be grouped together with the claim or claims to which they refer to the extent practicable. Where separate species are claimed, the claims of like species should be grouped together where possible. Similarly, product and process claims should be separately grouped. Such arrangements are for the purpose of facilitating classification and examination.

The form of claim required in 37 CFR 1.75(e) is particularly adapted for the description of improvement-type inventions. It is to be considered a combination claim. The preamble of this form of claim is considered to positively and clearly include all the elements or steps recited therein as a part of the claimed combination.

For rejections not based on prior art, see MPEP § 706.03.

The following form paragraphs may be used to object to the form of the claims.

¶ 6.18.01   Claims: Placement

The claims in this application do not commence on a separate sheet in accordance with 37 CFR 1.52(b)(1). Appropriate correction is required in response to this action.

**Examiner Note:**

This paragraph should only be used for applications filed on or after September 23, 1996.

¶ 7.29.01   Claims Objected to, Minor Informalities

Claim[1] objected to because of the following informalities: [2]. Appropriate correction is required.

**Examiner Note:**
1. Use this form paragraph to point out minor informalities such as spelling errors, inconsistent terminology, etc., which should be corrected.
2. If the informalities render the claim(s) indefinite, use form paragraph 7.34.01 instead to reject the claim(s) under 35 U.S.C. 112, second paragraph.

¶ 7.29.02   Claims Objected to, Reference Characters Not Enclosed Within Parentheses

The claims are objected to because they include reference characters which are not enclosed within parentheses.

Reference characters corresponding to elements recited in the detailed description of the drawings and used in conjunction with the recitation of the same element or group of elements in the claims should be enclosed within parentheses so as to avoid confusion with other numbers or characters which may appear in the claims. See MPEP § 608.01(m).

**Examiner Note:**
1. Use of this paragraph is optional. You may instead choose to correct the error yourself at time of allowance by informal examiner's amendment.
2. If the lack of parentheses renders the claim(s) indefinite, use form paragraph 7.34.01 instead to reject the claim(s) under 35 U.S.C. 112, second paragraph.

¶ 7.29.03   Claims Objected to, Spacing of Lines

The claims are objected to because the lines are crowded too closely together, making reading and entry of amendments difficult. Substitute claims with lines one and one-half or double spaced on good quality paper are required. See 37 CFR 1.52(b).

Amendments to the claims must be in compliance with 37 CFR 1.121(a)(2). Form paragraphs 6.33 and 6.34 may be used to inform applicant of nonentry of amendments to the claims.

¶ 6.33   Amendment to the Claims, Addition of More Than 5 Words, 37 CFR 1.121

The reply filed on [1] is not fully responsive to the prior Office action and the amendment to the claims has not been entered, because the amendment requests the addition of more than five words in at least one claim. See 37 CFR 1.121(a)(2)(i) below:

> (i) Instructions for insertions and deletions: A claim may be amended by specifying only the exact matter to be deleted or inserted by an amendment and the precise point where the deletion or insertion is to be made, where the changes are limited to:
> (A) Deletions and/or
> (B) The addition of no more than five (5) words in any one claim; or

The amendment to the claims should be made in accordance with 37 CFR 1.121(a)(2)(ii) which states:

(ii) Claim cancellation or rewriting: A claim may be amended by directions to cancel the claim or by rewriting such claim with underlining below the matter added and brackets around the matter deleted. The rewriting of a claim in this form will be construed as directing the deletion of the previous version of that claim. If a previously rewritten claim is again rewritten, underlining and bracketing will be applied relative to the previous version of the claim, with the parenthetical expression "twice amended," "three times amended," etc., following the original claim number. The original claim number followed by that parenthetical expression must be used for the rewritten claim. No interlineations or deletions of any prior amendment may appear in the currently submitted version of the claim. A claim canceled by amendment (not deleted and rewritten) can be reinstated only by a subsequent amendment presenting the claim as a new claim with a new claim number.

Since the above-mentioned reply appears to be *bona fide*, applicant is given TIME PERIOD of ONE (1) MONTH or THIRTY (30) DAYS from the mailing date of this notice, whichever is longer, within which to supply an amendment in compliance with 37 CFR 1.121 in order to avoid abandonment. EXTENSIONS OF THIS TIME PERIOD MAY BE GRANTED UNDER 37 CFR 1.136(a)

**Examiner Note:**
1. In bracket 1, insert the filing date of the reply.

¶ 6.34 *Amendment of the Claims, Underlining or Brackets Used and Intended To Be Printed in Patent*

The amended claims of this application contain underlining or brackets that are apparently intended to appear in the printed patent or are properly part of the claimed material. The brackets or underlining as used by the applicant are not intended to indicate amendments or changes in the claims as provided in 37 CFR 1.121(a)(2)(ii).

Since underlining and brackets are normally used to indicate insertions and deletions, it is confusing to use the same in instances where the applicant desires to have the underlining and brackets appear in the published patent. If underlining or brackets are intended to appear as part of the printed patent claim, such claim should be presented in unamended form as a new claim, i.e., without the designation (amended), (twice amended), etc. as required by 37 CFR 1.121(a)(1)(B).

Since the above-mentioned reply appears to be *bona fide*, applicant is given TIME PERIOD of ONE (1) MONTH or THIRTY (30) DAYS from the date of this notice, whichever is longer, within which to supply a proper amendment in compliance with 37 CFR 1.121 in order to avoid abandonment. EXTENSIONS OF THIS TIME PERIOD MAY BE GRANTED UNDER 37 CFR 1.136(a).

**Examiner Note:**
Underlining and/or bracketing may be permitted: (a) where it is clear that the underlining and/or bracketing is intended to be part of the claim and (b) when the underlining and bracketing indicates changes. For example, in situations where H is intended to indicate heavy hydrogen and applicant makes it clear that it is intended that the underlining should be part of the claim, the examiner would not use the above form paragraph.

## 608.01(n) Dependent Claims

### I. MULTIPLE DEPENDENT CLAIMS

*37 CFR 1.75. Claim(s).*

\*\*\*\*\*

(c) One or more claims may be presented in dependent form, referring back to and further limiting another claim or claims in the same application. Any dependent claim which refers to more than one other claim ("multiple dependent claim") shall refer to such other claims in the alternative only. A multiple dependent claim shall not serve as a basis for any other multiple dependent claim. For fee calculation purposes under § 1.16, a multiple dependent claim will be considered to be that number of claims to which direct reference is made therein. For fee calculation purposes, also, any claim depending from a multiple dependent claim will be considered to be that number of claims to which direct reference is made in that multiple dependent claim. In addition to the other filing fees, any original application which is filed with, or is amended to include, multiple dependent claims must have paid therein the fee set forth in § 1.16(d). Claims in dependent form shall be construed to include all the limitations of the claim incorporated by reference into the dependent claim. A multiple dependent claim shall be construed to incorporate by reference all the limitations of each of the particular claims in relation to which it is being considered.

\*\*\*\*\*

Generally, a multiple dependent claim is a dependent claim which refers back in the alternative to more than one preceding independent or dependent claim.

The second paragraph of 35 U.S.C. 112 has been revised in view of the multiple dependent claim practice introduced by the Patent Cooperation Treaty. Thus 35 U.S.C. 112 authorizes multiple dependent claims in applications filed on and after January 24, 1978, as long as they are in the alternative form (e.g., "A machine according to claims 3 or 4, further comprising ---"). Cumulative claiming (e.g., "A machine according to claims 3 and 4, further comprising ---") is not permitted. A multiple dependent claim may refer in the alternative to only one set of claims. A claim such as "A device as in claims 1, 2, 3, or 4, made by a process of claims 5, 6, 7, or 8" is improper. 35 U.S.C. 112 allows reference to only a particular claim. Furthermore, a multiple dependent claim may not serve as a basis for any other multiple dependent claim, either directly or indirectly. These limitations help to avoid undue confusion in determining how many prior claims are actually referred to in a multiple dependent claim.

A multiple dependent claim which depends from another multiple dependent claim should be objected to by using Form Paragraph 7.45.

¶ 7.45  *Improper Multiple Dependent Claims*

Claim[1] objected to under 37 CFR 1.75(c) as being in improper form because a multiple dependent claim [2]. See MPEP § 608.01(n). Accordingly, the claim[3] not been further treated on the merits.

**Examiner Note:**
1. In bracket 2, insert – –should refer to other claims in the alternative only– –, and/or, – –cannot depend from any other multiple dependent claim– –.
2. Use this paragraph rather than 35 U.S.C. 112, fifth paragraph.
3. In bracket 3, insert – –has– – or – –s have– –.

Assume each claim example given below is from a different application.

### A.  *Acceptable Multiple Dependent Claim Wording*

Claim 5. A gadget according to claims 3 or 4, further comprising – – –

Claim 5. A gadget as in any one of the preceding claims, in which – – –

Claim 3. A gadget as in either claim 1 or claim 2, further comprising – – –

Claim 4. A gadget as in claim 2 or 3, further comprising – – –

Claim 16. A gadget as in claims 1, 7, 12, or 15, further comprising – – –

Claim 5. A gadget as in any of the preceding claims, in which – – –

Claim 8. A gadget as in one of claims 4–7, in which – – –

Claim 5. A gadget as in any preceding claim, in which – – –

Claim 10. A gadget as in any of claims 1–3 or 7–9, in which – – –

Claim 11. A gadget as in any one of claims 1, 2, or 7–10 inclusive, in which – – –

### B.  *Unacceptable Multiple Dependent Claim Wording*

#### 1. Claim Does Not Refer Back in the Alternative Only

Claim 5. A gadget according to claim 3 and 4, further comprising – – –

Claim 9. A gadget according to claims 1–3, in which – – –

Claim 9. A gadget as in claims 1 or 2 and 7 or 8, in which – – –

Claim 6. A gadget as in the preceding claims in which – – –

Claim 6. A gadget as in claims 1, 2, 3, 4 and/or 5, in which – – –

Claim 10. A gadget as in claims 1–3 or 7–9, in which – – –

#### 2. Claim Does Not Refer to a Preceding Claim

Claim 3. A gadget as in any of the following claims, in which – – –

Claim 5. A gadget as in either claim 6 or claim 8, in which – – –

#### 3. Reference to Two Sets of Claims to Different Features

Claim 9. A gadget as in claim 1 or 4 made by the process of claims 5, 6, 7, or 8, in which – – –

#### 4. Reference Back to Another Multiple Dependent Claim

Claim 8. A gadget as in claim 5 (claim 5 is a multiple dependent claim) or claim 7, in which – – –

35 U.S.C. 112 indicates that the limitations or elements of each claim incorporated by reference into a multiple dependent claim must be considered separately. Thus, a multiple dependent claim, as such, does not contain all the limitations of all the alternative claims to which it refers, but rather contains in any one embodiment only those limitations of the particular claim referred to for the embodiment under consideration. Hence, a multiple dependent claim must be considered in the same manner as a plurality of single dependent claims.

### C.  *Restriction Practice*

For restriction purposes, each embodiment of a multiple dependent claim is considered in the same manner as a single dependent claim. Therefore, restriction may be required between the embodiments of a multiple dependent claim. Also, some embodiments of a multiple dependent claim may be held withdrawn while other embodiments are considered on their merits.

### D.  *Handling of Multiple Dependent Claims by the Office of Initial Patent Examination*

The Office of Initial Patent Examination (OIPE) is responsible for verifying whether multiple dependent claims filed with the application are in proper alternative form, that they depend only upon prior independent or single dependent claims and also for calculating the amount of the filing fee. A new form, PTO–1360, has

been designed to be used in conjunction with the current fee calculation form PTO-875.

### E. Handling of Multiple Dependent Claims by the Examining Group Technical Support Staff

The examining group technical support staff is responsible for verifying compliance with the statute and rules of multiple dependent claims added by amendment and for calculating the amount of any additional fees required. This calculation should be performed on form PTO-1360.

*There is no need for an examining group technical support staff to check the accuracy of the initial filing fee since this has already been verified by the Office of Initial Patent Examination when granting the filing date.*

If a multiple dependent claim (or claims) is added in an amendment without the proper fee, either by adding references to prior claims or by adding a new multiple dependent claim, the amendment should not be entered until the fee has been received. In view of the requirements for multiple dependent claims, no amendment containing new claims or changing the dependency of claims should be entered before checking whether the paid fees cover the costs of the amended claims. The applicant, or his or her attorney or agent, should be contacted to pay the additional fee. Where a letter is written in an insufficient fee situation, a copy of the multiple dependent claim fee calculation, form PTO-1360, should be included for applicant's information.

If an application filed prior to October 1, 1982, is amended on or after October 1, 1982, to include a proper multiple dependent claim for the first time, the fee set forth in § 1.16(d) must be paid.

If such an application contained a proper multiple dependent claim prior to October 1, 1982, the fee set forth in § 1.16(d) does not apply.

Where the examining group technical support staff notes that the reference to the prior claims is improper in an added or amended multiple dependent claim, a notation should be made in the left margin next to the claim itself and the number 1, which is inserted in the "Dep. Claim" column of that amendment on form PTO-1360, should be circled in order to call this matter to the examiner's attention.

### F. Handling of Multiple Dependent Claims by the Examiner

Public Law 94-131, the implementing legislation for the Patent Cooperation Treaty amended 35 U.S.C. 112 to state that "a claim in dependent form shall contain a reference to a claim *previously set forth*." The requirement to refer to a previous claim had existed only in 37 CFR 1.75(c) before.

The following procedures are to be followed by examiners when faced with claims which refer to numerically succeeding claims:

If any series of dependent claims contains a claim with an improper reference to a numerically following claim which cannot be understood, the claim referring to a following claim should normally be objected to and not treated on the merits.

However, in situations where a claim refers to a numerically following claim and the dependency is clear, both as presented and as it will be renumbered at issue, all claims should be examined on the merits and no objection as to form need be made. In such cases, the examiner will renumber the claims into proper order at the time the application is allowed. (See Example B, below.)

Any unusual problems should be brought to the supervisor's attention.

**Example A**

(Claims 4 and 6 should be objected to as not being understood and should not be treated on the merits.)
1. Independent
2. Dependent on claim 5
3. Dependent on claim 2
4. "... as in any preceding claim"
5. Independent
6. Dependent on claim 4

**Example B**

Note: Parenthetical numerals represent the claim numbering for issue should all claims be allowed.
(All claims should be examined.)
1. (1) Independent
2. (5) Dependent on claim 5 (4)
3. (2) Dependent on claim 1 (1)
4. (3) Dependent on claim 3 (2)
5. (4) Dependent on either claim 1 (1) or claim 3 (2)

The following practice is followed by patent examiners when making reference to a dependent claim either singular or multiple:

(A) When identifying a singular dependent claim which does not include a reference to a multiple dependent claim, either directly or indirectly, reference should be made only to the number of the dependent claim.

(B) When identifying the embodiments included within a multiple dependent claim, or a singular dependent claim which includes a reference to a multiple dependent claim, either directly or indirectly, each embodiment should be identified by using the number of the claims involved, starting with the highest, *to the extent necessary* to specifically identify each embodiment.

(C) When all embodiments included within a multiple dependent claim or a singular dependent claim which includes a reference to a multiple dependent claim, either directly or indirectly, are subject to a common rejection, objection, or requirement, reference may be made only to the number of the dependent claim.

The following table illustrates the current practice where each embodiment of each claim must be treated on an individual basis:

| Claim No. | Claim dependency | Identification | |
|---|---|---|---|
| | | All claims | Approved practice |
| 1 | Independent | 1 | 1 |
| 2 | Depends from 1 | 2/1 | 2 |
| 3 | Depends from 2 | 3/2/1 | 3 |
| 4 | Depends from 2 or 3 | 4/2/1<br>4/3/2/1 | 4/2<br>4/3 |
| 5 | Depends from 3 | 5/3/2/1 | 5 |
| 6 | Depends from 2, 3, or 5 | 6/2/1<br>6/3/2/1<br>6/5/3/2/1 | 6/2<br>6/3<br>6/5 |
| 7 | Depends from 6 | 7/6/2/1<br>7/6/3/2/1<br>7/6/5/3/2/1 | 7/6/2<br>7/6/3<br>7/6/5 |

When all embodiments in a multiple dependent claim situation (claims 4, 6, and 7 above) are subject to a common rejection, objection, or requirements, reference may be made to the number of the individual dependent claim only. For example, if 4/2 and 4/3 were subject to a common ground of rejection, reference should be made only to claim 4 in the statement of that rejection.

The provisions of 35 U.S.C. 132 require that each Office action make it explicitly clear what rejection, objection and/or requirement is applied to each claim embodiment.

### G. Fees for Multiple Dependent Claims

**1. Use of Form PTO−1360**

To assist in the computation of the fees for multiple dependent claims, a separate "Multiple Dependent Claim Fee Calculation Sheet," form PTO−1360, has been designed for use with the current "Patent Application Fee Determination Record," form PTO−875. Form PTO−1360 will be placed in the file wrapper by the Office of Initial Patent Examination (OIPE) where multiple dependent claims are in the application as filed. If multiple dependent claims are not included upon filing, but are later added by amendment, the examining group technical support staff will place the form in the file wrapper. If there are multiple dependent claims in the application, the total number of independent and dependent claims for fee purposes will be calculated on form PTO−1360 and the total number of claims and number of independent claims is then placed on form PTO−875 for final fee calculation purposes.

**2. Calculation of Fees**

(a) **Proper Multiple Dependent Claim**

35 U.S.C. 41(a), provides that claims in proper multiple dependent form may not be considered as single dependent claims for the purpose of calculating fees. Thus, a multiple dependent claim is considered to be that number of dependent claims to which it refers. Any proper claim depending directly or indirectly from a multiple dependent claim is also considered as the number of dependent claims as referred to in the multiple dependent claim from which it depends.

(b) **Improper Multiple Dependent Claim**

If any multiple dependent claim is improper, OIPE may indicate that fact by placing an encircled numeral "1" in the "Dep. Claims" column of form PTO−1360. The fee for any improper multiple dependent claim, whether it is defective for either not being in the alternative form or for being directly or indirectly dependent on a prior multiple dependent claim, will only be one, since only an objection to the form of such a claim will normal-

ly be made. This procedure also greatly simplifies the calculation of fees. Any claim depending from an improper multiple dependent claim will also be considered to be improper and be counted as one dependent claim.

(c) **Fee calculation example**

| Claim No. | | Ind. | Dep. |
|---|---|---|---|
| 1. | Independent | 1 | |
| 2. | Dependent on claim 1 | | 1 |
| 3. | Dependent on claim 2 | | 1 |
| 4. | Dependent on claim 2 or 3 | | 2 |
| 5. | Dependent on claim 4 | | 2 |
| 6. | Dependent on claim 5 | | 2 |
| 7. | Dependent on claim 4, 5 or 6 | | ① |
| 8. | Dependent on claim 7 | | ① |
| 9. | Independent | 1 | |
| 10. | Dependent on claim 1 or 9 | | 2 |
| 11. | Dependent on claims 1 and 9 | | ① |
| | Total | 2 | 13 |

i) **Comments On Fee Calculation Example**

*Claim 1* — This is an independent claim; therefore, a numeral "1" is placed opposite claim number 1 in the "Ind." column.

*Claim 2* — Since this is a claim dependent on a single independent claim, a numeral "1" is placed opposite claim number 2 of the "Dep." column.

*Claim 3* — Claim 3 is also a single dependent claim, so a numeral "1" is placed in the "Dep." column.

*Claim 4* — Claim 4 is a proper multiple dependent claim. It refers directly to two claims in the alternative, namely, claim 2 *or* 3. Therefore, a numeral "2" to indicate direct reference to two claims is placed in the "Dep." column opposite claim number 4.

*Claim 5* — This claim is a singularly dependent claim depending from a multiple dependent claim. For fee calculation purposes, such a claim is counted as being that number of claims to which direct reference is made in the multiple dependent claim from which it depends. In this case, the multiple dependent claim number 4 it depends from counts as 2 claims; therefore, claim 5 also counts as 2 claims. Accordingly, a numeral "2" is placed opposite claim number 5 in the "Dep." column.

*Claim 6* — Claim 6 depends indirectly from a multiple dependent claim 4. Since claim 4 counts as 2 claims, claim 6 also counts as 2 dependent claims. Consequently, a numeral "2" is placed in the "Dep." column after claim 6.

*Claim 7* — This claim is a multiple dependent claim since it refers to claims 4, 5, or 6. However, as can be seen by looking at the "2" in the "Dep." column opposite claim 4, claim 7 depends from a multiple dependent claim. This practice is improper under 35 U.S.C. 112 and 37 CFR 1.75(c). Following the procedure for calculating fees for improper multiple dependent claims, a numeral "1" is placed in the "Dep." column with a circle drawn around it to alert the examiner that the claim is improper.

*Claim 8* — Claim 8 is improper since it depends from an improper claim. If the base claim is in error, this error cannot be corrected by adding additional claims depending therefrom. Therefore, a numeral "1" with a circle around it is placed in the "Dep." column.

*Claim 9* — Here again we have an independent claim which is always indicated with a numeral "1" in the "Ind." column opposite the claim number.

*Claim 10* — This claim refers to two independent claims in the alternative. A numeral "2" is, therefore, placed in the "Dep." column opposite claim 10.

*Claim 11* — Claim 11 is a dependent claim which refers to two claims in the conjunctive ("1" *and* "9") rather than in the alternative ("1" *or* "9"). This form is improper under 35 U.S.C. 112 and 37 CFR 1.75(c). Accordingly, since claim 11 is improper, an encircled number "1" is placed in the "Dep." column opposite Claim 11.

ii) **Calculation of Fee in Fee Example**

After the number of "Ind." and "Dep." claims are noted on form PTO–1360, each column is added. In this example, there are 2 independent claims and 13 dependent claims or a total of 15 claims. The number of independent and total claims can then be placed on form PTO–875 and the fee calculated.

II. **TREATMENT OF IMPROPER DEPENDENT CLAIMS**

The initial determination, for fee purposes, as to whether a claim is dependent must be made by persons other than examiners; it is necessary, at that time, to accept as dependent virtually every claim which refers to another claim, without determining whether there is actually a true dependent relationship. The initial acceptance of a claim as a dependent claim does not, however, preclude a subsequent holding by the examiner that a claim is not a proper dependent claim. Any claim which is in dependent form but which is so worded that it, in fact

is not, as, for example, it does not include every limitation of the claim on which it depends, will be required to be *canceled* as not being a proper dependent claim; and cancelation of any further claim depending on such a dependent claim will be similarly required. Where a claim in dependent form is not considered to be a proper dependent claim under 37 CFR 1.75(c), the examiner should object to such claim under 37 CFR 1.75(c) and require cancellation of such improper dependent claim or rewriting of such improper dependent claim in independent form. See *Ex parte Porter*, 25 USPQ2d 1144, 1147 (Bd. of Pat. App. & Inter. 1992) (A claim determined to be an improper dependent claim should be treated as a formal matter, in that the claim should be objected to and applicant should be required to cancel the claim (or replace the improper dependent claim with an independent claim) rather than treated by a rejection of the claim under 35 U.S.C. 112, fourth paragraph.). The applicant may thereupon amend the claims to place them in proper dependent form, or may redraft them as independent claims, upon payment of any *necessary* additional fee.

Claims which are in improper dependent form for failing to further limit the subject matter of a previous claim should be objected to under 37 CFR 1.75(c) by using Form Paragraph 7.36.

¶ 7.36 *Objection, 37 CFR 1.75(c), Improper Dependent Claim*
Claim [1] objected to under 37 CFR 1.75(c), as being of improper dependent form for failing to further limit the subject matter of a previous claim. Applicant is required to cancel the claim(s), or amend the claim(s) to place the claim(s) in proper dependent form, or rewrite the claim(s) in independent form. [2].

**Examiner Note:**
1. In bracket 2, insert an explanation of what is in the claim and why it does not constitute a further limitation.
2. Note *Ex parte Porter*, 25 USPQ2d 1144 (Bd. Pat. App. & Inter. 1992) for situations where a method claim is considered to be properly dependent upon a parent apparatus claim and should not be objected to or rejected under 35 U.S.C. 112, fourth paragraph. See also MPEP § 608.01(n), "Infringement Test" for dependent claims. The test for a proper dependent claim is whether the dependent claim includes every limitation of the parent claim. The test is not whether the claims differ in scope. A proper dependent claim shall not conceivably be infringed by anything which would not also infringe the basic claim.

### III. INFRINGEMENT TEST

The test as to whether a claim is a proper dependent claim is that it shall include every limitation of the claim from which it depends (35 U.S.C. 112, fourth paragraph) or in other words that it shall not conceivably be infringed by anything which would not also infringe the basic claim.

A dependent claim does not lack compliance with 35 U.S.C. 112, fourth paragraph, simply because there is a question as to (1) the significance of the further limitation added by the dependent claim, or (2) whether the further limitation in fact changes the scope of the dependent claim from that of the claim from which it depends. The test for a proper dependent claim under the fourth paragraph of 35 U.S.C. 112 is whether the dependent claim includes every limitation of the claim from which it depends. The test is not one of whether the claims differ in scope.

Thus, for example, if claim 1 recites the combination of elements A, B, C, and D, a claim reciting the structure of claim 1 in which D was omitted or replaced by E would not be a proper dependent claim, even though it placed further limitations on the remaining elements or added still other elements.

Examiners are reminded that a dependent claim is directed to a combination including everything recited in the base claim and what is recited in the dependent claim. It is this combination that must be compared with the prior art, exactly as if it were presented as one independent claim.

The fact that a dependent claim which is otherwise proper might relate to a separate invention which would require a separate search or be separately classified from the claim on which it depends would not render it an improper dependent claim, although it might result in a requirement for restriction.

The fact that the independent and dependent claims are in different statutory classes does not, in itself, render the latter improper. Thus, if claim 1 recites a specific product, a claim for the method of making the product of claim 1 in a particular manner would be a proper dependent claim since it could not be infringed without infringing claim 1. Similarly, if claim 1 recites a method of making a product, a claim for a product made by the method of claim 1 could be a proper dependent claim. On the other hand, if claim 1 recites a method of making a specified product, a claim to the product set forth in claim 1 would not be a proper dependent claim if the product might be made in other ways. Note, that although 37 CFR 1.75(c) requires the dependent claim to further limit a preceding claim, this rule does not apply to product-by-process claims.

### IV.  CLAIM FORM AND ARRANGEMENT

A singular dependent claim 2 could read as follows:

2. The product of claim 1 in which . . . .

A series of singular dependent claims is permissible in which a dependent claim refers to a preceding claim which, in turn, refers to another preceding claim.

A claim which depends from a *dependent* claim should not be separated therefrom by any claim which does not also depend from said "dependent claim." It should be kept in mind that a dependent claim may refer back to any preceding independent claim. These are are the only restrictions with respect to the sequence of claims and, in general, applicant's sequence should not be changed. See MPEP § 608.01(j). Applicant may be so advised by using Form Paragraph 6.18.

### IV.  CLAIM FORM AND ARRANGEMENT

A singular dependent claim 2 could read as follows:

2. The product of claim 1 in which . . . .

A series of singular dependent claims is permissible in which a dependent claim refers to a preceding claim which, in turn, refers to another preceding claim.

A claim which depends from a *dependent* claim should not be separated therefrom by any claim which does not also depend from said "dependent claim." It should be kept in mind that a dependent claim may refer back to any preceding independent claim. These are are the only restrictions with respect to the sequence of claims and, in general, applicant's sequence should not be changed. See MPEP § 608.01(j). Applicant may be so advised by using Form Paragraph 6.18.

¶ *6.18  Series of Singular Dependent Claims*
A series of singular dependent claims is permissible in which a dependent claim refers to a preceding claim which, in turn, refers to another preceding claim.
A claim which depends from a dependent claim should not be separated by any claim which does not also depend from said dependent claim. It should be kept in mind that a dependent claim may refer to any preceding independent claim. In general, applicant's sequence will not be changed. See MPEP § 608.01(n).

During prosecution, the order of claims may change and be in conflict with the requirement that dependent claims refer to a preceding claim. Accordingly, the numbering of dependent claims and the numbers of preceding claims referred to in dependent claims should be carefully checked when claims are renumbered upon allowance.

### V.  REJECTION AND OBJECTION

If the base claim has been canceled, a claim which is directly or indirectly dependent thereon should be rejected as incomplete. If the base claim is rejected, the dependent claim should be objected to rather than rejected, if it is otherwise allowable.

Form Paragraph 7.43 can be used to state the objection.

¶ *7.43  Objection to Claims, Allowable Subject Matter*
Claim [1] objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

## 608.01(o)  Basis for Claim Terminology in Description

The meaning of every term used in any of the claims should be apparent from the descriptive portion of the specification with clear disclosure as to its import; and in mechanical cases, it should be identified in the descriptive portion of the specification by reference to the drawing, designating the part or parts therein to which the term applies. A term used in the claims may be given a special meaning in the description. No term may be given a meaning repugnant to the usual meaning of the term.

Usually the terminology of the original claims follows the nomenclature of the specification, but sometimes in amending the claims or in adding new claims, new terms are introduced that do not appear in the specification. The use of a confusing variety of terms for the same thing should not be permitted.

New claims and amendments to the claims already in the case should be scrutinized not only for new matter but also for new terminology. While an applicant is not limited to the nomenclature used in the application as filed, he or she should make appropriate amendment of the specification whenever this nomenclature is departed from by amendment of the claims so as to have clear support or antecedent basis in the specification for the new terms appearing in the claims. This is necessary in order to insure certainty in construing the claims in the light of the specification, *Ex parte Kotler*, 1901 C.D. 62, 95 O.G. 2684 (Comm'r Pat. 1901). See 37 CFR 1.75, MPEP § 608.01(i) and § 1302.01.

applicant explains that the *Jepson* format is being used to avoid a double patenting rejection over their own co-pending application, the implication that the pre- amble is admitted prior art is overcome. *Reading & Bates Construction Co. v. Baker Energy Resources Corp.*, 748 F.2d 645, 650, 223 USPQ 1168, 1172 (Fed. Cir. 1984). Compare *In re Fout*, 675 F.2d 297, 300–01, 213 USPQ 532, 535–36 (CCPA 1982) (The court held that the preamble was admitted prior art because the specification explained that Paglaro, a different inventor, had invented the subject matter described in the preamble.).

## 2131 Anticipation – Application of 35 U.S.C. 102(a), (b), and (e)

*35 U.S.C. 102. Conditions for patentability; novelty and loss of right to patent.*

A person shall be entitled to a patent unless –

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent, or

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States, or

(c) he has abandoned the invention, or

(d) the invention was first patented or caused to be patented, or was the subject of an inventor's certificate, by the applicant or his legal representatives or assigns in a foreign country prior to the date of the application for patent in this country on an application for patent or inventor's certificate filed more than twelve months before the filing of the application in the United States, or

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent, or

(f) he did not himself invent the subject matter sought to be patented, or (g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

**TO ANTICIPATE A CLAIM, THE REFERENCE MUST TEACH EVERY ELEMENT OF THE CLAIM**

"A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir. 1987). "The identical invention must be shown in as complete detail as is contained in the ... claim." *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1236, 9 USPQ2d 1913, 1920 (Fed. Cir. 1989). The elements must be arranged as required by the claim, but this is not an *ipsissimis verbis* test, i.e., identity of terminology is not required. *In re Bond*, 910 F.2d 831, 15 USPQ2d 1566 (Fed. Cir. 1990). Note that, in some circumstances, it is permissible to use multiple references in a 35 U.S.C. 102 rejection. See MPEP § 2131.01.

## 2131.01 Multiple Reference 35 U.S.C. 102 Rejections

Normally, only one reference should be used in making a rejection under 35 U.S.C. 102. However, a 35 U.S.C. 102 rejection over multiple references has been held to be proper when the extra references are cited to:

(A) Prove the primary reference contains an "enabled disclosure;"

(B) Explain the meaning of a term used in the primary reference; or

(C) Show that a characteristic not disclosed in the reference is inherent.

See paragraphs I–III below for more explanation of each circumstance.

### I. TO PROVE REFERENCE CONTAINS AN "ENABLED DISCLOSURE"

*Extra References and Extrinsic Evidence Can Be Used To Show the Primary Reference Contains an "Enabled Disclosure"*

When the claimed composition or machine is disclosed identically by the reference, an additional reference may be relied on to show that the primary reference has an "enabled disclosure." *In re Samour*, 571 F.2d 559, 197 USPQ 1 (CCPA 1978) and *In re Donohue*, 766 F.2d 531, 226 USPQ 619 (Fed. Cir. 1985) (Compound claims were rejected under 35 U.S.C. 102(b) over a publication in view of two patents. The publication disclosed the claimed compound structure while the patents taught methods of making compounds of that general class. The applicant argued that there was no motivation to combine the references because no utility was previously